1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Kenneth W. Harper
Quinn N. Plant
Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, WA  98902
509-575-0313
Attorneys for Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Firs Home Owners Association,

Plaintiff,

v.

City of SeaTac, a Municipal Corporation,

Defendant.

NO.  2:19-cv-01130-RSL

DEFENDANT'S MOTION FOR LEAVE
TO AMEND ANSWER AND
AFFIRMATIVE DEFENSES

NOTE ON MOTION CALENDAR:
DEC. 20, 2019

## I.    MOTION

Defendant City of SeaTac hereby moves pursuant to Fed. R. Civ. P. 15(a)(2) for

leave to amend its answer and affirmative defenses.  A copy of defendant's proposed

amended answer and affirmative defenses is attached at Appendix A.  The pleading is

formatted in accordance with LCR 15.  A proposed order granting this motion is attached at

Appendix B.

## II.    FACTUAL BACKGROUND

The plaintiff (herein "HOA") initiated this lawsuit in King County Superior Court

on July 3, 2019.  (Dkt. #1-2).  Defendant (herein "City") removed the lawsuit to this Court

DEFENDANT'S MOTION FOR
LEAVE TO AMEND ANSWER
AND AFFIRMATIVE DEFENSES – 1
NO. 2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

on July 22, 2019, (Dkt. #1), and answered on July 23, 2019.  (Dkt. #5).  The City also filed a motion to dismiss the complaint on September 26, 2019.  (Dkt. #17).

In response to the City's motion to dismiss, the HOA filed a motion to amend its complaint on October 14, 2019.  (Dkt. #21).  The City thereafter provided its written consent for the HOA to file its proposed first amended complaint.  (Dkt. #49-1).  The parties filed a stipulation to this effect.  (Dkt. #30).  The HOA filed its first amended complaint on October 21, 2019.  (Dkt. #29).

On October 31, 2019, the City filed a Rule 12(b)(6) motion to dismiss the first amended complaint.   (Dkt. #36).  The motion was set for hearing on November 22, 2019.  (*Id.*).  The City also filed its answer and affirmative defenses on November 1, 2019.  (Dkt. 37).

On November 22, 2019, the HOA moved to strike the affirmative defenses alleged by the City.  (Dkt. #42).  The HOA contends that the City's affirmative defenses are inadequately pled because the City has failed to provide "a factual or legal basis for [its] defenses."  (*Id.*, at 2).  The HOA's motion is noted for hearing on December 13, 2019.  (*Id.*).

The City previously advised the HOA that it may seek to amend its answer and affirmative defenses after reviewing documents provided by the HOA in response to discovery.  (*See* Dkt. #45 at p. 63).  On December 4, 2019, the HOA produced initial discovery responses.  (Dkt. #49, ¶ 4).  Documents produced by the HOA in response to the discovery were probative as to the City's affirmative defense of standing.  (*Id.*).

The City has drafted a proposed amended answer and affirmative defenses.  The amendments clarify the factual and legal basis of the City's affirmative defenses.  (Dkt. #49,

DEFENDANT'S MOTION FOR
LEAVE TO AMEND ANSWER
AND AFFIRMATIVE DEFENSES – 2
NO. 2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

¶ 4).  The amendments address and resolve the HOA's criticism that the affirmative defenses as drafted do not give the HOA fair notice of the manner in which the City intends to defend this lawsuit.

Pursuant to Fed. R. Civ. P. 15(a), the City asked for the HOA's written consent to file the amended pleadings.  (Dkt. #49-2).  In an email communication dated December 4, 2019, the HOA's legal counsel indicated that it could not provide such written consent.  (*Id.*).

The deadline for amending pleadings is June 10, 2020.  (Dkt. #20).  The HOA has not served discovery.  (Dkt. #49, ¶ 6).  No depositions have been set.  (*Id.*).  The discovery cutoff is August 9, 2020.  (Dkt. #20).

## III.   **ARGUMENT**

When the time for amendment as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.  15(a)(2).  "The standard for granting leave to amend is generous."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted).  To determine whether amendment is appropriate, the Court considers five potential factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether there has been previous amendment.  *Id.*

The Court should grant the City's motion for leave to amend its answer and affirmative defenses.  The amendments are submitted in good faith for the purpose of clarifying the legal and factual basis of the City's affirmative defenses.  (Dkt. #49, ¶ 4).  The purpose of the amendment is to resolve concerns raised by the HOA that the affirmative

DEFENDANT'S MOTION FOR
LEAVE TO AMEND ANSWER
AND AFFIRMATIVE DEFENSES – 3
NO. 2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

defenses, as plead, do not provide it with fair notice of how the City intends to defend this lawsuit. (*Id.*).

The City has not delayed the proposed amendments. Under the civil rules, the City is not required to file an answer until after its pending motion to dismiss the HOA's first amended complaint is resolved. Fed. R. Civ. P. 12(a)(4).

The City previously informed the HOA that it may seek to amend its affirmative defenses after it has received responses to discovery. (Dkt. #45 at p. 63). Having now reviewed documents provided by the HOA in response to discovery, the City is doing precisely that.

There is no prejudice to the HOA. This lawsuit is only at the pleading stage, with a Fed. R. Civ. P. 12(b)(6) motion to dismiss pending. The HOA has not served discovery and the discovery cutoff is not until August 9, 2020. (Dkt. #20). As noted above, the City's answer does not even become due until after the Court issues a decision on the pending motion to dismiss. Fed. R. Civ. P. 12(a)(4).

The amendments are not futile. They raise substantive, and likely dispositive, defenses to the HOA's claims in this lawsuit. Many of these defenses, and particularly those relating to waiver, collateral estoppel, res judicata, and improper claim splitting are raised either expressly or by implication in the pending motion to dismiss.

The HOA has not previously sought to amend its answers. When the HOA previously requested to amend its complaint, the City provided its written consent. (Dkt. #49-1). Under these circumstances, the City should be afforded leave to amend its answer and affirmative defenses.

DEFENDANT'S MOTION FOR
LEAVE TO AMEND ANSWER
AND AFFIRMATIVE DEFENSES – 4
NO. 2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

1

2                              IV.    **CONCLUSION**

3       For the foregoing reasons, the Court should grant the City leave to file the proposed

4  amended answer and affirmative defenses to the HOA's first amended complaint.

5       DATED THIS 5th day of December, 2019.

6

7                                   s/ KENNETH W. HARPER
                                    WSBA #25578
8                                   s/ QUINN N. PLANT
                                    WSBA # 31339
9                                   Menke Jackson Beyer, LLP
                                    *Attorneys for Defendant*
10                                  807 North 39th Avenue
                                    Yakima, Washington 98902
11                                  Telephone: (509) 575-0313
                                    Fax: (509) 575-0351
12                                  Email: kharper@mjbe.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    **MENKE JACKSON BEYER, LLP**
                                                         807 North 39th Avenue
29  DEFENDANT'S MOTION FOR                                 Yakima, WA  98902
    LEAVE TO AMEND ANSWER                               Telephone (509)575-0313
                                                          Fax (509)575-0351
30  AND AFFIRMATIVE DEFENSES – 5
    NO. 2:19-cv-01130-RSL

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I filed the foregoing with the Clerk of the

Court using the CM/ECF System, which will send notification of such filing to the

following:

V. Omar Barraza                          omar@barrazalaw.com
Christina L. Henry                       chenry@hdm-legal.com
Ms. Mary E. Mirante Bartolo              mmbartolo@seatacwa.gov
Mr. Mark S. Johnsen                      mjohnsen@seatacwa.gov
Mr. Brendan W. Donckers                  bdonckers@bjtlegal.com

and I hereby certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants:

None.

s/ KENNETH W. HARPER
WSBA #25578
Menke Jackson Beyer, LLP
*Attorneys for Defendant*
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: kharper@mjbe.com

DEFENDANT'S MOTION FOR
LEAVE TO AMEND ANSWER
AND AFFIRMATIVE DEFENSES – 6
NO. 2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

# Appendix A

1
2
3
4      Kenneth W. Harper
       Menke Jackson Beyer, LLP
5      807 North 39th Avenue
       Yakima, WA  98902
6      509-575-0313
7      Attorneys for Defendant
8
9                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
10
11     Firs Home Owners Association,
12                                              NO.  2:19-cv-01130
               Plaintiff,
13
14     v.                                       DEFENDANT'S AMENDED
                                                ANSWER AND AFFIRMATIVE
15     City of SeaTac, a Municipal Corporation, DEFENSES TO FIRST
                                                AMENDED COMPLAINT
16             Defendant.
17
18
19        Defendant City of SeaTac ("defendant") responds to plaintiff's first
20
21     amended complaint ("FAC") as follows:
22        Answering the introductory paragraph of the FAC, defendant is without
23
24     information or knowledge to form a belief as whether "almost all" members of
25     the Firs Home Owners Association "are Latino or Hispanic," and therefore
26     denies the same.  Defendant denies each and every other allegation of the
27
28     introductory paragraph of the FAC.
29     DEFENDANT'S AMENDED ANSWER        MENKE JACKSON BEYER, LLP
                                                 807 North 39th Avenue
       AND AFFIRMATIVE DEFENSES TO             Yakima, WA  98902
30     FIRST AMENDED COMPLAINT             Telephone (509)575-0313
                                                Fax (509)575-0351
       NO. 2:19-cv-01130-RSL - 1

## I.    Parties

1.1.    Answering paragraph 1.1 of the complaint, defendant admits the same.

1.2.    Answering paragraph 1.2 of the complaint, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.  Answering footnote no. 1 to paragraph 1.2 of the complaint, defendant admits only to the existence of legal authority, including *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), which speaks for itself, and denies each and every other allegation of said footnote.

1.3.    Answering paragraph 1.3 of the complaint, defendant admits the same.

## II.    Jurisdiction and Venue

2.1.    Answering paragraph 2.1 of the FAC, defendant admits the same.

## III.    Facts

3.1.    Answering paragraph 3.1 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 2

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

3.2     Answering paragraph 3.2 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.3     Answering paragraph 3.3 of the FAC, defendant admits only that defendant is among King County's most diverse cities.  In answer to demographic data referenced in paragraph 3.3 of the complaint, defendant admits to the existence of a 2012 presentation regarding "South King County's Changing Demographics," which speaks for itself as to content, and is without information or knowledge sufficient to form a belief as to the accuracy of said data, and therefore denies the same.

3.4     Answering paragraph 3.4 of the FAC, defendant admits only to the existence of the City of SeaTac Comprehensive Plan Land Use Background Report, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.5     Answering paragraph 3.5 of the FAC, defendant admits only to the existence of the 2013-2017 American Community Survey 5-Year Estimate, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 3

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

3.6   Answering paragraph 3.6 of the FAC, defendant admits only that Spanish is the primary language spoken by some adult heads of households located within the Firs Mobile Home Park.  Defendant is without information or knowledge sufficient to form a belief as to the truth of each and every other allegation of said paragraph, including footnote no. 2 to said paragraph, and therefore denies the same.

3.7   Answering paragraph 3.7 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.8   Answering paragraph 3.8 of the FAC, defendant admits that it is a signatory to an Interlocal Cooperation Agreement Regarding the Community Development Block Grant Program covering the 2015, 2016 and 2017 federal fiscal years, which speaks for itself as to content, and that said interlocal agreement is ongoing, and denies each and every other allegation of said paragraph.

3.9   Answering the first sentence of paragraph 3.9 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the existence of a King County Housing and Community Development

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 4

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

1
2
3
4   Program, and therefore denies the same.  Defendant admits to the existence of
5   a King County Consortium Consolidated Housing and Community
6   Development Plan, which speaks for itself as to content.  Answering the rest of
7   paragraph 3.9 of the FAC, the interlocal agreement described in answer to
8
9   paragraph 3.8 of the FAC speaks for itself as to content.   Defendant denies
10  each and every other allegation of said paragraph.
11
12          3.10   Answering the first sentence of paragraph 3.10 of the FAC,
13  defendants admits only that defendant adopted amendments to its
14  comprehensive plan in June, 2015, that the Comprehensive Plan as amended in
15
16  June, 2015 speaks for itself as to content, and to the existence of Washington's
17  Growth Management Act, Wash. Rev. Code Chapter 36.70A, which also
18  speaks for itself as to content.  Defendant denies each and every other
19
20  allegation of said paragraph.
21          3.11   Answering paragraph 3.11 of the FAC, defendant admits only to
22  the existence of the 2015-2019 Consolidated Plan of the King County
23
24  Consortium, which speaks for itself as to content, and denies each and every
25  other allegation of said paragraph.
26
27
28
29  DEFENDANT'S AMENDED ANSWER
    AND AFFIRMATIVE DEFENSES TO
30  FIRST AMENDED COMPLAINT
    NO. 2:19-cv-01130-RSL - 5

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

3.12   Answering paragraph 3.12 of the FAC, defendant is without information or knowledge sufficient to form belief as to the truth of said allegations, and therefore denies the same.

3.13   Answering paragraph 3.13 of the FAC, defendant admits only to the existence of the City of SeaTac 2015/16 biennial budget, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.14   Answering paragraph 3.14 of the FAC, defendant admits only to locating records suggesting said allegations to be accurate.  Defendant cannot independently confirm the accuracy of these records, or the truth of the allegations set forth in paragraph 3.14 of the FAC, and therefore denies the same.

3.15   Answering paragraph 3.15 of the FAC, defendant admits only that the SeaTac City Council appointed James Payne as Interim City Manager on January 19, 2016, and denies each and every other allegation of said paragraph.

3.16   Answering the first sentence of paragraph 3.16 of the FAC, defendant admits only that Washington State Representative Matt Shea was invited to make a presentation to the SeaTac City Council, which presentation

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 6

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

spoke for itself as to content, and that Riverton Heights Park is located near the Islamic Center of Seattle.  Defendant is without information or knowledge sufficient to form a belief as to who invited Representative Shea, and therefore denies the allegation that Representative Shea was invited by then-Mayor Rick Forschler.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation that Washington State Representative Matt Shea is controversial, and therefore denies the same.  Defendant denies each and every other allegation of said sentence.  Answering the second and third sentences of paragraph 3.16 of the FAC, and footnote 3 of paragraph 3.16 of the FAC, defendant admits only to the existence of an August 26, 2019, newspaper article in the <u>Inlander</u>, which speaks for itself as to content, and denies each and every other allegation of said sentences and footnote.

3.17   Answering the first sentence of paragraph 3.17 of the FAC, defendant admits only that City Manager James Payne resigned on or about April 6, 2016, and to the existence of a report from an outside investigator, Michael Griffin, which speaks for itself as to content.  Defendant denies each and every other allegation of said sentence.  Answering each and every other allegation set forth in paragraph 3.17 of the FAC, the investigator's report

DEFENDANT'S <mark>AMENDED</mark> ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 7

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

speaks for itself as to content and no response is required.  To the extent a response is required, defendant denies each and every other allegation of the second, third and fourth sentences of paragraph 3.17 of the FAC.

3.18   Answering paragraph 3.18 of the FAC, defendant admits the same.

3.19   Answering paragraph 3.19 of the FAC, defendant admits only to locating records suggesting said allegations to be accurate.  Defendant cannot independently confirm the accuracy of these records, or the truth of the allegations set forth in paragraph 3.19 of the FAC, and therefore denies the same.

3.20   Answering paragraph 3.20 of the complaint, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

3.21   Answering the first and second sentences of paragraph 3.21 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein, and therefore denies the same. Answering the third sentence of paragraph 3.21 of the FAC, defendant denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 8

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

3.22    Answering the first, third and fourth sentences of paragraph 3.22 of the FAC, defendant admits only to the existence of SeaTac Municipal Code (SMC) § 15.465.600.H, which speaks for itself as to content, and denies each and every other allegation of said sentences.  Answering the second sentence of paragraph 3.22 of the FAC, said sentence makes erroneous statements of law, to which- no response is required.  To the extent a response is required, defendant denies the same.  Answering the fifth sentence of paragraph 3.22 of the FAC, defendant admits the same.

3.23    Answering paragraph 3.22 of the FAC, defendant denies the same.

3.24    Answering paragraph 3.24 of the FAC, defendant cannot determine what the plaintiff means by "throughout the relocation process," which defendant understands to be ongoing, and therefore denies the same.

3.25    Answering paragraph 3.25 of the FAC, defendant admits only to the existence of SMC § 15.465.600.H, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.26    Answering the first and second sentence of paragraph 3.26 of the FAC, defendant admits only that the landlord sent letters in English to residents of the Firs Mobile Home Park inviting them to a meeting on July 11, 2016, at a

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 9

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

private hotel, regarding the proposed closure of the mobile home park.
Defendant denies each and every other allegation of said sentences.  Answering
the third sentence of paragraph 3.26 of the FAC, defendant admits only that
Steve Pilcher attended the meeting and denies each and every other allegation
of said sentence.  Answering the fourth, fifth and sixth sentence of paragraph
3.26 of the FAC, defendant is without information or knowledge sufficient to
form a belief as to the truth of said allegations, and therefore denies the same.

      3.27   Answering paragraph 3.27 of the complaint, defendant admits
only to a judgment entered against it by Judge Richard McDermott in *K & S
Developments, LLC v. City of SeaTac*, King County Superior Court Cause No.
12-2-40564-6, which speaks for itself as to content, and that Jeffrey Robinson
was named as a defendant.  The defendant denies the plaintiff's
characterization of the facts and ruling in that lawsuit, and further denies each
and every other allegation of said paragraph.

      3.28   Answering the first sentence of paragraph 3.28 of the FAC,
defendant admits issuing a State Environmental Policy Act (SEPA) threshold
determination of non-significance on July 22, 2016, which speaks for itself as
to content, and denies each and every other allegation of said sentence.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 10

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Answering the second sentence of paragraph 3.28 of the FAC, defendant

denies that it "failed" to provide SEPA related materials in Spanish and further

denies that it had any obligation or duty to do so.

       3.29   Answering paragraph 3.29 of the FAC, defendant admits the

same.

       3.30   Answering 3.30 of the FAC, defendant admits only that the Angle

Lake Light Rail Station opened in September 2016 and that the station is less

than one mile from the Firs Mobile Home Park.  Defendant denies each and

every other allegation of said paragraph.

       3.31   Answering the first sentence of paragraph 3.31 of the FAC,

defendant admits the same.  Answering the second, third and fourth sentences

of paragraph 3.31 of the FAC, defendant denies the same.  Answering the fifth

sentence of paragraph 3.31 of the FAC, defendant admits the same.  Answering

the sixth sentence of paragraph 3.31 of the complaint, defendant admits the

same.

       3.32   Answering paragraph 3.32 of the FAC, defendant admits the

same.

29
30

DEFENDANT'S ==AMENDED== ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 11

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

3.33    Answering the first and third sentences of paragraph 3.33 of the FAC, defendant admits the same.  Answering the second sentence of paragraph 3.33 of the FAC, defendant denies that it "failed" to provide the relocation approval letter in Spanish, denies that it "failed" to provide residents with information in Spanish about their appeal rights, and further denies that it had any obligation or duty to do either.

3.34    Answering paragraph 3.34 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein, and therefore denies the same.

3.35    Answering paragraph 3.35 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein, and therefore denies the same.

3.36    Answering the first sentence of paragraph 3.36 of the FAC, defendant admits only that individuals who purported to be residents of the Firs Mobile Home Park spoke at the regular council meeting of October 25, 2016, that their comments speak for themselves.  Defendants are without information or knowledge sufficient to form a belief as to whether these individuals were "HOA members," and therefore denies the same.  Defendant denies each and

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 12

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

every other allegation of said sentence.  Answering the second sentence of

paragraph 3.36 of the FAC, defendant denies that it "refused" to extend the

appeal deadline, and is without information or knowledge sufficient to form a

belief as to whether "many" of the families did or did not receive notice of the

approval of the relocation plan until on or about October 25, 2016, and

therefore denies the same.  Defendant denies each and every other allegation of

said sentence.

      3.37   Answering the first sentence of paragraph 3.37 of the FAC,

defendant admits only that members of the SeaTac City Council spoke at the

October 25, 2016, regular council meeting and is without information or

knowledge sufficient to form a belief as to whether residents of the Firs

considered their comments to be hostile or discriminatory, and therefore denies

the same.  Answering the second sentence of paragraph 3.37 of the FAC,

defendant denies that it "failed" to provide Spanish-language interpreters at the

October 25, 2016, regular council meeting, and further denies that it had any

obligation or duty to do so.  Defendant is without information or knowledge

sufficient to form a belief as to the truth of the allegation that this City Council

Meeting was attended by "Firs MHP residents," and therefore denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 13

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

Answering the third sentence of paragraph 3.37 of the FAC, the official minutes of the October 25, 2016, SeaTac City Council meeting speak for themselves, and no response is required. To the extent a response is required, defendant denies the same.

      3.38   Answering paragraph 3.38 of the FAC, statements by then-Acting City Manager Jose Scorcio at the October 25, 2016, regular meeting of the SeaTac City Council speak for themselves, and no response is therefore required. To the extent a response is required, defendant denies plaintiff's characterization of Mr. Scorcio's comments.

      3.39   Answering paragraph 3.39 of the FAC, statements by then-Councilmember Kathryn Campbell and then-Acting City Manager Jose Scorcio at the October 25, 2016, regular meeting of the SeaTac City Council speak for themselves, and no response is therefore required. To the extent a response is required, defendant denies the same.

      3.40   Answering paragraph 3.40 of the FAC, statements by Councilmember Tony Anderson at the October 25, 2016, regular meeting of the SeaTac City Council speak for themselves, and no response is therefore required. To the extent a response is required, defendant denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 14

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Answering footnote 4 to paragraph 3.40 of the FAC, said footnote is not directed at defendant and not response is required.  To the extent a response is required, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.41   Answering the first sentence of paragraph 3.41 of the FAC, defendant denies the same.  Answering each and every other allegation of said paragraph, statements by members of the SeaTac City Council at the October 25, 2016, regular meeting of the SeaTac City Council speak for themselves as to content, and no response is required.  To the extent a response is required, defendant admits only that former Mayor Sietkes resigned his seat and denies each and every other allegation of said sentences.

3.42   Answering paragraph 3.42 of the FAC, defendant admits only to the existence of email correspondence from Joseph Scorcio to Monica Mendoza-Castrejon dated October 30, 2016, which speaks for itself, and denies each and every other allegation of said paragraph.

3.43   Answering paragraph 3.43 of the complaint, defendant denies the same.  Defendant admits that Crisanto Medina (but not other individual

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 15

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

members of the HOA) timely appealed defendant's approval of the relocation plan.

3.44   Answering paragraph 3.44 of the FAC, defendant denies the same.

3.45   Answering paragraph 3.45 of the FAC, defendant admits only that members of the public spoke at the SeaTac City Council meeting on November 22, 2016, and that said comments speak for themselves.  Defendant denies each and every other allegation of said paragraph.

3.46   Answering the first sentences of paragraph 3.46 of the FAC, defendant admits the same.  Answering the second sentence of paragraph 3.46 of the FAC, defendant admits that King County awarded an additional $338,400 in CDBG funds and denies each and every other allegation of said sentence.  Answering the third sentences of paragraph 3.46 of the FAC, defendant admits the same.

3.47   Answering paragraph 3.47 of the FAC, defendant is without information or knowledge sufficient to form belief as to the truth of said allegations, and therefore denies the same.

3.48   Answering the first and second sentence of paragraph 3.48 of the FAC, defendant admits the same.  Answering the third and fourth sentences of

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 16

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

paragraph 3.48 of the FAC, defendant admits only that members of the public

and also Steve Pilcher spoke at the public hearing on January 19, 2017, the

comments and testimony of whom speaks for themselves.  Defendant is

without information or knowledge sufficient to form a belief as to whether any

people who spoke at the hearing were "HOA members," and therefore denies

the same.  Defendant denies each and every other allegation of said paragraph.

   3.49 Answering paragraph in 3.49 of the FAC, defendant admits only

to the existence of briefing filed by the City of SeaTac with the hearing

examiner, which speaks for itself as to content, and denies each and every other

allegation of said paragraph.

   3.50 Answering paragraph 3.50 of the FAC, defendant is without

information or knowledge sufficient to form a belief as to the truth of said

allegations, and therefore denies the same.

   3.51 Answering paragraph 3.51 of the FAC, defendant admits only to

the existence of the hearing examiner's report and decisions dated February 22,

2017, which speaks for itself as to content, and denies each and every other

allegation of said paragraph.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 17

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

3.52    Answering paragraph 3.52 of the FAC, defendant admits the same.

3.53.   Answering paragraph 3.52 of the FAC, defendant denies the same.

3.54    Answering paragraph 3.54 of the FAC, defendant denies the same.

3.55    Answering paragraph 3.55 of the FAC, defendant admits only to the existence of an order of King County Superior Court Judge Judith H. Ramseyer dated May 26, 2017, in King County Superior Court case number 17-2-07094 KNT, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.56    Answering paragraph 3.56 of the FAC, defendant lacks information or knowledge sufficient to form a belief as to the existence of any oral or written order of the King County Superior Court on May 31, 2017, and therefore denies the same.  To the extent such order may exist, the order speaks for itself as to content.  Defendant denies each and every other allegation of said paragraph.

3.57    Answering paragraph 3.57 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 18

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

3.58   Answering paragraph 3.58 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.59   Answering paragraph 3.59 of the FAC, defendant is without information or knowledge sufficient to form belief as to the truth of said allegations, and therefore denies the same.

3.60   Answering paragraph 3.60 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.61   Answering paragraph 3.61 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.62   Answering paragraph 3.62 of the FAC, defendant denies the same.

3.63   Answering paragraph 3.63 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 19

3.64    Answering paragraph 3.64 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.65    Answering paragraph 3.65 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.66    Answering paragraph 3.66 of the FAC, defendant admits only that then-Mayor Siefkes spoke at the December 12, 2017, special meeting of the SeaTac City Council and that his comments speak for themselves.  Defendant denies each and every other allegation of said paragraph.

3.67    Answering paragraph 3.67 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.68    Answering paragraph 3.68 of the FAC, defendant does not have a transcript of court proceedings on December 15, 2017, and lacks information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 20

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

3.69   Answering paragraph 3.69 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.70   Answering paragraph 3.70 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.71   Answering paragraph 3.71 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.72   Answering the first and second sentences of paragraph 3.72 of the FAC, defendant admits only to a Human Services Needs Assessment prepared for the City of SeaTac by Kone Consulting and released on or about January 9, 2018, which speaks for itself as to content.  Defendant denies plaintiff's characterization of the report's "recommendations."  Answering the third and fourth sentence of paragraph 3.72 of the FAC, defendant does not have a recording or transcript of the Special Administration and Finance Committee meeting on January 17, 2018, and is therefore without information or knowledge sufficient to form a belief as to the truth of said allegations, and

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 21

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

therefore denies the same.  Defendant admits the existence of minutes from that meeting, which speak for themselves as to content.  Defendant denies each and every other allegation of said paragraph.

3.73   Answering paragraph 3.73 of the FAC, defendant admits only to a tweet from Mayor Erin Sitterly on or about January 19, 2018, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.74   Answering paragraph 3.74 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.75   Answering paragraph 3.75 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

3.76   Answering the first and second sentences of paragraph 3.76 of the FAC, defendant admits only to the existence of the Seattle Times article referenced therein, which speaks for itself as to content, and denies each and every other allegation of said sentences.  Answering the third and fourth sentences of paragraph 3.76 of the FAC, defendant is without information or

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 22

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same.  Defendant denies that it "did not make any effort to help the HOA leverage this incredible contribution" and denies that it refused to cooperate "with the HOA to leverage these funds."

3.77   Answering paragraph 3.77 of the FAC, defendant admits only to the existence of the City of SeaTac ADA Transition Plan, dated April 27, 2018, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.78   Answering paragraph 3.78 of the FAC, defendant admits only to the existence of an oral ruling by King County Superior Court Judge LeRoy McCullough on June 7, 2018, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.79   Answering paragraph 3.79 of the FAC, defendant admits only to the existence of an oral ruling by King County Superior Court Judge LeRoy McCullough on June 7, 2018, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.80   Answering paragraph 3.80 of the FAC, defendant admits only to the existence of a written order entered by King County Superior Court Judge

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 23

LeRoy McCullough on September 19, 2018, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

3.81   Answering paragraph 3.81 of the FAC, defendant denies the same.

3.82   Answering the first sentence of paragraph 3.82 of the FAC, the term "pre-litigation tort claim" is not defined.  With the understanding that the plaintiff intended to reference a "standard tort claim form," defendant admits that the plaintiff filed said form with defendant on February 13, 2019, which form speaks for itself as to content, and denies each and every other allegation of said sentence.  Answering the second sentence of paragraph 3.82 of the FAC, defendant admits the same.

3.83   Answering the first and second sentence of paragraph 3.83 of the FAC, defendant admits the same.  Answering the third sentence of paragraph 3.83 of the FAC, defendant denies the same.  Answering the fourth, fifth and sixth sentences of paragraph 3.83 of the FAC, defendant admits only that several parties involved in the mediation reached a settlement agreement, which speaks for itself as to content.  Defendant denies each and every other allegation of said paragraph.

## IV.   Claims

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 24

4.1    Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.2    Answering paragraph 4.2 of the FAC, said paragraph sets forth general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of the Washington Law Against Discrimination (the "WLAD"), codified at Wash. Rev. Code Chapter 49.60, which speaks for itself as to purpose and content, and denies each and every other allegation of said paragraph.

4.3    Answering paragraph 4.3 of the FAC, said paragraph sets forth general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of the WLAD and case law authority interpreting and applying the WLAD, including *Blackburn v. Dept. of Soc. & Health Services*, 186 Wn.2d 250, 375 P.3d 1076 (2016), and *Howell v. Dept. of Soc. & Health Services*, 7 Wn. App. 2d 899, 436 P.3d 368 (2019), each of which speaks for itself as to content, and denies each and every other allegation of said paragraph.

4.4    Answering paragraph 4.4 of the FAC, said paragraph sets forth general statements of law and legal argument to which no response is required.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 25

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

To the extent a response is required, defendant admits only to the existence of the WLAD and case law authority interpreting and applying the WLAD, including *Blackburn* and *Taylor v. Burlington Northern Railroad Holdings, Inc.*, 193 Wn.2d 611, 44 P.3d 606 (2019), each of which speaks for itself as to content, and denies each and every other allegation of said paragraph.

4.5     Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.6     Answering the first and second sentences of paragraph 4.6 of the FAC, defendant denies the same.  Answering the third sentence of paragraph 4.6 of the FAC, defendant admits only that it used City funds to review and re-translate portions of the relocation plan translated into Spanish and denies each and every other allegation of said sentence.  Answering each and every other allegation in paragraph 4.6 of the FAC, defendant denies the same.

4.7     Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.8     Answering the first sentence of paragraph 4.8 of the FAC, defendant admits only to the existence of an oral ruling and written order by Judge McCullough, each of which speaks for itself as to content, and denies

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 26

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

each and every other allegation of said sentence.  Answering each and every

other allegation in paragraph 4.8 of the FAC, defendant denies the same.

      4.9    Defendant repeats, realleges and incorporates by reference each of

the foregoing answers.

      4.10   Answering the first, second, third and fourth sentences of

paragraph 4.10 of the FAC, defendant admits only to the existence of an oral

ruling and written order by Judge McCullough, each of which speaks for itself

as to content, and denies each and every other allegation of said sentences.

Answering each and every other allegation in paragraph 4.10 of the FAC,

defendant denies the same.

      4.11   Defendant repeats, realleges and incorporates by reference each of

the foregoing answers.

      4.12   Answering the first sentence of paragraph 4.12 of the FAC,

defendant is without information or knowledge sufficient to form a belief as to

the truth of said allegations, and therefore denies the same.  Answering each

and every other allegation in paragraph 4.12 of the FAC, defendant denies the

same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 27

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

4.13    Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.14    Answering paragraph 4.14 of the FAC, defendant denies the same.

4.15    Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.16    Answering paragraph 4.16 of the FAC, defendant denies the same.

4.17    Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.18    Answering paragraph 4.18 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, therefore denies the same.

4.19    Answering paragraph 4.19 of the FAC, said paragraph sets forth general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of RCW 2.43.010, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

4.20    Answering the first sentence of paragraph 4.20 of the FAC, said sentence sets forth general statements of law to which no response is required.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 28

To the extent a response is required, defendant admits only to the existence of RCW 2.43.020(3), which speaks for itself as to content, and denies each and every other allegation of said sentence. Answering the second sentence of paragraph 4.20 of the FAC, defendant denies the same.

4.21   Answering the first sentence of paragraph 4.21 of the FAC, defendant denies the same. Answering the second sentence of paragraph 4.21 of the FAC, the term "SEPA materials" is not defined. To the extent said term is intended to reference the threshold determination made by the City pursuant to Wash. Rev. Code Ch. 43.21C, defendant admits only that the City did not translate the threshold determination into Spanish and denied it had any obligation or duty to do so. Defendant denies each and every other allegation of said sentence. Answering the third sentence of paragraph 4.21 of the FAC, defendant denies the same.

4.22   Answering paragraph 4.22 of the FAC, defendant admits only to the existence of statements by Councilmembers Anderson and Campell at the October 25, 2016, SeaTac City Council meeting, each of which speaks for itself, and denies each and every other allegation of said paragraph.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 29

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

4.23   Answering the first two sentences of paragraph 4.23 of the FAC, said sentences contain general statements of law to which no response is required.  To the extent a response is required, the case law authority cited therein speaks for itself as to content.  Defendant denies each and every other allegation of said sentences.  Answering the third sentence of paragraph 4.23 of the FAC, defendant denies the same.

4.24   Answering paragraph 4.24 of the FAC, defendant denies the same.

4.25   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.26   Answering paragraph 4.26 of the FAC, defendant denies the same.

4.27   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.28   Answering the first sentence of paragraph 4.28 of the FAC, said sentence makes general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of SMC § 15.465.600.H, which speaks for itself as to content, and denies each and every other allegation of said paragraph.  Answering the second sentence of paragraph 4.28 of the FAC, defendant is without information or knowledge

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 30

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

sufficient to form a belief as to the truth of said allegations, and therefore

denies the same.  Answering each and every other allegation of paragraph 4.28

of the FAC, defendant denies the same.

     4.29   Defendant repeats, realleges and incorporates by reference each of

the foregoing answers.

     4.30   Answering paragraph 4.30 of the FAC, defendant denies the same.

     4.31   Defendant repeats, realleges and incorporates by reference each of

the foregoing answers.

     4.32   Answering paragraph 4.32 of the FAC, defendant denies the same.

     4.33   Defendant repeats, realleges and incorporates by reference each of

the foregoing answers.

     4.34   Answering the first sentence of paragraph 4.34 of the FAC, said

sentence makes general statements of law to which no response is required.  To

the extent a response is required, defendant admits only to the existence of

RCW 49.60.222, which speaks for itself as to content, and denies each and

every other allegation of said sentence.  Answering each and every other

allegation of paragraph 4.34 of the FAC, defendant denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 31

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

4.35   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.36   Answering paragraph 4.36 of the FAC, defendant denies the same.

4.37   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.38   Answering the first, second, third and fourth sentences of paragraph 4.38 of the FAC, defendant admits only to the existence of an oral ruling and written order by Judge McCullough, each of which speaks for itself as to content, and denies each and every other allegation of said sentences. Answering each and every other allegation in paragraph 4.38 of the FAC, defendant denies the same.

4.39   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.40   Answering the first sentence of paragraph 4.40 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, and therefore denies the same. Answering each and every other allegation in paragraph 4.40 of the FAC, defendant denies the same.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 32

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

4.41   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.42   Answering paragraph 4.42 of the FAC, defendant denies the same.

4.43   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.44   Answering paragraph 4.44 of the FAC, defendant is without information or knowledge sufficient to form a belief as to the truth of said allegations, therefore denies the same.

4.45   Answering paragraph 4.45 of the FAC, defendant admits only to the existence of interlocal agreements with King County, each of which speaks for itself as to content.  Paragraph 4.45 does not reference any specific contract by date or subject matter and defendant is therefore without information or knowledge sufficient to form a belief as to whether any particular contract or agreement with King County obligates it to comply with federal LEP policies and procedures, and therefore denies the same.

4.46   Answering the first sentence of paragraph 4.46 of the FAC, said sentence makes general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 33

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

guidance from the federal government concerning Title VI, including guidance at 72 Fed. Reg. 2732, 2751, which speaks for itself as to content, and denies each and every other allegation of said sentence. Answering the second sentence of paragraph 4.46 of the FAC, defendant denies the same.

4.47    Answering paragraph 4.47 of the FAC, said sentence makes general statements of law to which no response is required. To the extent a response is required, defendant admits only to the existence of guidance from the federal government concerning Title VI, including guidance at 72 Fed. Reg. 2732, 2751, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

4.48    Answering paragraph 4.48 of the FAC, defendant denies the same.

4.49    Answering paragraph 4.49 of the FAC, defendant admits only to the existence of statements by Councilmembers Anderson and Campbell at the October 25, 2016, SeaTac City Council meeting, each statement of which speaks for itself, and denies each and every other allegation of said paragraph.

4.50    Answering paragraph 4.50 of the FAC, said sentence makes general statements of law to which no response is required. To the extent a response is required, defendant admits only to the existence of case law

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 34

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

authority, including *Almendares v. Palmer*, 284 F. Supp. 2d 79 (N.D. Ohio 2003), which speaks for itself as to content, and denies each and every other allegation of said paragraph.

4.51   Answering the first sentence of paragraph 4.51 of the FAC, defendant denies the same.  Answering the second sentence of paragraph 4.51 of the FAC, said sentence makes general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of federal legislation, which speaks for itself as to content, and denies each and every other allegation of said sentence.

4.52   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.53   Answering paragraph 4.53 of the FAC, defendant denies the same.

4.54   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

4.55   Answering paragraph 4.55 of the FAC, defendant denies the same.

4.56   Defendant repeats, realleges and incorporates by reference each of the foregoing answers.

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 35

4.57   Answering the first and second sentences of paragraph 4.57 of the FAC, defendants deny the same.  Answering the third sentence of paragraph 4.57 of the FAC, said sentence makes general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of federal legislation, including 42 U.S.C. § 3608, which speaks for itself as to content, and denies each and every other allegation of said paragraph.

4.58   Answering the first sentence of paragraph 4.58 of the FAC, defendant admits only to the existence of contracts and agreements with King County, each of which speaks for itself as to content, and denies each and every other allegation of said sentence.  Answering the second, third and fourth sentences of paragraph 4.58 of the FAC, said sentences make general statements of law to which no response is required.  To the extent a response is required, defendant admits only to the existence of federal law and regulation, including Title 24 of the Code of Federal Regulations, which speaks for itself as to content, and denies each and every other allegation of said sentences.

4.59   Answering paragraph 4.59 of the FAC, said paragraph makes general statements of law to which  no response is required.  To the extent a

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 36

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

response is required, defendant admits only to the existence of federal law and authority, including 24 C.F.R. § 100.500 and *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), which speaks for itself as to content, and denies each and every other allegation of said paragraph.

      4.60   Answering the first sentence of paragraph 4.60 of the FAC, defendant denies the same. Answering the second sentence of paragraph 4.60 of the FAC, defendant admits only to the existence of its Comprehensive Plan, which speaks for itself as to content, and denies each and every other allegation of said sentence. Answering the third sentence of paragraph 4.60 of the FAC, defendant denies the same.

      4.61   Answering paragraph 4.61 of the FAC, defendant denies the same.

      4.62   Answering paragraph 4.62 of the FAC, defendant denies the same.

## V.    Damages

      5.1.   Answering paragraph 5.1 of the complaint, defendant denies the same.

## VI.    Plaintiff's Request For Relief

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 37

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

6.1.    Answering paragraph 6.1 of the complaint, including all subparts thereto, defendant denies the same, and further denies that plaintiff is entitled to any of the relief sought therein.

6.2.    Except to the extent specifically admitted above, defendant denies all remaining allegations of the complaint.

## VII.   Affirmative Defenses

By way of further answer and its first affirmative defenses, defendant City of SeaTac alleges as follows:

1.      Plaintiff has failed to state a claim upon which relief can be granted for reasons including but not limited to those set forth in defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff's first amended complaint (Dkt. #36).

2.      Plaintiff's claims are barred in whole or in part by justification, privilege, and or legislative immunity and/or other forms of immunity in favor of defendant's actions in furtherance of its rights and obligations under the law, and plaintiff's claims are contrary to public policy.

23.      Some or all of plaintiff's claims are barred by res judicata or collateral estoppel (claim and/or issue preclusion) relating to or arising from

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 38

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

the lawsuit styled *Medina et al. v. City of SeaTac et al.*, King County Superior Court case number 17-2-07094-7 KNT.

3.     Some or all of plaintiff's claims are barred by collateral estoppel relating to or arising from the lawsuit styled *Medina et al. v. City of SeaTac et al.*, King County Superior Court case number 17-2-07094-7 KNT.

4.     Plaintiff lacks representational standing because it seeks to recover damages on behalf of its members rather than injunctive or declaratory relief.  Plaintiff lacks organizational standing because it was formed in October 2016 for the purpose of challenging an administrative land use decision.

5.     ~~Some or all of p~~Plaintiff's claims are barred under the doctrines of ~~laches,~~ waiver~~, or unclean hands~~ because plaintiff and its members voluntarily agreed to move out of the Firs Mobile Home Park.

~~6.     Plaintiff's claims are barred by applicable statutory definitions in the laws upon which plaintiff's claims are based because the complained-of allegations are not within the scope of said statutes.~~

6~~7~~.     Plaintiff's claims are barred under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny because defendant possesses

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT NO. 2:19-cv-01130-RSL - 39

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

legitimate non-discriminatory grounds for all actions challenged by plaintiff herein.

78. Plaintiff's claims are barred because they arise out of improper claim splitting, circuity of action, and the prior pending action styled *Medina et al. v. City of SeaTac et al.*, King County Superior Court case number 17-2-07094-7 KNT.

89. ~~Some or all of plaintiff's claims are barred by the applicable statute of limitations.~~ Claims under the Fair Housing Act arising from conduct of the City alleged to have occurred prior to July 3, 2017, are barred by the statute of limitations applicable to such claims. 42 U.S.C. § 3613(a). Claims under the Washington Law Against Discrimination arising from conduct of the City alleged to have occurred prior to July 3, 2016, are barred by the statute of limitations applicable to such claims. RCW § 4.16.080(2).

9~~10~~. Some or all of plaintiff's claims are not ripe because the City's decision to approve the relocation plan is currently on appeal in *Medina et al. v. City of SeaTac et al.*, King County Superior Court case number 17-2-07094-7 KNT, and is therefore stayed pursuant to SMC § 15.465.600.H.2.g. Some or

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 40

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

all of plaintiff's claims are also not ripe because many HOA members continue to live at the Firs Mobile Home Park, which has not closed.

## IX.   Prayer for Relief

WHEREFORE, defendant having fully answered plaintiff's complaint and having asserted its affirmative defenses, prays as follows:

1.    For dismissal of plaintiff's complaint with prejudice;

2.    For an award of all reasonable costs and reasonable attorneys' fees incurred herein as may be recovered by applicable law;

3.    For such other and further relief as the Court deems just and equitable.

DATED THIS ___ st day of December, 2019.

> s/ KENNETH W. HARPER
> WSBA #25578
> Menke Jackson Beyer, LLP
> *Attorneys for Defendant*
> 807 North 39th Avenue
> Yakima, Washington 98902
> Telephone: (509) 575-0313
> Fax: (509) 575-0351
> Email: kharper@mjbe.com

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 41

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019, I filed the foregoing with the

Clerk of the Court using the CM/ECF System, which will send notification of

such filing to the following:

V. Omar Barraza                    omar@barrazalaw.com
Christina L. Henry                 chenry@hdm-legal.com
Ms. Mary E. Mirante Bartolo        mmbartolo@seatacwa.gov
Mr. Mark S. Johnsen                mjohnsen@seatacwa.gov

and I hereby certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants:

None.

s/ KENNETH W. HARPER
WSBA #25578
Menke Jackson Beyer, LLP
*Attorneys for Defendant*
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: kharper@mjbe.com

DEFENDANT'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
NO. 2:19-cv-01130-RSL - 42

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

# Appendix B

1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8

9   FIRS HOME OWNERS ASSOCIATION,

10              Plaintiff,                    No. 2:19-cv-01130-RSL

11   v.                                      **ORDER GRANTING MOTION**
                                             **FOR LEAVE TO AMEND**
12   CITY OF SEATAC, a Municipal             **DEFENDANT'S ANSWERS AND**
     Corporation,                            **AFFIRMATIVE DEFENSES TO**
13                                           **FIRST AMENDED COMPLAINT**
14              Defendant.

15

16        THIS MATTER HAVING COME BEFORE THE COURT upon defendant's motion for

17   leave to amend defendant's Answers and Affirmative Defenses to First Amended Complaint

18   (Dkt.#37).

19        The Court, having considered the motion, court file and records, finds good cause and

20   hereby GRANTS defendant's motion.

21        Defendant shall file the Amended Answer and Affirmative Defenses to First Amended

22   Complaint within three (3) days of the date of this Order.

23        The clerk is ordered to provide copies of this order to all counsel.

24        Dated this ____ day of _____, 2019

25

26

27   PROPOSED ORDER ON MOTION FOR LEAVE TO          **MENKE JACKSON BEYER, LLP**
     AMEND DEFENDANT'S ANSWER AND                   807 NORTH 39TH AVENUE
     AFFIRMATIVE DEFENSES TO FIRST AMENDED          YAKIMA, WA 98902
     COMPLAINT - 1                                  Telephone (509)575-0313
     (No. 2:19-cv-1130-RSL)                         Fax (509)575-0351

1

2          _____
           HON. ROBERT S. LASNIK
3          UNITED STATES DISTRICT JUDGE

4     Presented by:

5     /s/KENNETH W. HARPER
      WSBA #25578
6     /s/QUINN N. PLANT
      WSBA #31339
7     Menke Jackson Beyer, LLP
      Attorneys for Defendant City of SeaTac
8     807 North 39th Avenue
      Yakima, Washington 98902
9     Telephone: (509) 575-0313
      Email: kharper@mjbe.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    PROPOSED ORDER ON MOTION FOR LEAVE TO              **MENKE JACKSON BEYER, LLP**
      AMEND DEFENDANT'S ANSWER AND                       807 NORTH 39TH AVENUE
      AFFIRMATIVE DEFENSES TO FIRST AMENDED              YAKIMA, WA 98902
      COMPLAINT - 2                                      Telephone (509)575-0313
      (No. 2:19-cv-1130-RSL)                             Fax (509)575-0351