Kenneth W. Harper
Quinn N. Plant
Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, WA 98902
509-575-0313
Attorneys for Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Firs Home Owners Association,<br><br>Plaintiff,<br><br>v.<br><br>City of SeaTac, a Municipal Corporation,<br><br>Defendant. | NO. 2:19-cv-01130<br><br>DEFENDANT CITY OF SEATAC'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (Dkt. #42). |

## I. INTRODUCTION

Defendant City of SeaTac does not oppose the plaintiff's motion as it relates to several affirmative defenses alleged by the City. In an effort to clarify the factual and legal basis of its affirmative defenses, the City has filed a motion for leave to amend its answer and affirmative defenses. (Dkt. #48). The motion is noted for hearing on December 20, 2019. (*Id.*). The Court should grant the City's motion and deny the HOA's motion (Dkt. #42) as moot.

In the alternative, the Court should adjudicate the HOA's motion to strike the City's affirmative defenses and, if granted in whole or in part, grant the City leave to amend its answer and affirmative defenses.

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 1
2:19-cv-01130-RSL

## II. BACKGROUND

The HOA filed its first amended complaint on October 21, 2019. (Dkt. #25). The City filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on October 31, 2019, set for hearing on November 22, 2019. (Dkt. #36). The City also filed an answer and affirmative defenses on November 1, 2019. (Dkt. 37).

On November 22, 2019, the HOA moved to strike the affirmative defenses alleged by the City. (Dkt. #42).

On December 5, 2019, the City filed a motion to amend its answer and affirmative defenses. (Dkt. #48). The City's motion is noted for hearing on December 20, 2019. (*Id.*). The amendments proposed by the City clarify the factual and legal basis of the City's affirmative defenses in this lawsuit. (Dkt. #49, ¶ 4).

## III. RESPONSE ARGUMENT

### A. Standard of review.

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

A defense is insufficient if it is unsupported by any facts that would entitle the defendant to relief. *City of Seattle v. Monsanto Co.*, 387 F. Supp. 3d 1141, 1163 (W.D. Wash. 2019) (citation omitted). Immaterial matter is that which has no essential or

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 2
2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

important relationship to the claim for relief or the defenses being pleaded, and impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* (citation omitted).

Motions to strike affirmative defenses are "disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege." *Barria v. Yu*, 2009 WL 10681521 at *1 (S.D. Cal. Sept. 29, 2009); *also Cellular v. Vanguard Cellular Sys., Inc.*, 810 F. Supp. 486, 499-500 (S.D.N.Y. 1992) ("If there is any doubt whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied ....").

**B.  The Court should grant the City's motion to amend its answer and affirmative defenses (Dkt. #48) and deny the HOA's motion as moot.**

The City has moved for leave to amend its answer and affirmative defenses. (Dkt. #48). The amendments proposed by the City clarify the legal and factual basis of the City's affirmative defenses. For reasons set forth in Dkt. #48, the Court should grant the City's motion for leave to amend its answer and affirmative defenses and deny the pending motion (Dkt. #42) as moot.

**C.  The City does not oppose the HOA's motion insofar as it relates to some affirmative defenses plead by the City.**

The City does not oppose the HOA's motion to strike affirmative defenses designated as number 2 (Dkt. #37 at p. 38 ("Plaintiff's claims are barred in whole or in part by justification, privilege, and or legislative immunity . . . )) and number 6 (*Id.*, at p. 39 ("Plaintiff's claims are barred by applicable statutory definitions in the laws upon which

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 3
2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

plaintiff's claims are based . . . )). These affirmative defenses have been omitted from the City's proposed amended answer and affirmative defenses. (Dkt. #48 at p. 45-46).

The City also does not oppose the HOA's motion to strike insofar as it concerns the affirmative defenses of laches and unclean hands, both of which are included as part of affirmative defense number 5. (Dkt. #37 at p. 39). These affirmative defenses have also been omitted from the City's proposed amended answer and affirmative defenses. (*See* Dkt. #48 at p. 46).

The City reserves its right to seek leave to amend its affirmative defenses in the future should discovery indicate a need to re-assert these affirmative defenses.

**D.    The affirmative defenses as pled provide the HOA with fair notice of the manner in which the City intends to defend itself in this lawsuit.**

The key to determining the sufficiency of the pleading of an affirmative defense is whether it gives the plaintiff "fair notice" of the defense. *United States v. Center for Diagnostic Imaging, Inc.*, 2011 WL 6300174 at *2 (W.D. Wash. Dec. 16, 2011). This is something less than the specificity required of a complaint under *Twombly* and *Iqbali*. *Id.* (citation omitted).

The City at affirmative defense number 8 identifies as a factual basis underlying the affirmative defense the pending lawsuit involving the HOA and the City styled *Medina et al. v City of SeaTac et al.*, King County Superior Court case number 17-2-07094 KNT. (Dkt. #37 at p. 39). This reference provides the factual background to the City's contention in affirmative defense number 3 that some or all of the HOA's claims are barred by res judicata or collateral estoppel (*Id.*, at p. 38) as well as affirmative defense number 10 that some or all

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 4
2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

of the HOA's claims are not ripe. (*Id.*, at p. 39). Finally, the HOA's decision to settle some of the claims it alleged in that lawsuit and its members' decision to voluntarily move out of the mobile home park, as described in paragraph 3.83 of the first amended complaint (Dkt. #25 at p. 22) is likewise informative as to the City's waiver defense at affirmative defense number 5. (Dkt. #37 at p. 35). The HOA is on notice of the nature of these defenses.

The HOA cannot plausibly claim uncertainty as to the nature of the HOA's statute of limitations defense, asserted as affirmative defense number 9. (*Id.*). The HOA has alleged claims arising under two laws, the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and the Washington Law Against Discrimination, Ch. 49.60 RCW. Claims under both laws are governed by applicable statutes of limitations. *See* 42 U.S.C. § 3613(a); RCW § 4.16.080(a). The first amended complaint speaks for itself as to the dates upon which alleged wrongful acts occurred, and no additional factual or legal reference is required to put the HOA on notice that applicable statutes of limitations may bar some or all if its claims.

The same may be said for the City's standing defense. The allegations in the HOA's complaint demonstrate an absence of standing. The HOA request to recover damages incurred by its members precludes representational standing. *See Washington Legal Found. v. Legal Found. of Washington*, 271 F.3d 835, 850 (9th Cir. 2001), *aff'd*, 538 U.S. 216 (2003). Allegations that the HOA was formed for the purpose of challenging the land use decision at issue in this lawsuit may be dispositive as to organizational standing. *See Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 5
2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

Cir. 2012). The affirmative defense need not merely repeat the HOA's own allegations as a means of explaining the affirmative defenses.

Finally, the City's affirmative defense number 7 at Dkt. #37 at p. 39 ("Plaintiff's claims are barred under *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (9173) . . .") was elaborated on in the City's motion to dismiss, (Dkt. #36) including particularly its reply memorandum. (*See* Dkt. #43 at p. 4-7). The HOA has fair notice of the manner in which the City intends to defend itself under this theory.

The HOA's criticisms of the City's affirmative defenses are largely without merit.

**5.    To the extent the HOA's motion is granted, the City requests leave to amend its answer and affirmative defenses.**

Should the Court be inclined to grant the HOA's motion in whole or in part, the City should be allowed to amend its affirmative defenses. Leave to amend stricken pleadings is freely granted unless it would cause prejudice to the opposing party. *Employee Painters' Trust v. Pacific Northwest Contractors, Inc.*, 2013 WL 1774628 at *3 (W.D. Wash. April 25, 2013).

This lawsuit is only at the pleading stage, with a Fed. R. Civ. P. 12(b)(6) motion to dismiss pending. The HOA has not served discovery. (Dkt. #49 at 2). The discovery cutoff is not until August 9, 2020. (Dkt. #20). Under the civil rules, the City's answer does not even become due until *after* the Court issues a decision on the pending motion to dismiss. Fed. R. Civ. P. 12(a)(4). Under these circumstances, there would be no prejudice to the HOA.

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 6
2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the City's motion for leave to amend its answer and affirmative defenses and deny the HOA's motion as moot. In the alternative, the Court should adjudicate the motion and grant the City leave to amend its answer and affirmative defenses.

DATED THIS 9th day of December, 2019.

        s/ KENNETH W. HARPER
        WSBA #25578
        s/ QUINN N. PLANT
        WSBA #31339
        Menke Jackson Beyer, LLP
        *Attorneys for Defendant*
        807 North 39th Avenue
        Yakima, Washington 98902
        Telephone: (509) 575-0313
        Fax: (509) 575-0351
        Email: kharper@mjbe.com

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 7
2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| V. Omar Barraza | omar@barrazalaw.com |
| Christina L. Henry | chenry@hdm-legal.com |
| Ms. Mary E. Mirante Bartolo | mmbartolo@seatacwa.gov |
| Mr. Mark S. Johnsen | mjohnsen@seatacwa.gov |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/ KENNETH W. HARPER
WSBA #25578
s/ QUINN N. PLANT
WSBA #31339
Menke Jackson Beyer, LLP
*Attorneys for Defendant*
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: kharper@mjbe.com

DEFENDANT CITY OF SEATAC'S
RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES - 8
2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351