UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIRS HOME OWNERS ASSOCIATION,

    Plaintiff,

    v.

CITY OF SEATAC,

    Defendant.

NO. C19-1130RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

This matter comes before the Court on "Plaintiff's Motion to Strike Affirmative Defenses of the City of SeaTac." Dkt. # 42. Defendant was granted leave to amend its answer in an attempt to correct certain deficiencies identified by plaintiff: the Court has therefore considered plaintiff's motion to strike in the context of the amended pleading, Dkt. # 56 at 38-40.

Plaintiff seeks dismissal of defendant's affirmative defenses on the grounds that they (i) are not proper affirmative defenses or (ii) are inadequately pled. The Court agrees that Affirmative Defenses # 1 and # 6 (Dkt. # 56 at 38-39) are improper in that they simply assert that plaintiff will be unable to prove its claims. Those defenses are hereby STRICKEN.

With regards to the sufficiency of the pleading, the Court finds that the language of Fed. R. Civ. P. 8(c), the fact that a defendant is not required to show that it is entitled to relief when pleading an affirmative defense, the short time frame in which defendant must investigate

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES- 1

plaintiff's accusations and file a response, and the form answer provided in the Federal Rules for an affirmative defense all militate against imposing the heightened pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), on affirmative defenses. Nevertheless, the answer, when read in conjunction with the allegations of plaintiff's complaint and other matters in the record, must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Defendant's affirmative defense of waiver is lacking even under this more relaxed standard: it remains unclear how moving out of the Firs Mobile Home Park constitutes a voluntary and knowing relinquishment of the claims asserted in this litigation. Affirmative Defense # 5 is therefore STRICKEN with leave to amend.

The remainder of the affirmative defenses are proper defenses and give plaintiff fair notice of the facts on which they are based.

For all of the foregoing reasons, plaintiff's motion to strike the affirmative defenses is GRANTED in part.

Dated this 23rd day of March, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES- 2