THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| FIRS HOME OWNERS ASSOCIATION,<br><br>      Plaintiff,<br><br> v.<br><br>CITY OF SEATAC,<br><br>      Defendant. | No. C19-1130RSL<br><br>MOTION TO CONTINUE THE TRIAL DATE AND RELATED DEADLINES FOR SIX MONTHS<br><br>Note on Motion Calendar:<br>AUGUST 21, 2020 |

## I. INTRODUCTION AND RELIEF REQUESTED

The Firs Homeowners Association respectfully requests that the Court continue the trial date and related case schedule by six months. A proposed order is attached hereto.

This case was brought by the 48 households comprising the Firs HOA. Firs HOA members allege that the City of SeaTac violated their civil rights while ushering forward a development project that will demolish their homes and community and depriving them of basic rights to access and petition their government. Under Local Civil Rule 16(b)(6), the Court may modify an existing case schedule for good cause. Good cause supports continuing the case schedule here because the Firs HOA and its counsel have been diligent in obtaining and producing discovery but their efforts to complete it have been delayed and complicated by the outbreak of COVID-19.

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 1
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Over the past five months, Firs HOA members and their counsel have collected, reviewed, and produced thousands of pages of discovery, and reviewed more than 22,000 pages of documents, audio files, and video files produced by SeaTac. No deposition of any witnesses occurred until July 21, 2020, just two weeks before the discovery cutoff set forth in the current case scheduling order. These depositions were delayed because it took longer than expected to review the voluminous record and the outbreak and the Governor's stay-at-home order limited the ability of Plaintiff's counsel to work remotely. The Governor's order also prevented in-person depositions and the Defendant refused – until June of this year – to even stipulate to remote depositions. At the time of this motion, *both* parties are still in the process of exchanging documents and scheduling additional depositions.

A six-month continuance of all pretrial related deadlines will ensure the remaining discovery can be accomplished in an orderly process. Although Defendant opposes this extension, it has failed to identify any prejudice, despite Plaintiff's continued requests that it do so. Plaintiff has raised the issue of continuing the schedule for months as a solution to the unprecedented obstacles delaying the litigation of this case. Increasingly, SeaTac has resorted to gamesmanship, initially agreeing to a seven-week extension for discovery, but then abruptly, and without explanation, reneging. SeaTac then agreed to utilize the expedited procedures under LCR 37 for resolution of this issue, but reneged on that too.

This is the first and only request either party has brought to the Court for a scheduling extension. A limited continuance of the trial date and case schedule is consistent with the series of orders already issued by this Court continuing civil jury trials in light of the outbreak of COVID-19. *See* General Order Order Nos. 01-20, 02-20, 03-20, 07-20, and 08-20.

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 2
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## II. PERTINENT FACTS

### A. Plaintiff has exercised diligence in conducting discovery despite Covid-19

The 48 households of the Firs HOA brought this suit alleging that the City of SeaTac violated state and federal civil rights laws when it hastily approved a relocation plan that destroyed their community and took efforts to obstruct and impair HOA members from accessing and petitioning the city for redress. The members of the Firs HOA are Spanish-speaking, working-class families, many of whom work multiple jobs and have young children attending local schools. Many of these families have resided in the Firs Mobile Home Park for more than decade and, over the last few years, their cause has generated significant media attention.

On March 23, 2020, the Court denied SeaTac's Rule 12 motion to dismiss and ruled that most of the claims brought by Firs members under Washington's Law Against Discrimination and the federal Fair Housing Act were viable. Dkt. No. 53.[1]

Under the current scheduling order, the case is set for a jury trial on December 7, 2020. Dkt. No. 20. Discovery must be completed by August 9. *Id.* The case schedule was entered on September 30, several months before the outbreak of COVID-19. The outbreak delayed discovery and the parties' ability to conduct depositions until late July. Neither party will complete discovery by cutoff date of August 9. Declaration of Brendan W. Donckers at ¶6.

Plaintiff has been diligent in trying to meet the August 9 cutoff date. An initial set of discovery was served on December 30, 2019. Donckers decl. at ¶1. Defendant responded in late January, and has since made several supplemental productions, including one on June 11 and another on July 16. *Id.* To date, the Defendant has produced more than 22,000 pages of documents, as well as audio and video files. *Id.*

---

[1] The Court dismissed Plaintiff's disparate impact claim and aiding and abetting claim. *Id.*

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 3
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Plaintiff's counsel has been reviewing this information for months and is still doing so to determine whether the production is complete. *Id.*

Meanwhile, Plaintiff's counsel has collected, reviewed, and produced thousands of pages of documents from Firs members and various third parties. It has been difficult to collect and review these documents because Firs members are confronting a range of issues arising from the total loss and demolition of their homes. These families are struggling to find available affordable housing in a location that allows them to maintain their vocations and satisfies the unique educational needs of their children, while also complying with onerous requirements under the state's relocation program. Declaration of Vicente Omar Barraza at ¶¶3-4.[2] Plaintiff's counsel have provided significant support and assistance to members of the Firs HOA through this process, collecting, producing, verifying, and tracking documents and information on behalf of each of them. *Id.* Various forms of these documents have been sent to the Department of Commerce and to the Defendant in response to SeaTac's discovery requests. *Id.*

Much of this work occurred during the months of March and April of 2020, while COVID-19 infections peaked across Western Washington, and particularly affecting the elderly and working class Spanish-speaking populations like members of the Firs HOA. Barraza decl. at ¶¶5-8. Even though Mr. Barraza himself suffers from a compromised immune system, he assumed great risk to advance this case and the cause the Firs community by meeting personally with 39 of the Firs households during this time. Barraza decl. at ¶8.

For a time, the COVID-19 outbreak complicated access to the discovery produced in this case. Donckers decl. at ¶3; *see also* Declaration of Christina Henry at

---

[2] Plaintiff's counsel has volunteered to be the 'point-persons' for these 48 families throughout the process, with lead counsel, Mr. Barraza, managing it for 42 households, and Mr. Donckers managing it for the other six households. Barraza decl. at ¶¶3-8; Donckers decl. at ¶2.

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 4
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  ¶4. This includes the more than 22,000 pages of documents produced by SeaTac that
2  is stored on firm servers. The transition to remote work took several months because
3  Plaintiff's counsel needed to obtain necessary equipment and technological support
4  from third-party vendors. *Id.*[3]

5  In the months following the COVID-19 outbreak, Plaintiff's counsel were able to
6  make necessary adjustments to facilitate working remotely and Mr. Barraza's staff is
7  largely back at work. Donckers decl. at ¶3. It is expected that these adjustments will
8  facilitate future discovery and compliance with an adjusted case schedule. *Id.* But all
9  of these factors delayed depositions and it is the need for additional deposition
10 testimony from other city officials that is the most pressing information outstanding at
11 this time. *Id.* at ¶4.

12 It is telling that neither Plaintiff *nor* Defendant conducted any depositions until
13 the week of July 20, 2020. Barraza decl. at ¶11; Donckers decl. at **Ex 1**. The first
14 deposition was taken by Defendant on July 21, just a few weeks before the August 9
15 discovery cutoff. *Id.* This is partially attributable to the Defendant's refusal to even
16 agree to remote depositions. *Id.* at ¶5. The Defendant's opposition to conducting
17 depositions remotely was unreasonable, particularly in light of the risk in-person
18 depositions posed to all involved. *Id.* Again, it is telling that the Defendant did not file
19 a stipulation memorializing this concession until the end of June. *See* Dkt. No. 62
20 (stipulation filed June 29, 2020).

21 Following the Defendant's July 21, 2020 deposition of Plaintiff, Plaintiff deposed
22 former Mayor Rick Forschler on July 22 and former city councilmember Kathryn
23 Campbell on July 23. Donckers decl. at ¶5. These depositions made clear how

---

[3] For awhile, Mr. Barraza was unable to access his own email archives and experienced significant delays from his technology vendor; this delayed the production of documents and follow-up communications with Firs members. Barraza decl. at ¶¶8-10. The statewide shutdown also required Mr. Barraza to temporarily lay off his own staff, further reducing capacity. *Id.* at ¶8.

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 5
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

essential additional depositions of former and/or current SeaTac city councilmembers were to proving discriminatory conduct, including those of Pam Fernald and Tony Anderson which Plaintiff intends to do on August 26 and August 28, respectively.  *Id.* at ¶6.  Plaintiff intends to depose Defendant's Rule 30(b)(6) representative on August 27 and to additional conduct depositions of other city officials on mutually acceptable dates in September and October.  *Id.*  Plaintiff expects these depositions to include former city councilmembers Erin Sitterly, Mike Siefke, and Joel Wachtel, as well as city staff, including city manager Joe Scorcio, the director of the city Department of Community and Economic Development, Steve Pilcher, and Planning Manager, Jeffrey Robinson.  *Id.*  The depositions Plaintiff took on July 22 and July 23 also made clear that a jury would likely find testimony from an expert witness on implicit bias and microaggressions helpful in understanding and evaluating Plaintiff's discrimination claims.[4]

     Even if the Court permits this additional discovery to be conducted, it is unclear whether the Defendant will facilitate these depositions.  SeaTac's counsel told Plaintiff's counsel that some of the former councilmembers are "out of state" and it is unknown at this time whether SeaTac will cooperate by providing contact information for all of these witnesses or will instead require Plaintiff to hire a third-party investigator.  *Id.*  To accommodate these unknowns, a six-month extension of the case schedule will ensure the remaining discovery can be conducted in a reasonable and orderly fashion.  Barraza decl. at ¶15.

---

[4] The deadline for expert disclosure under the current deadline expired on June 10, 2020.  Dkt. No. 20. This deadline passed more than a month before either party conducted any depositions.  Based on the testimony from Mr. Forschler and Ms. Campbell, Plaintiff is also considering an expert to discuss SeaTac's obligation to follow federal fair housing laws as a condition of receiving federal funds. Donckers decl. at ¶6.

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 6
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

B. **Defendant's opposition is gamesmanship**

Defendant's opposition to a continuance of *any kind* is not well-taken.  As early as May of this year, Plaintiff's counsel began identifying issues complicating discovery in this case.   Donckers decl. at **Ex. 2**; Barraza decl. at ¶11.  At the same time, Plaintiff proposed stipulating to a continuance.  Donckers decl. at ¶7.  Defendant refused to agree to one and did not explain why.  *Id.*  Plaintiff continued raising the issue throughout June but Defendant refused to agree to any compromise.  *Id.*

On July 17, Plaintiff proposed a three-month continuance of discovery.  Donckers decl. at ¶7.  Defendant refused but proposed a seven-week extension, to September 30, 2020.  *Id.*  Plaintiff expressed concern that this would not be enough time and proposed one more month.  *Id.*  When Plaintiff asked the Defendant to explain what prejudice would result from one more month, SeaTac objected to any extension and demanded production of a Rule 30(b)(6) witness in just a few days.  *Id.*  The notice contained the same topics to which Plaintiff's witness already testified.  *Id.*

On July 20 and July 28, the parties again conferred on the subject of a continuance.  Donckers decl. at ¶8.  On July 28, Plaintiff proposed that the parties resolve the issue through the Court's expedited procedures set forth in LCR 37.  *Id.*  The parties had already pledged to use the Court's expedited procedures under LCR 37 in the Joint Status Report.  *See* Dkt. No. 19 at V(D).  During the July 28 conference, Plaintiff reminded the Defendant that, just weeks earlier, it had requested that Plaintiff agree to resolve another discovery issue through the Court's expedited process and Plaintiff had agreed to cooperate.  *Id.*  In response, Defendant's counsel stated "OK."  *Id.*  The conference ended when Plaintiff's counsel confirmed that the only issue of dispute remaining was whether the Defendant would agree to a continuance so the parties can avoid intervention of the Court.  *Id.*  Defendant's counsel agreed.  *Id.*

PLAINTIFF'S MOTION TO CONTINUE THE TRIAL DATE AND RELATED DEADLINES FOR SIX MONTHS - 7
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

On July 29, the following day, Defendant's counsel reiterated its opposition to any continuance *at all*. Donckers decl. at ¶8. Plaintiff then served its LCR 37 submission on the Defendant. *Id.* But on July 30, Defendant's counsel reneged on its agreement to use the procedures set forth in LCR 37 and told Plaintiff's counsel that they would need to file a motion under the regular schedule. *Id.* at ¶9.[5]

The Defendant's decision to send this communication at the end of the day on a Thursday was tactical, with the clear intent of both depriving Plaintiff of an expedited decision under LCR 37 and giving the Defendant additional time to oppose Plaintiff's motion under the regular procedures of LCR 7. *Id.* at ¶9. The Defendant not only misled Plaintiff on July 28 but took advantage of LCR 37 to obtain advance review of a motion that Plaintiff would then need to file on a regular calendar. *Id.* This is bad faith because the Defendant had already agreed to use LCR 37 to resolve discovery disputes, Dkt. No. 19 at V(D), had initiated this process several weeks earlier (without objection from Plaintiff), and agreed to use it again on during the meet and confer on July 28. The Defendant's gamesmanship prevented an efficient use of resources to bring the issue before the Court under LCR 37. *Id.* This 'end-of-day' communication also prevented Plaintiff from filing a regular motion on July 30 that could be noted for August 14. Instead, SeaTac's timing resulted in the present motion having to be filed the following week, and noted for consideration on August 21. *Id.*

Plaintiff has strived to address whatever concerns the Defendant may have about continuing the case schedule, and repeatedly requested that the Defendant explain what prejudice, if any, results from an extension. *Id.* at ¶10. After months of discussing the issue, and several 'meet and confers' among counsel, the Defendant

---

[5] Defendant's counsel also asserted that the motion was "incomplete" because the declarations cited in the motion were not produced, but LCR 37(a)(2) does not require the production of the underlying declarations; Plaintiff cited to the declarations in the motion, which tracked what the declarations stated. *Id.* at ¶9. LCR 37 does not even require this, but Plaintiff did so as a courtesy. *Id.*

PLAINTIFF'S MOTION TO CONTINUE THE TRIAL DATE AND RELATED DEADLINES FOR SIX MONTHS - 8
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

has not identified any prejudice.  *Id.*  Indeed, it is difficult to imagine what prejudice would result, given the unlikelihood that a civil jury trial in this case will proceed as scheduled in December.  *See* General Order Order Nos. 01-20, 02-20, 03-20, 07-20, and 08-20 (orders continuing civil jury trials in light of the Covid-19 outbreak).

      A refusal to cooperate has extended beyond discovery.  Plaintiff recently proposed the parties attempt to resolve the case through mediation.  Donckers decl. at ¶11.  This request was rejected outright and without explanation.  *Id.*  On July 22, Defendant attempted to sabotage Plaintiff's deposition of former SeaTac mayor and city councilmember Rick Forschler when it withheld disclosure that the witness refused to appear by video for a properly noted video deposition.  *Id.* at ¶12.  Even though Defendant's counsel had agreed, just a few weeks earlier to conduct depositions in this case by video, he failed to provide notice to Plaintiff's counsel that Mr. Forschler intended to participate by telephone only.  *Id.*; *see also* Dkt. No. 62.  This caused delay and unnecessary additional costs to Plaintiff.  *Id.* at ¶12.[6]

      Plaintiff is increasingly concerned about the Defendant's commitment to resolve disputes cooperatively, with professionalism, and in good faith.  In order to ensure there is sufficient time to complete the remaining depositions and discovery in an orderly fashion – and sufficient time to bring future issues to the Court's attention if necessary – Plaintiff  respectfully requests the Court continue the trial date in this matter for six months, from December 7, 2020, to June 14, 2021.  Barraza decl. at ¶15. A proposed order outlining the proposed new date for trial and related deadlines is filed concurrently with Plaintiff's motion.

---

[6] In the event the Defendant refuses to pay for these additional costs, Plaintiff will also bring this issue before the Court.  *Id.*

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 9
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

### III.   AUTHORITY

Fed. R. Civ. P. 6(b)(1)(a) provides that the Court may extend filing deadlines in its discretion and for "good cause."  The discretion to supervise the pretrial phase of litigation is broad and the Court is empowered to make appropriate adjustments based on the particular facts of the case before it.  *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

In *Eagle W. Ins. Co. v. Watts Regulator Co.*, 2017 U.S. Dist. LEXIS 121673 (W.D.Wash. Aug. 2, 2017), Judge Coughenour continued the trial date and related deadlines where the moving party demonstrated good cause to conduct additional discovery and had shown diligence in obtaining it.  *Id.* at *11-12.  As detailed above, good cause supports an extension because Firs HOA members and their counsel have been diligent in producing and conducting discovery, despite a series of complications and obstacles facing the Plaintiff's members and their counsel as a consequence of COVID-19.  Donckers decl. at ¶¶1-12; Barraza decl. at ¶¶1-10; Henry decl. at ¶¶1-4.

Depositions in this case did not even begin until July 21, 2020, just a few weeks before the discovery cutoff.  These depositions have demonstrated the need for additional depositions and both parties have expressed their desire to take them.  Plaintiff requests the Court allow these to be taken according to a schedule that allows them to be conducted in a reasonable and orderly fashion.

The parties have met and conferred on several occasions over the last few months.  This motion is brought prior to the expiration of the existing deadline for discovery cut-off.  Indeed, Plaintiffs have spent months attempting to avoid Court intervention and negotiate a resolution in good faith.  This issue would have been brought to the Court's attention sooner had the Defendant worked with Plaintiff cooperatively and in good faith as the discovery cutoff approached.

No prejudice will result, indeed SeaTac has been unable to identify any. The request for a continuance is consistent with the Court's orders, going back to March, continuing civil jury trials in light of the outbreak of COVID-19. *See* General Order Order Nos. 01-20, 02-20, 03-20, 07-20, and 08-20. A limited continuance to prepare the matter for trial is appropriate under these circumstances and Plaintiff respectfully requests the Court allow the parties to do so.

### IV.  CONCLUSION

For the reasons detailed above, Plaintiff respectfully requests the Court continue the trial date in this matter, and all related pretrial deadlines, for six months, from December 7, 2020, to June 14, 2021. A proposed order is attached hereto.

DATED:  August 6, 2020.

BRESKIN JOHNSON TOWNSEND, PLLC

By:  *s/Brendan W. Donckers*
Brendan W. Donckers, WSBA #39406
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660
bdonckers@bjtlegal.com

BARRAZA LAW, PLLC

By:  *s/Omar Barraza*
Omar Barraza, WSBA #43589
10728 16th Ave SW
Seattle, WA 98146
Tel:  (206) 933-7861
omar@barrazalaw.com

HENRY & DEGRAAFF, P.S.

By:  *s/ Christina L. Henry*
Christina L. Henry, WSBA #31273
787 Maynard Avenue South

1
2
Seattle, WA 98104
Tel: (206) 330-0595
chenry@hdm-legal.com

*Attorneys for Plaintiffs*

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S MOTION TO CONTINUE THE
TRIAL DATE AND RELATED DEADLINES FOR
SIX MONTHS - 12
(No. C19-1130RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660