THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

FIRS HOME OWNERS ASSOCIATION,

Plaintiff,

v.

CITY OF SEATAC,

Defendant.

No. C19-1130RSL

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION TO PLAINTIFF'S OPPOSITION

On August 6, Plaintiff Firs Home Owners Association moved to continue the trial date and related deadlines in this case. This was the first request for a continuance in this case. The motion was noted for consideration on August 21. Under the plain language of LCR 7(d)(3), SeaTac's response was due on August 17. But SeaTac did not follow the rule and did not timely respond. The Court, accordingly, granted Plaintiff's motion on August 18.

After the order was entered, SeaTac filed an untimely and unsanctioned opposition. It then filed a motion for reconsideration. The following day, on August 19, SeaTac filed another untimely and unsanctioned brief, a so-called "amended" opposition. The Court should strike both opposition briefs and all related declarations and exhibits as untimely under LCR 7(g). The Court should also deny reconsideration.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

If the Court considers one or more of SeaTac's untimely filings, it should deny reconsideration on the merits. Reconsideration under LCR 7(h) requires a showing of either "manifest error" or new facts or authority that could not have been timely raised with reasonable diligence. SeaTac offers neither. In fact, SeaTac blames the Court, alleging that the Court "misapprehended" SeaTac's position and accuses the Court of taking "inadvertent" action without acknowledging its own failure to follow the rules.

To be clear, SeaTac did not simply misunderstand the rules. It candidly admits that it planned to file its response on August 19, two days late. Doing so would have the effect of condensing the time Plaintiff had to reply, from four days, to just two. The resort to tactics and gamesmanship was put before the Court in Plaintiff's motion to continue. The course of conduct leading to the present motion is just another example of impropriety. Reconsideration should be denied.

## II. PERTINENT FACTS

On Thursday, August 6, 2020, Plaintiff moved to continue the trial date and related deadlines in this case. Dkt. No. 63. This was the first time either party requested a modification to the case schedule. Under the prior scheduling order, a jury trial was set for December 7 and the discovery cutoff was set for August 9. Dkt. No. 20. As articulated in Plaintiff's motion, the global pandemic complicated the ability of Plaintiff's counsel to access discovery and their offices, and for a while, limited their abilities to conduct work remotely. Dkt. No. 63 at 3-6 and Dkt. No. 64 at **Ex. 2** (May 18, 2020 letter to SeaTac). These complications, in turn, delayed depositions. *Id*. But even when Plaintiff pursued depositions remotely, the City of SeaTac refused – for months – to agree to them. Its obstruction persisted through June. Dkt. No. 63 at 5; *see also* Dkt. No.62 (stipulation filed by Defendant on June 29, 2020).

No deposition was taken by either party until the week of July 20, 2020. *Id*. Then, depositions were taken by the Defendant on July 21 and July 24, and by Plaintiff



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

on July 22 and July 23. *Id*. These depositions were taken approximately two weeks before the August 9 discovery cutoff. *Id*.

Plaintiff's motion to continue was noted for consideration on August 21, the third Friday after filing and service. Dkt. No. 63. The noting date was set based on LCR 7(d)(3), the catchall briefing timeline for any motion not otherwise specified in the local rules. It is the proper timeline to follow when requesting a continuance of the trial date and case schedule. LCR 7(d)(3) states that "all" motions "shall be noted for consideration on a date no earlier than the third Friday after filing and service of the motion." LCR 7(d)(3). Under the rule, any opposition "shall be filed and served not later than the Monday before the noting date." *Id*. SeaTac's opposition was due the Monday before the August 21 noting date, August 17.

But SeaTac did not file an opposition on Monday, August 17. Because SeaTac failed to comply with LCR 7(d)(3), the Court granted Plaintiff's motion. Dkt. No. 68.

Nonetheless, despite the Court's order, and despite the plain language of LCR 7(d)(3), SeaTac still filed an untimely opposition on August 18. Dkt. No. 69. Then, SeaTac filed yet another improper opposition on August 19. Dkt. No. 72. Neither brief was accompanied by a motion for relief from a missed deadline. *Id*.

SeaTac separately moved for reconsideration of the Court's order granting Plaintiff's motion. Dkt. No. 71.

## III. AUTHORITY

### A. The Court should deny reconsideration because SeaTac has not shown any manifest error or new facts or authority.

Motions for reconsideration are "disfavored." LCR 7(h)(1); *see also Akmal v. United States*, 2014 U.S. Dist. LEXIS 60938, *2 (W.D.Wash. April 30, 2014). The Ninth Circuit has called reconsideration an "extraordinary remedy" only to be used "sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

Under LCR 7(h)(1), these motions are "ordinarily" denied unless there is a showing of "manifest error" in the prior ruling or a showing of facts or legal authority "which could not have been brought to [the Court's] attention earlier with reasonable diligence." SeaTac cannot meet either standard.

First, there is no "manifest error" in the Court's order. A manifest error is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Cypress Ins. Co. v. S.K. Hynix Am. Inc*., 2019 U.S. Dist. LEXIS 45190 *2 (W.D. Wash. Mar. 19, 2019) (internal citation omitted). SeaTac attempts to point a finger at the Court because it "misapprehended" SeaTac's position and "inadvertently" issued an order. Dkt. No. 71 at 3. But there is no "manifest error" by the Court. SeaTac simply flouted the plain language of LCR 7(d)(3) and failed to file an opposition. The rule plainly requires opposition briefs to be filed on the Monday before the noting date. LCR 7(d)(3). SeaTac did not file its opposition on the Monday before the noting date. It filed untimely opposition briefs after the Court had entered its order granting Plaintiff's motion to continue the trial dates and related deadlines in this case. It did so without seeking relief from a deadline. It is thus appropriate for these briefs and materials filed in support thereof to be stricken. LCR 7(g).

SeaTac claims that it relied on LCR 7(d)(2), but that rule applies only to motions for a protective order and motions for relief from a deadline. Dkt. No. 71 at 1. Plaintiff did not move for a protective order and did not seek relief from a deadline. Dkt. No. 63. Plaintiff asked the Court to continue the trial date and case schedule. *Id*.

SeaTac did not simply misread the rules; it chose to ignore them. Its true motivation in filing an untimely opposition was to 'squeeze' Plaintiff by condensing the time Plaintiff was given to reply. Filing an opposition on Wednesday instead of Monday as required meant that Plaintiff would have only two days to reply, instead of



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

four. These are the sort of tactics precipitating Plaintiff's motion to continue and have already been put before the Court. *See* Dkt. No. 63 at 7-8 (describing the gamesmanship occasioned by SeaTac on July 28 and July 29). This time, however, SeaTac's plan was thwarted by the prompt entry of an order. Dkt. No. 68.

SeaTac's own motion for reconsideration undercuts the relief it seeks. In it, SeaTac admits that that it *could* have filed its brief sooner. Dkt. No. 71 at 4. LCR 7(h)(1) demands a showing of manifest error or other facts or authority that could "not" have been timely brought to the Court with reasonable diligence; admitting that it could have and would have filed its brief sooner shows that SeaTac was *not* reasonably diligent. It simply chose to wait. This does not warrant relief under LCR 7(h). *Akmal*, supra at *2 (reconsideration was improper because even though new evidence was presented, there was no showing that the evidence could not have been brought to the Court earlier); *see also Durkin v. United States*, 2019 U.S. Dist. LEXIS 99652 (W.D.Wash. June 13, 2019) (reconsideration was improper because no manifest error was shown in the Court's prior ruling); *Singleton v. Intellisist*, Inc., 2018 U.S. Dist. LEXIS 104997 (W.D.Wash. June 19, 2018) (same).

The Court should deny reconsideration and strike both briefs from the record as untimely under LCR 7(g).

**B. Even if the Court considers SeaTac's untimely opposition briefs, good cause supports the maintaining the scheduling order entered by the Court on August 18.**

Plaintiff moved to continue the trial date and related deadlines in this case because the global pandemic delayed discovery in this case. Dkt. No. 63. This was the first request for a continuance, a common request in litigation even in "normal" times.

Plaintiff's motion summarizes the obstacles the early months of the pandemic posed to accessing discovery and moving forward with depositions. *Id*. at 4-6 (citing



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

declarations of Plaintiff's counsel, Barraza, Henry, and Donckers). SeaTac ignores many of these issues and downplays specifics. It asserts that "nothing" precluded Plaintiff from pursuing depositions at "any time." Dkt. No. 69 at 7. SeaTac wholly ignores, despite the outbreak of Covid-19 in the community, its unreasonable position, refusing to permit depositions to be conducted remotely. *Id*. at 5. Indeed, among the scores of matters being handled by Plaintiff's counsel, this was the only case where the Defendant refused to agree to remote depositions. Declaration of Brendan W. Donckers at ¶1.

For *months*, SeaTac insisted that depositions needed to be conducted in-person, regardless of the risks it posed to counsel, the court reporter, and witnesses. *Id*. In fact, Plaintiff attempted to conduct a deposition in May, but the City of SeaTac objected *because* it was proposed remotely. Dkt. No. 70-6 (Letter from Defendant's counsel stating, "I have neither stipulated to a remote deposition nor seen a court order. The manner in which this deposition has been proposed is improper.")

SeaTac obstructed Plaintiff's efforts until June, when the discovery cutoff was just over a month away. *See* Dkt. No. 62 (SeaTac's stipulation to conduct depositions remotely was filed June 29, 2020). For these reasons, no depositions were taken by either party until the week of July 20. Dkt. No. 63. SeaTac took a Rule 30(b)(6) deposition of Plaintiff on July 21 and Plaintiff took depositions of former city councilmembers Rick Forschler and Kathryn Campbell on July 22 and July 23. *Id*.

The July 22 and July 23 depositions made clear that additional depositions of elected and appointed officials serving along with Mr. Forschler and Ms. Campbell were necessary to understand and explain the city's conduct during the time period in question. Dkt. No. 63 at 5-6. It is critical to Plaintiff's theory of discrimination to show how the leadership of city councilmembers "fast-tracked" the closure of the Firs Mobile Home Park and supported the property owner, and that this leadership "informed" city



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

staff. *See* Dkt. No. 57 at 5-7 (Order denying dismissal of Plaintiff's disparate treatment claims). Indeed, Plaintiff's theory is that the Council "indicated through word and deed that the Latino or Hispanic residents of Firs Mobile Home Park were not valued and that their concerns would not be addressed" and the "administrative apparatus of the City internalized this information…" *Id*. at 7 (Order).

Accordingly, Plaintiff intends to conduct additional depositions of former councilmembers Tony Anderson, Pam Fernald, Erin Sitterly, along with Mike Siefke and Joel Wachtel, as well as former city manager Joe Scorcio, former Community and Economic Development Director, Steve Pilcher, and Planning Manager, Jeffrey Robinson. *Id*. All of these individuals have knowledge of facts relating to the city's conduct between 2016 and 2019 and the interplay between councilmembers and staff.

The July 22 and July 23 depositions of Forschler and Campbell also indicated that expert witnesses may be helpful to the jury, in part, explaining how some of the comments and conduct can show implicit bias and in part, explaining standards and practices regarding a municipality's incorporation and administration of federal fair housing laws. In its motion to continue, Plaintiff requested more time to consider these issues in light of the depositions already taken, and anticipated testimony from additional discovery. *Id*. at 6.

Following the Court's August 18 order granting Plaintiff's motion, Plaintiff promptly served subpoenas and notices of deposition on the Defendant so some of these depositions could be scheduled and taken in the coming weeks. Donckers decl. at ¶2.[1] Plaintiff intends to depose Pam Fernald, Tony Anderson, Erin Sitterly, and Joe Scorcio on September 9, 10, 29, and 30, respectively. *Id*. Plaintiff anticipates conducting the remaining depositions in October and November. *Id*. These

[1] Plaintiff proposed conducting some of these depositions in August, but the Defendant's counsel told Plaintiff's counsel that he would move for a protective order, so Plaintiff elected to wait for an order on the issue from the Court. Donckers decl. at ¶3. Defendant did not move for a protective order. *Id*.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

depositions will clarify whether SeaTac's document production is complete or deficient and whether expert testimony will be needed.

SeaTac claims that Plaintiff's motion to continue is untimely because it was not noted for consideration until after the discovery cutoff. Dkt. No. 69 at 7-8. But SeaTac effectively waived this argument through its own lack of diligence. And in any case, what is material to the merits of Plaintiff's request is that the *motion* was filed before the discovery cutoff. *See Eagle W. Ins. Co. v. Watts Regulator Co*., 2017 U.S. Dist. LEXIS 121673 (W.D.Wash. Aug. 2, 2017) (Granting motion to continue discovery that was filed on the final day of discovery). The cases cited by SeaTac come from other districts and involve parties found to lack diligence because they were simply working on other cases or conducted no discovery at all.[2] Here, by contrast, Plaintiff's counsel was diligent during the pandemic, both producing discovery and reviewing the more than 22,000 pages of documents produced by SeaTac alone. *See* Dkt. No. 63 and No. 64 at **Ex. 2**. And as discussed in the motion, Plaintiff *would* have noted it for consideration before the discovery cutoff but for the Defendant's gamesmanship. Dkt. No. 63 at 7-8. As detailed in the brief, the parties had previously agreed to use expedited procedures under LCR 37 to resolve the issue. *Id*. at 7; *see also* Dkt. No. 19 at V(D) (Joint Status Report). Indeed the parties had moved forward with this procedure a month earlier but resolved the issue before having to present it to the Court. Dkt. No. 63 at 7. During a meet and confer with Defendant's counsel on July 28, Plaintiff's counsel again proposed this procedure and the Defendant's counsel said, "OK." *Id*.

[2] *Hardy v. County of El Dorado*, 2008 U.S. Dist. LEXIS 75925 (E.D.Cal. Aug. 20, 2008) and *Bopari v. Shinseki*, 2010 U.S. Dist. LEXIS 125059 (E.D.Cal. Nov. 16, 2010). SeaTac's citation to LCR 7(j) is inapposite because Plaintiff has not moved for relief from a deadline. Plaintiff asked the Court to continue the trial date and case schedule, including discovery. Plaintiff did not serve any subpoenas or deposition notices until after the Court entered its order on August 18, but has since done so. Donckers decl. at ¶2.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

In reliance upon this, Plaintiff promptly sent Defendant the proposed filing under LCR 37, but the next day, July 29, the Defendant reneged. *Id*. The Defendant then told Plaintiff that it would need to file a motion on the Court's regular calendar. *Id*. It was not until July 29 that SeaTac told Plaintiff that it would refuse to present the issue to the Court in an expedited fashion. Filing the motion under LCR 37 would have allowed the motion to be noted for consideration on the first day it could be filed, which would have fallen on August 6. This would have allowed the motion to be considered several days before the August 9 discovery cutoff. But instead of working in good faith and with professionalism to resolve these issues, SeaTac resorted to gamesmanship.

To be clear, Plaintiff worked to resolve scheduling issues without Court engagement for months. These conversations go back as far as May, when the parties had oral and written communications about continuing the case schedule due to Covid-19. On May 18, these issues were memorialized in a letter to the Defendant. Dkt. No. 63 at 7 (referencing letter from Mr. Barraza dated May 18, 2020, filed with the Court at Dkt. No. 64 at **Ex. 2**). The May letter was followed by several communications in June and others on July 17 and July 20. *Id*. None yielded a reasonable compromise.

The Court should maintain the current case schedule to permit the parties to complete discovery in an orderly fashion and allow the parties sufficient time to bring any further discovery issues before the Court prior to the cutoff next February.

## IV. CONCLUSION

For the reasons detailed above, Plaintiff respectfully requests the Court deny reconsideration and strike the Defendant's untimely opposition briefs.

DATED: August 26, 2020.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

BRESKIN JOHNSON TOWNSEND, PLLC

By: *s/Brendan W. Donckers*
Brendan W. Donckers, WSBA #39406
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660
bdonckers@bjtlegal.com

BARRAZA LAW, PLLC

By: *s/Vicente Omar Barraza*
Vicente Omar Barraza, WSBA #43589
10728 16th Ave SW
Seattle, WA 98146
Tel: (206) 933-7861
omar@barrazalaw.com

HENRY & DEGRAAFF, P.S.

By: *s/ Christina L. Henry*
Christina L. Henry, WSBA #31273
787 Maynard Avenue South
Seattle, WA 98104
Tel: (206) 330-0595
chenry@hdm-legal.com

*Attorneys for Plaintiffs*