UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRS HOME OWNERS ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATAC,<br><br>　　　　　Defendant. | Case No. C19-1130RSL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On August 18, 2020, the Court granted plaintiff's motion for a continuance of the trial and related dates. Defendant filed a motion for reconsideration, arguing that the Court had erroneously concluded that the motion to continue was unopposed and had inadvertently extended deadlines that had already passed. Dkt. # 71. The extension of the deadlines was not inadvertent. After reviewing the motion and supporting documents, the Court concluded that the timing of the motion was reasonable given the interactions between the parties and that good cause existed for the extension of both the expert disclosure and discovery deadlines.

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

As for the Court's characterization of the motion as "unopposed," defendant failed to file its opposition in a timely manner. Motions for relief from a deadline may be noted for consideration on an expedited basis under LCR 7(d)(2), but they do not have to be. If a party chooses to note a motion for relief from a deadline for consideration on the second Friday after filing, the opposing party is given until the Wednesday before the note date to file its response: otherwise it could have as little as two days in which to review the motion and submit an opposition. If, however, the moving party notes the motion for the third Friday after filing, LCR 7(d)(3) applies. Under that provision, the opposing party is guaranteed at least a week to submit its opposition, which is due the Monday before the note date. The moving party then has at least four business days in which to reply. Plaintiff's motion was filed on August 6, 2020, and noted for consideration on the Court's calendar for August 21, 2020. It was, in fact, noted for the third Friday after filing. Pursuant to LCR 7(d)(3), defendant had seven business days to respond: it did not have the option to unilaterally choose a different procedural rule, take even more time to respond, and concomitantly shrink the time in which plaintiff had to reply.

For all of the foregoing reasons, defendant has not shown manifest error or new law or facts that could not have been presented in a timely manner. Reconsideration is therefore DENIED. Even if the Court were to consider defendant's belated responses to the motion to continue, it does not dispute the fact that it refused to permit depositions to be conducted remotely until the end of June 2020, despite an on-going COVID-19

ORDER DENYING MOTION
FOR RECONSIDERATION - 2

pandemic. Once defendant agreed to remote depositions and plaintiff was able to question two former city councilmembers, the need to take additional depositions became clear, and plaintiff understood that expert testimony regarding implicit bias and areas of discretion in the administration of federal fair housing laws might be helpful to the jury. Thus, even if the Court were to reconsider its prior order, the August 18, 2020, amended case management order would remain in place.

Dated this 8th day of September, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RECONSIDERATION - 3