# EXHIBIT 8

Page 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

FIRS HOME OWNERS ASSOCIATION, )
                              )
     Plaintiff,               )
                              )
     v.                       ) No. C19-1130RSL
                              )
CITY OF SEATAC,               )
                              )
     Defendant.               )

Videoconference Deposition Upon Oral Examination

of

ANTHONY ANDERSON

Taken Remotely Via Zoom Videoconference
Witness Location: SeaTac, Washington

DATE: Thursday, September 10, 2020
REPORTED BY: Ronald L. Cook
       CCR, CRR, RDR, FAPR

BUELL REALTIME REPORTING, LLC
206.287.9066 | 800.846.6989

Firs Home Owners Association v. City of SeaTac                                    Anthony Anderson

Page 85

1   specifically to the folks at the Firs Mobile Home
2   Park.
3           Can you tell me, sitting here today, what
4   you recall about the City doing to help Firs
5   residents? Specific acts that you can recall the City
6   undertook to help those folks.
7       A.   I was sort of on the periphery of much of
8   this, and we would get -- if there were significant
9   issues that came up, City staff would tell us about
10  that, but most of the -- the briefings that I would
11  receive from City staff would be that we are -- we're
12  following the approved process or the designated
13  process and we're staying in line with the law, and --
14  you know, state law, and if something else comes up,
15  we'll let you know.
16          It wasn't a lot of substance to -- not --
17  I shouldn't say there wasn't a lot of substance. I
18  didn't get a lot of information on it because it
19  was -- it was a process that had to -- that was being
20  gone through that I didn't -- that didn't really
21  include a lot of policy decisions by the City Council.
22      Q.   Did any member of the City staff or City
23  attorney's office ever walk you through --
24          Let me strike that.
25          Did any member of City staff walk you

Firs Home Owners Association v. City of SeaTac                                            Anthony Anderson

Page 86

1   through the City's ordinance which dealt with
2   relocation?  Explain here's what has to happen, here's
3   what the code says, here's where there's some leeway,
4   here's what has to be followed?  Anything that you can
5   recall, that type of detailed information to the
6   Council?
7       A.   You know, I'm sure I did get a high-level
8   overview of it.  I don't ever recall getting into deep
9   detail on the specifics of the applicability of state
10  law and the City policy, and it was mostly just an
11  orientation to the process that they had to go
12  through, and that was it.
13      Q.   Was a consistent statement to you from
14  staff, "Council can't do anything on this"?
15      A.   Wait a minute.  Say that again, please.
16      Q.   That "Council doesn't have a role in
17  this."  Was that a consistent statement that you heard
18  from staff?
19      A.   I'm not sure if I ever heard that
20  statement made.  I -- the closest we would get to it
21  is we'd -- you know, we'd ask -- or I -- I don't know
22  what other people would say, but I would ask, you
23  know, "How is the Firs thing going?"
24           They'd go, "Well, we're going through the
25  process.  We're staying in compliance with state law,"

Anthony Anderson - 9/10/2020

123

1               C E R T I F I C A T E

2    STATE OF WASHINGTON  )
                          ) ss.
3    COUNTY OF KING       )

4

5        I, the undersigned Washington Certified Court
     Reporter, pursuant to RCW 5.28.010, authorized to
     administer oaths and affirmations in and for the State
6    of Washington, do hereby certify:
         That the foregoing deposition of the witness
7    named herein was taken stenographically before me and
     reduced to a typed format under my direction;
8        That, according to CR 30(e), the witness was
     given the opportunity to examine, read and sign the
9    deposition after same was transcribed, unless
     indicated in the record that the review was waived;
10       That all objections made at the time of said
     examination have been noted by me;
11       That I am not a relative or employee of any
     attorney or counsel or participant and that I am not
12   financially or otherwise interested in the action or
     the outcome herein;
13       That the witness coming before me was duly
     sworn or did affirm to tell the truth;
14       That the deposition as transcribed is a full,
     true and correct transcript of the testimony,
15   including questions and answers and all objections,
     motions and exceptions of counsel made at the time of
16   the foregoing examination;
         That as a matter of firm policy, the
17   stenographic notes of this transcript will be
     destroyed three years from the date appearing on this
18   transcript, unless notice is received otherwise from
     any party or counsel hereto on or before said date.
19

20

21

22                    RONALD L. COOK, CCR, RDR, FAPR

23                    State of Washington CCR #2523

24

25

