# EXHIBIT 11

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Firs Home Owners Association, | NO. 2:19-cv-01130-RSL |
| Plaintiff, | |
| v. | |
| City of SeaTac, a Municipal Corporation, | PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF |
| Defendant. | |

PROPOUNDING PARTIES:    City of SeaTac, a Municipal Corporation

RESPONDING PARTY:    Firs Home Owners Association

**INTERROGATORIES**

INTERROGATORY NO. 1: Identify each member of the Firs Home Owners Association and include for each the country of birth and the date or dates each member lived at the Firs Mobile Home Park. For purposes of this interrogatory, the term "member" has the meaning ascribed to it in paragraph 1.2 of the first amended complaint ("FAC").

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF
NO. 2:19-cv-01130-RSL - 1

BARRAZA LAW, PLLC
10728 16th Ave SW
Seattle, WA 98146
206-933-7861

information, documentation and/or records of communication about the City of SeaTac has federally funded programs or activities.

The Association also asserts that their answer to this interrogatory in no way limits their assertions of facts that support their claims against the City of SeaTac, since they may discover new facts during the discovery process and/or gain a greater understanding of actions taken by the City of SeaTac as discovery progresses. Thus, the Association reserves the right to supplement this response should there be additional material information that they uncover. Additionally, the Association is not required to provide testimony about information and/or documentation of which they have no personal knowledge or understanding

Plaintiff further objects that the contention is irrelevant to the case because the Plaintiff did not plead any claims that require them to prove their status as an intended beneficiary of a federal program or activity.

SeaTac Riverton Heights Park.

INTERROGATORY NO. 7: Identify other similarly situated persons or entities who, since 2000, were treated differently than the plaintiff by the City of SeaTac during the review of a mobile home park relocation plan pursuant to SMC § 15.465.600.H, and for each describe in detail how the similarly situated person or entity was treated differently.

ANSWER:

Plaintiffs object that Interrogatory 7 is a premature contention interrogatory. Courts in the Ninth Circuit have placed "a burden of justification" on a party who seeks answers to contention interrogatories before substantial documentary or testimonial discovery has been completed. *See, e.g., In re Convergent Techs. Sec. Lit.*, 109 F.R.D. 328, 338 (N.D. Cal. 1985); *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, 2009 WL

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF
NO. 2:19-cv-01130-RSL - 14

BARRAZA LAW, PLLC
10728 16th Ave SW
Seattle, WA 98146
206-933-7861

1771368, at *6 (N.D. Cal. June 19, 2009); *United States v. Bazaarvoice, Inc.*, 2013 WL 1739472, at *3 (N.D. Cal. Apr. 22, 2013). "[S]uch a party must be able to show that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *In re Convergent*, 108 F.R.D. at 338-39 (footnote omitted). "[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place but grant them if discovery almost is complete." *Id.*, 332-38.

Plaintiff further objects that the contention is irrelevant to the case because the Plaintiff did not plead any claims that require them to proffer a comparator to establish a cause of action. Plaintiff also objects that the contention is irrelevant to the case because the Plaintiff did not plead any claims that require them to prove their status as an intended beneficiary of a federal program or activity.

Additionally, the Association will continue their own discovery and investigation of the subject matter of this litigation, and the Association reserves the right to rely upon, and/or present at trial or other hearing on this matter, any facts or documents that may be subsequently learned or obtained as a result of such ongoing discovery and investigation, or which may be adduced at trial. Additionally, the City of SeaTac is in possession, custody and control of information, documentation and/or records of communication about other similarly situated persons or entities. The Association also asserts that their answer to this interrogatory in no way limits their assertions of facts that support their claims against the City of SeaTac, since they may discover new facts during the discovery process and/or gain a greater understanding of actions taken by the City of SeaTac as discovery progresses. Thus, the

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF
NO. 2:19-cv-01130-RSL - 15

BARRAZA LAW, PLLC
10728 16th Ave SW
Seattle, WA 98146
206-933-7861

Association reserves the right to supplement this response should there be additional material information that they uncover. Additionally, the Association is not required to provide testimony about information and/or documentation of which they have no personal knowledge or understanding

Without waiving any specific objection, Plaintiff answers as follows:

The Washington Department of Commerce Manufactured/Mobile Housing Community Closures list indicates that no other mobile home park has been closed in SeaTac that would be subject to a review of a mobile home park relocation plan pursuant to SMC § 15.465.600.H.

INTERROGATORY NO. 8: Describe in detail all statistical evidence that you contend supports your allegation that defendant City of SeaTac's "affirmative efforts on behalf of the landlord to expedite the closure of the Firs Mobile Home Park" has or had an adverse disproportionate effect or impact on "the predominately Latino/Hispanic, non-English-speaking members of the Firs Home Owners Association and the community at large[,]" as those phrases are used in paragraph 4.61 of the FAC.

ANSWER:

The Association objects to this interrogatory as overly broad, unduly burdensome, not reasonably tailored to the needs of this case by asking for "all statistical evidence."

Additionally, the Association will continue their own discovery and investigation of the subject matter of this litigation, and the Association reserves the right to rely upon, and/or present at trial or other hearing on this matter, any facts or documents that may be subsequently learned or obtained as a result of such ongoing discovery and investigation, or

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF
NO. 2:19-cv-01130-RSL - 16

BARRAZA LAW, PLLC
10728 16th Ave SW
Seattle, WA 98146
206-933-7861

I, Luis Moreno, declare:

I am the President of the Board of Directors for plaintiff Firs Homeowners Association in the above-entitled lawsuit to whom these interrogatories are addressed. I have reviewed the foregoing answers to interrogatories, know the contents thereof, and believe the same to be true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed on the 4 day of November 2019, at Seattle, Washington.

_Luis A Moreno_
Luis Moreno

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF
NO. 2:19-cv-01130-RSL - 24

BARRAZA LAW, PLLC
10728 16th Ave SW
Seattle, WA 98146
206-933-7861

DATED THIS 4th day of November 2019.

_____
Vicente Omar Barraza, WSBA 43589
Attorney for the Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF
NO. 2:19-cv-01130-RSL - 25

BARRAZA LAW, PLLC
10728 16th Ave SW
Seattle, WA 98146
206-933-7861

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the below date, I caused to be served via email and U.S. mail, postage prepaid, a true and correct copy of this document to:

QUINN N. PLANT
*Attorneys for Defendant*
Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351

DATED THIS 4th day of ~~November~~ December 2019.

_____
Omar Barraza

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF
NO. 2:19-cv-01130-RSL - 26

BARRAZA LAW, PLLC
10728 16th Ave SW
Seattle, WA 98146
206-933-7861