# **EXHIBIT 19**

| | |
|---|---|
| **From:** | Walt Olsen |
| **To:** | Henry Lippek; mmbartolo@ci.seatac.wa.us; Vicente Omar Barraza |
| **Subject:** | RE: FOR SETTLEMENT PURPOSES ONLY Firs Mobile Home Park: Proposed resolution of LUPA appeal, subject to approval by Firs HOA |
| **Date:** | Monday, February 12, 2018 1:24:57 PM |

Counsel,

My client does not wish to sell his property, as you know from prior settlement communications. However, my client would agree to allow the tenants to vacate by May 1, 2018, if they stipulate to the issuance of an eviction on May 2, 2018 if they do not vacate, and sign a mutual release of all claims, subject to a written settlement agreement that is signed by the parties. My client will not agree to any further extension of the case schedule in this action.

Walt Olsen
OLSEN LAW FIRM PLLC
205 S. Meridian
Puyallup, WA 98371
Phone: (253) 200-2288
Fax: (253) 200-2289

The contents of this message and any attachments may be protected by attorney-client privilege, work product doctrine or other applicable protection. If you are not the intended recipient, or have received this message in error, please notify the sender and promptly delete this message. Thank you.

**From:** Henry Lippek [mailto:lippek@aol.com]
**Sent:** Friday, February 09, 2018 3:48 PM
**To:** mmbartolo@ci.seatac.wa.us; Walt Olsen; omar@barrazalaw.com
**Subject:** FOR SETTLEMENT PURPOSES ONLY Firs Mobile Home Park: Proposed resolution of LUPA appeal, subject to approval by Firs HOA

FOR SETTLEMENT PURPOSES ONLY--This proposal subject to review, modification or withdrawal by the Firs Home Owners Association

Dear Colleagues:

My assessment is that Judge McCullough will likely affirm the hearing examiner's decision based on his addition to his Feb 2, 2018 order denying the Firs HOA motion for leave to file a second amended petition: "Implementation--alleged subversion of the Relocation Plan is subject to a different proceeding. Ch 36.70C, RCW." In our view, such a ruling would be erroneous and petitioners would appeal or otherwise move to set it aside.

No one can predict what Judge McCullough may rule after reading the briefs and hearing argument on the April 2, 2018 hearing/trial, but from the petitioners' perspective, the central issue in the case is Mr. Park's conduct after the close of the record before the hearing examiner--which Judge McCullough telegraphed should be the subject of a different proceeding, probably making it a waste of time and

resources for petitioners to pursue the LUPA appeal.

No one likes to waste time and resources. We prefer to raise the $6 million buyout amount or locate other acceptable housing for the Firs homeowners and residents. Thus the attached proposal that appears to be in all parties interest: The City would be dismissed, Mr. Park would be dismissed, if he agreed to forego pursuing eviction proceedings against Firs homeowners and residents until April 1, 2019, and no further litigation would need to be filed.

If, on the other hand, Mr. Park is not agreeable staying eviction/unlawful detainer actions, then the Association will enforce the protected property and civil rights of Firs homeowners and residents to assure that the Firs Mobile Home Park is not closed and that Mr. Park is enjoined from taking any adverse actions against Firs homeowners and residents until such time they are all relocated to acceptable housing.

I urge your clients to favorably consider this offer and let me know your initial reactions by 4:00 PM, Monday, Feb 12, 2018. If it appears that a settlement can be reached, I propose that you agree to join petitioners' motion requesting a brief extension of time for filing petitioners' opening brief, now due on Feb 13, 2018, while settlement negotiations are ongoing.

*Hank*

The Public Advoc ATe NPPSC
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154

T: 206 389-1652   |   F: 206 826-1304   |   E: lippek@aol.com

**FIRS007999**