# EXHIBIT 21

FILED

18 MAR 13 PM 12:17

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-06771-5 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MARTHA S. ZAMORA, and RUTILIO ZAMORA, a marital community, | NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| FIFE MOTEL, INC., a Washington corporation, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiffs Martha and Rutilio Zamora-Nieves are residents of a mobile home park that is owned and operated by Defendant Fife Motel, Inc.  Mr. and Mrs. Zamora bring this action against Defendant for committing unfair and deceptive acts in violation of the Consumer Protection Act and for failing to reasonably accommodate Mrs. Zamora's disability in violation of the Washington Law Against Discrimination.

## II.   PARTIES

1.   Plaintiffs Martha and Rutilio Zamora reside at the Firs Mobile Home Park in King County, Washington.  They lease a lot that is located within the mobile home park commonly referred to as "Unit 4."

2.   Defendant Fife Motel, Inc., is a Washington for profit corporation residing and doing business in King County, Washington.  Defendant Fife Motel, Inc., does

COMPLAINT- 1

BRESKIN ᛁ JOHNSON · TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

FIRS007572

business in King County as the "Firs Mobile Home Park."  The mobile home park is located at 20440 International Boulevard in SeaTac, Washington.

### III.  JURISDICTION AND VENUE

3.     This Court has jurisdiction over the parties pursuant to RCW 49.60 et seq., RCW 19.86 et seq., and the Washington Constitution. *See* Const. art. IV, §6.

4.     Venue is proper pursuant to RCW 4.12.025(1)(a)-(d) because at all relevant times Defendant transacted and continues to transact business in King County and Defendant's registered agent is in King County.

### IV.  FACTUAL ALLEGATIONS

5.     Plaintiffs Martha and Rutilio Zamora are married.

6.     They live in the Firs Mobile Home Park in SeaTac with their children.

7.     Mr. and Mrs. Zamora lease a lot within the park that is commonly referred to as "Unit 4."

8.     They entered into a written lease on or about February 20, 2007.

9.     The lease provides for a one-year rental term.

10.    Mr. and Mrs. Zamora acquired title to their home on or about the same time they leased Unit 4.

11.    Mr. and Mrs. Zamora made significant improvements to the property.

12.    They remodeled the building interior and added improvements to the exterior, including a porch, garage, and storage shed.

13.    Mr. and Mrs. Zamora also own and operate a small restaurant in Burien.

14.    They also own a small cleaning company.

15.    Like most of the 170 residents in the park, Mr. and Mrs. Zamora are Hispanic.

COMPLAINT- 2

BRESKIN ¦ JOHNSON ¦ TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

FIRS007573

16.     And like most of the park residents, Mr. and Mrs. Zamora work long hours to make sure their rent remains current, their bills are paid for, and their children are cared for.

17.     Mr. and Mrs. Zamora rent Unit 4 for approximately $500 per month.

18.     They have never missed a rental payment since entering into a lease for it in 2007.

19.     The Defendant, Fife Motel, Inc., purchased the mobile home park in October of 2007, approximately eight months after the Plaintiffs began leasing a lot there.

20.     Defendant Fife Motel Inc. is governed by several individuals, including Jong Soo Park.

21.     Defendant Fife Motel Inc. does business in SeaTac as the Firs Mobile Home Park.

22.     In 2016, Defendant decided to develop the mobile home park.

23.     Defendant proposed to construct a hotel and apartments on the site and promptly remove all residents and their property from the mobile home park.

24.     On May 27, 2016, Defendant filed an application with the City of SeaTac to relocate the residents of the mobile home park.

25.     On October 17, 2016, the City of SeaTac approved Defendant's relocation plan.

26.     Defendant then told Plaintiffs and other residents of the mobile home park that he intended to close the park.

27.     Park residents, including Mr. and Mrs. Zamora, were concerned about being removed from the property.

COMPLAINT- 3

BRESKIN ¦ JOHNSON ¦ TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

FIRS007574

28.   They were also concerned because they understand that state law prevents them from moving their homes and fixtures because of the age of the structures.

29.   Facing a total loss of their homes, investments, and community, Mr. and Mrs. Zamora banded with other residents and established the Firs Home Owners Association ("HOA").

30.   They also agreed to challenge the Defendant's relocation plan.

31.   The HOA appealed the city's decision approving the relocation plan to the SeaTac Hearing Examiner.

32.   The Hearing Examiner denied the appeal on February 22, 2017.

33.   The HOA then filed a petition for review under the Land Use Petition Act, Chapter 36.70C RCW ("LUPA.").

34.   The HOA's LUPA action is currently pending in King County Superior Court.

35.   After the LUPA action was filed, Defendant tried to close the park.

36.   Defendant also attempted to remove park residents without a court order.

37.   For instance, on November 1, 2017, Defendant posted a hand-written sign on a building where tenants regularly deposit rent.

38.   The notice stated that the park was closing effective October 31, 2017.

39.   The notice also instructed residents to stop making rental payments.

40.   Mr. Zamora saw Defendant's notice on November 1, 2017 when he went to deposit his rental payment.

41.   Defendant's efforts to evict park residents through self-help violates public policy.

COMPLAINT- 4

BRESKIN ∣ JOHNSON ∣ TOWNSEND ᴾᴸᴸᶜ
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

FIRS007575

42.   Defendant then retaliated against residents who had become members of the HOA.

43.   On November 21, 2017, Defendant filed three unlawful detainer actions against residents of the mobile home park.

44.   Each of the three lawsuits named members of the HOA.

45.   Counsel for the HOA agreed to defend those members in the lawsuits that had been filed against them.

46.   On December 1, 2017, Defendant posted another sign in the mobile home park.

47.   The sign stated that to avoid an eviction, residents "must sign the relocation agreement (will get $2,000)."

48.   The sign stated that if residents signed the relocation agreement, they could remain living in the mobile home park until March 31, 2018.

49.   However, if residents refused to sign the relocation agreement, they would "be evicted right away."

50.   A copy of the relocation agreement was also posted.

51.   The relocation agreement required residents to waive any and all claims against the landlord, including those pending in the LUPA action, and to waive due process rights under the Mobile Home Landlord-Tenant Act, Chapter 59.20 RCW.

52.   On December 5, Defendant sent a text message to residents stating that to "avoid eviction you to sign the relocation agreement by December 10[.]"

53.   On December 7, residents received a letter from Defendant stating that "I have no choice but to begin the eviction process.  To avoid eviction you have to sign the Relocation Agreement."

COMPLAINT- 5

BRESKIN | JOHNSON · TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

FIRS007576

54.    The letter also stated that if the resident signed the Relocation Agreement, "You will be allowed to stay until March 31st, 2018 and if the closing date delayed in certain situation, you can stay until new closing date."

55.    The letter continued, "We have taken all necessary legal steps and the Firs Mobile Home Park will close eventually regardless of what your attorney says or does…Once you receive the eviction notice from my attorney, you will be evicted and have to pay all the legal fees and expenses according to the lease agreement."

56.    On December 14, 2017, Defendant filed four new unlawful detainer actions.

57.    One of the lawsuits named Mr. and Mrs. Zamora, members of the HOA.

58.    The other three lawsuits also named members of the HOA.

59.    Counsel for the HOA again agreed to defend those members of the HOA that had just been sued.

60.    The eviction action Defendant filed against Plaintiffs preceded the expiration of their rental term and/or anniversary date of February 20, 2018.

61.    On December 17, Defendant sent another letter to park residents.

62.    This letter employed the same language contained in Defendant's December 7 letter.

63.    On December 20, 2017, an attorney for Mrs. Zamora sent Defendant's counsel a letter on her behalf.

64.    The letter requested that Defendant reasonably accommodate Mrs. Zamora's recovery from kidney surgery by dismissing the unlawful detainer action without prejudice.

65.    Counsel for Defendant responded the following day, demanding a letter from Mrs. Zamora's healthcare provider to confirm her disability and need for accommodation.

COMPLAINT- 6

BRESKIN | JOHNSON · TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

FIRS007577

1      66.    Counsel for Defendant also asked Mrs. Zamora's counsel to produce

2    legal authority supporting her request for accommodation.

3      67.    On December 28, Mrs. Zamora's counsel provided Defendant's counsel

4    with a letter from Mrs. Zamora's medical provider confirming her disability and need for

5    accommodation.

6      68.    Mrs. Zamora's counsel also produced legal authority supporting her

7    request for accommodation.

8      69.    Defendant's counsel ignored this letter.

9      70.    Defendant did not engage in any interactive process with Plaintiffs or

10    otherwise attempt to communicate with Plaintiffs regarding Mrs. Zamora's disability.

11      71.    Defendant moved forward with the eviction proceeding against Plaintiffs.

12      72.    These actions caused significant emotional distress, anguish, anxiety,

13    and fear to Plaintiffs.

14      73.    These actions also impaired Mrs. Zamora's recovery from kidney

15    surgery.

16      74.    On January 5, 2018, King County Superior Court Judge Judith Ramseyer

17    stayed Defendant's eviction actions during the pendency of the LUPA action.

18      75.    However, the Court refused to dismiss Defendant's eviction proceeding

19    and required residents to continue making monthly rent deposits into an escrow

20    account.

21      76.    Mr. and Mrs. Zamora continue making monthly rental deposits into an

22    escrow account as required by Judge Ramseyer.

23      77.    However, the injunction does not provide adequate relief to Plaintiffs.

24      78.    The unlawful detainer action instituted against Plaintiffs remains open.

25      79.    They continue suffering stress, anguish, anxiety, and fear as a result of

26    Defendant's conduct.

COMPLAINT- 7

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

FIRS007578

80.   This conduct contributed to Mrs. Zamora's inability to recover from kidney surgery.

81.   Because Mrs. Zamora has not recovered from kidney surgery, a <u>second</u> surgery has been scheduled.

82.   Defendant's conduct has also impaired Plaintiffs' ability to operate their businesses.

83.   Defendant's conduct also prejudices Plaintiffs' ability to relocate in the future.

84.   Defendant's conduct makes relocation more expensive for Mr. and Mrs. Zamora by requiring them to submit more rental applications and associated fees to prospective landlords.

85.   Defendant's conduct makes relocation more expensive for Mr. and Mrs. Zamora by requiring them to submit increased sums for a deposit or security.

86.   And Mr. and Mrs. Zamora continue to suffer stress, anxiety, anguish, and fear.

## V.   CLAIMS

### A. Cause of Action I: Violation of Washington Law Against Discrimination

87.   The allegations set forth above are incorporated herein.

88.   Defendant violated the Washington Law Against Discrimination ("WLAD"), Chapter 49.60 RCW et seq., by discriminating against Mrs. Zamora based on her disability.

89.   Defendant violated the WLAD by refusing to take steps reasonably necessary to accommodate Mrs. Zamora's disability.

90.   Defendant violated the WLAD by refusing to engage in the interactive process with Mrs. Zamora.

COMPLAINT- 8

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**FIRS007579**

91.    As a direct and proximate cause of Defendant's practices, Plaintiffs suffered injury and damages in an amount to be proven at trial.

**B. Cause of Action II: Violation of the Consumer Protection Act**

92. The allegations set forth above are incorporated herein.

93. Defendant violated the Mobile Home Landlord-Tenant Act, Chapter 59.20 RCW et seq., by initiating an eviction against Plaintiffs in retaliation for participating in a homeowners association and filing a Land Use Petition Act lawsuit against Defendant.  *See* RCW 59.20.070(5).

94. Defendant violated the Mobile Home Landlord-Tenant Act, Chapter 59.20 RCW et seq., by initiating an eviction against Plaintiffs prior to the termination of their lease.  *See* RCW 59.20.050(1); 59.20.060(2)(d); 59.20.090(1).

95. Defendant's acts and practices as set forth in this complaint were unfair and deceptive under the Consumer Protection Act, Chapter 19.86 RCW.

96. Defendant's acts and practices occurred in the conduct of Defendant's trade or commerce.

97. Defendant's acts and practices adversely impact the public interest and have injured Plaintiffs and have the capacity to injure other persons.

98. Defendant's acts and practices proximately caused injury to Plaintiffs.

99. As a direct and proximate result of Defendant's acts and practices, Plaintiffs suffered injuries and seek damages in an amount to be proved at the time of trial.

**C. Cause of Action III: Infliction of Emotional Distress**

COMPLAINT- 9

BRESKIN ǀ JOHNSON ᛫ TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**FIRS007580**

100.    The allegations set forth above are incorporated herein.

101.    Defendant's conduct goes beyond all bounds of decency and is otherwise intolerable in a civilized society.

102.    As a direct and proximate cause of Defendant's practices, Plaintiffs suffered injury and damages in an amount to be proven at trial.

## VI.    DAMAGES

103.    As a result of the forgoing, the Plaintiff has suffered injury, economic loss, and emotional distress.

## VII.    REQUEST FOR RELIEF

104.    Defendant's wrongful conduct described above has caused the Plaintiffs damages for which Plaintiffs seek judgment against Defendant awarding Plaintiffs the following forms of relief:

(a)    An award of all general and special damages that are established at trial;

(b)    Treble damages pursuant to the Consumer Protection Act ("CPA"), Chapter 19.86 RCW;

(c)    Compensation for emotional distress;

(d)    An award of actual and reasonable attorneys' fees and litigation expenses as provided by law, including the WLAD, Chapter 49.60 RCW ("WLAD"), and the CPA, Chapter 19.86 RCW;

(e)    Out-of-pocket and investigative expenses;

(f)    Pre-judgment interest on all amounts awarded as allowed by law;

(g)    Post judgment interest;

(h)    A supplemental award to cover any adverse tax consequences of the judgment; and

COMPLAINT- 10

1       (i)    Such  other  equitable,  legal,  or  additional  relief  as  may  be

2  appropriate and just.

3

        DATED this March 13, 2018

4

                                BRESKIN JOHNSON TOWNSEND, PLLC
5

6                               By:    /s/ Brendan W. Donckers
                                       Brendan W. Donckers, WSBA #39406
7                                      Roger M. Townsend, WSBA #25525
                                       1000 Second Avenue, Suite 3670
8                                      Seattle, WA 98104
                                       Tel:  (206)652-8660
9                                      Fax: (206)652-8290
                                       bdonckers@bjtlegal.com
10                                     rtownsend@bjtlegal.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT- 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**FIRS007582**