# EXHIBIT 24

## SETTLEMENT AGREEMENT

### *Medina and Firs Home Owners Association v. Fife Motel, Inc.*

King County Superior Court, Cause No. 17-2-07094-7 KNT

This Settlement Agreement ("Agreement") is entered into by and between Crisanto Medina and the Firs Homeowners Association ("Petitioners"), and Fife Motel, Inc. ("Respondent"). There are 48 members (comprised of households which may include more than one person) of the Firs Homeowners Association ("HOA"), each of whom own a mobile home and rent a lot at the Firs Mobile Home Park in SeaTac, Washington, as identified in the below individual signature lines to this Agreement ("HOA Members"). The Respondent, Petitioners and the 48 members of the HOA are referred to below as the "Parties".

Six of the HOA members; including (1) the Martha S. Zamora and Rutilio Zamora household residing at space 4; (2) the Irene Cruz household residing at space 8; (3) the Eduardo Vazquez Vite household residing at space 21; (4) the Ma Anita Brito-Munguia household residing at space space 28; (5) the Uriel Zamora household residing at space 56; and (6) the Nallelica Zamora household residing at space 14; are Plaintiffs in a civil entitled *Zamora et al v Fife Motel, Inc.*, King County Superior Court cause number 18-2-06771-5 (hereinafter the "Zamora" lawsuit). The Plaintiffs in the Zamora lawsuit are included in this settlement for the narrow purpose of waiving any claims they have or may have had as HOA members in the LUPA action and they will not receive any of the consideration described in Section II.D because they reached a separate settlement with Fife Motel, Inc.

### I.   RECITALS

The Petitioners and Respondent are parties to litigation currently pending in the Superior Court of the State of Washington, County of King, Cause No. 17-2-07094-7 KNT (the "LUPA Lawsuit"), wherein the Petitioners alleged that Respondent did not properly submit or serve a 12-month Notice to Terminate Tenancy, and thus Respondent could not require that its tenants vacate its mobile home park. The HOA represented the interests of its 48 members in the Lawsuit and Crisanto Medina. Mr. Medina is both a member of the HOA, and a separate Plaintiff in the Lawsuit. The City of SeaTac is a defendant in the LUPA lawsuit but not a party to this settlement agreement.

The Parties mediated the Lawsuit before the Honorable Paris Kallas (ret.) on March 21-22, 2019. The mediation resulted in a settlement that was memorialized in a CR 2A Agreement. Mr. Medina was represented by Christina Henry at the mediation. The HOA was represented by Vicente Omar Barraza at the mediation.

The purpose of this Agreement is to forever and finally settle and resolve all disputes, claims, and controversies between and among the Parties which were or could have been alleged in the Lawsuit, relating to the Lawsuit and all disputes, claims or controversies arising out of Petitioners' tenancies in the mobile home park owned by Respondent located at 20440 International Boulevard, SeaTac, Washington (the "Firs Mobile Home Park"), known or unknown, through the date of this Agreement, contingent or liquidated, whether in contract, tort, or equity.

## II.     AGREEMENT AND RELEASE

### A. Mutual Release of Claims and Dismissal of Lawsuit.

Medina, the HOA, and the HOA Members release Respondent Fife Motel, Inc., its agents, attorneys, employees, directors, officers, affiliated companies, insurers, including Liberty Mutual Insurance Company and its administrators, attorneys, successors, and assigns, from any and all claims, counterclaims, demands, sums of money, actions, or causes of action, which they had, or claims to have had, which were asserted, or could have been asserted, through the date of this Agreement. Petitioners agree to dismiss the LUPA Lawsuit with prejudice as to Fife Motel, Inc. and without costs or attorney fees awarded to any party.

Respondent agrees to release Petitioners and their agents, insurers, attorneys, successors, and assigns from any and all claims, counterclaims, demands, sums of money, actions, or causes of action, which Respondent had, or claims to have had, which was asserted, or could have been asserted, through the date of this Agreement.

### B. No Contest of Future Development of the Firs Mobile Home Park.

Medina, the HOA, and the HOA Members agree not to contest further land use or zoning permitting efforts related to development activity at the Firs Mobile Home Park.

### C. Waiver of Rights Under MHLTA

**Medina, the HOA, and the HOA Members hereby knowingly and voluntarily waive all past and future rights and obligations arising under the Mobile Home Landlord Tenant Act ("MHLTA") RCW 50.20 *et seq.* with respect to their tenancy at the Firs Mobile Home Park.**

### D. Payment

Respondent agrees to pay to the 42 HOA members not parties to the Zamora lawsuit, collectively, the sum of $420,000, within thirty (30) days of receipt of the final signed settlement agreement and release and Form W-9 from Petitioners' counsel, to be held in trust pending delivery of the mobile home title and relocation assistance documents and stipulations referenced below. Payment shall be made to the Barraza Law, PLLC IOLTA Trust Account in trust for Petitioners. These funds shall be disbursed to the HOA members who are not parties to the Zamora lawsuit. Subject to court approval, Barraza Law, PLLC may transfer the funds to a third-party fiduciary subject to Court approval for distribution to the 42 HOA members not parties to the Zamora lawsuit.

### E. Move-Out.

Medina and the HOA Members agree to vacate the Firs Mobile Home Park on or before June 30, 2020. Respondent agrees to provide Medina and each HOA member with a neutral reference letter in the form attached as **Exhibit B**. Medina and each HOA member agree to execute and deliver a Stipulation and Agreed Order for Eviction in the form attached as **Exhibit C** (the "Stipulation"), for the *ex parte* entry of a writ of restitution for each tenant's eviction without any notice to such tenant in the event that Medina or the HOA Members fail to vacate by June 30, 2020. Medina and the HOA Members agree to provide the original title to their respective mobile homes to Barraza Law, PLLC or a Court-approved third-party fiduciary, to be held in trust and delivered to Fife Motel, Inc. upon move out, but in any case no later than June 30, 2020. Plaintiffs agree that Fife Motel, Inc. may demolish or remove their respective mobile homes upon each Plaintiff's move out. In addition, Petitioner Medina and each HOA Member agree to fully complete all necessary forms and provide information that is required by the Washington Department of Commerce for Fife Motel, Inc. to assign any and all relocation assistance benefit (the "Relocation Assistance") to Respondent ($7,500 for a single-wide and $12,500 for a double-wide) (the "Relocation Documents"). Respondent shall pay all tax consequences of receipt of such relocation assistance received by the Respondent. Upon delivery of the Stipulation and the Relocation Documents to Respondent's counsel or Court-approved third-party fiduciary, and upon delivery of Petitioners' original title for their mobile home to Barraza Law, PLLC or Court-approved third-party fiduciary, to be held in trust and delivered to Fife Motel, Inc. upon move out, Petitioners' counsel or the Court-approved third-party may release settlement funds to the Petitioners and HOA Members.

Subject to State laws governing relocation assistance and the eligibility requirements of the Washington Department of Commerce, the Petitioners may apply for any unused Relocation Assistance remaining after Respondent is reimbursed by the Washington Department of Commerce. Individual HOA members shall bear any tax consequences which may result from their receipt of any unused relocation assistance.

### F. Lease Provisions

Medina's lease and each HOA Member's lease remain in effect, with the exception of the rent term and termination date, and any provisions incorporating the Mobile Home Landlord Tenant Act. The Parties agree that the termination date for each lease shall be **June 30, 2020** unless the tenant sooner vacates their unit, and that no rent or other charges shall be due from April 1, 2019 to June 30, 2020.

### G. Ongoing Obligations.

The Parties agree that given the lack of rental income no further capital improvements, upgrades, repairs, maintenance, or services in addition to what is currently provided will be completed by Respondent. The Parties intend and acknowledge that Respondent may limit its obligations to basic maintenance, such as provision of water and sewer at current levels, maintenance of the roads and common areas, and maintenance of electrical lines not owned by Puget Sound Energy. The Parties understand that as of July 1, 2020, the Firs Mobile Home Park will be closed and no further utilities or services will then be provided. The Petitioners agree that Respondent may terminate all utilities

on July 1, 2020. The Parties agree that Respondent will provide a relocation specialist only from January 1, 2020 until June 30, 2020. The Parties agree to cooperate with one another and the City of SeaTac to: (1) obtain an amendment to the Respondent's Relocation Report and Plan, in order to implement this Agreement; (2) implement the amended Relocation Report and Plan; and (2) obtain a Certificate of Closure from the City of SeaTac on or after July 1, 2020.

### H. Admission of Liability.

Nothing contained herein is intended to constitute an admission of liability by any Party.

### I. Governing Law.

This Release shall be construed and interpreted according to the laws of the State of Washington.

### J. Construction of Agreement.

The language of this Agreement shall be construed as a whole and without implying a presumption that the terms of this Agreement shall be more strictly construed against any Party, it being acknowledged and agreed that representatives of all Parties have participated in the preparation of the Agreement.

### K. Disputes.

Any disputes concerning the meaning, interpretation, or enforcement of this Agreement shall be settled by binding arbitration before Ret. Judge Paris Kallas, Judicial Dispute Resolution, LLC. 1425 Fourth Avenue, Suite 300, Seattle, WA 98101. The Parties waive Evidence Rule 408 and agree that Judge Kallas may consider the Parties' settlement discussions to resolve any dispute.

### L. Severability

If any clause or term of this Agreement is considered invalid under any rule of law, as determined by an arbitrator or court of competent jurisdiction, the invalid term shall be regarded as stricken while the remainder of this Agreement shall continue in full force and effect.

### M. Counterparts

This Agreement may be executed via facsimile or email transmission or original signature and in any number of counterparts, each of which when executed and delivered shall be deemed to be an original, and all of which when taken together shall constitute one and the same Agreement. Photocopies of the entire signed Agreement are effective and valid for any and all purposes as if they were the original signed copy.

### N. Authority.

The undersigned certify and warrant that they are fully authorized to enter into this Agreement and to bind said Party if executing in a representative capacity.

## O. Entire Understanding.

This Agreement sets forth the entire agreement of the Parties and may be modified only by written instrument duly signed and executed by each Party.

## P. Translations

This Agreement was originally drafted in the English language and shall be translated into the Spanish language by a certified English/Spanish translator, who shall certify on said Agreement that her/his written Spanish translation is an accurate translation of this English language version of the Agreement, which shall be attached as an exhibit to the Spanish Language version. The Parties agree to execute both the Spanish and English language versions of this Agreement. In case of any ambiguity or conflict, the English language version of this Agreement shall control.

This Agreement is dated as of this ___ day of March, 2019.

FIFE MOTEL, INC.

By: Jong Soo Park
Its: President

Rutilio Zamora

Martha S. Zamora

Irene Cruz

Eduardo Vazquez Vite

Ma Anita Brito-Munguia

Uriel Zamora

Nallelica Zamora

**Jaime Pena Nares, Sp. 2** *Lease*

*[signature: Jaime Pena]*
**Jaime Pena Nares, Sp. 2** *Lease*

*[signature: Heraclio M Cortes]*
Heraclio M. Cortes, **Sp. 3** *Lease*

*[signature: Griselda Perez Alejandre]*
Griselda Perez Alejandre, **Sp. 3** *Lease*

*[signature: Rutilio Zamora]*
Rutilio Zamora

*[redacted]*

**AFFIDAVIT**
Jose Javier Lopez, **Sp. 6** *Lease*

*[signature: Felix Solano Ruiz]*
Felix Solano-Ruiz, **Sp. 6** (rent cks)

*[signature]*
Maria C. Lopez Calderon, **Sp. 6**

**AFFIDAVIT**
*Lease*
Helen Martin by Karren Martin, **Sp. 5 & 7**

*[signature: Luis Fernando Rivera]*
Luis Fernando Rivera, **Sp. 7** (rent cks)

**SEE BRENDAN SETTLEMENT**
Yolanda A. Flores Vasquez, **Sp. 8** *Lease*

**SEE BRENDAN SETTLEMENT**
Daniel R. Gonzales Leyva, **Sp. 8** *Lease*

*[signature: Marcos Gonzales]*
Marcos Gonzales Leyva, **Sp. 8** (rent cks)

*[signature: Irene Cruz]*
Irene Cruz Romero, **Sp. 8** (rent cks)

*[signature: Reynaldo Amezcua R]*
Reynaldo Amezcua (Rodriguez), **Sp. 9** *Lease*

*[signature: Veronica Garnica Mateos]*
Veronica Garnica (Mateos), **Sp. 9** *Lease*

*[signature]*
Luis A. Moreno, **Sp. 10** (rent cks)

*[signature]*
Maria de los Angeles Martinez Garcia, **Sp. 11** *Lease*

*[signature]*
Erasmo Martinez Salas, **Sp. 11** *Lease*

## REMOVED FROM LIST?

Graciela Garcia DeMartinez, **Sp. 11** (rent cks)

## SEE BRENDAN SETTLEMENT

Georgina Garcia, **Sp. 14** *Lease*

Nallelica Zamora Martinez, **Sp. 14** (rent cks)

Bejarano De La Rosa Anibal, **Sp. 14** ( )

Pedro Ventura, **Sp. 15** *Lease*

Maria Ventura, **Sp. 15** *Lease*

## MARIA VENTURA = MARIA GARCIA

Maria Garcia (Liva), **Sp. 15** (rent cks)

## AFFIDAVIT

Rafael Vazquez Vite, **Sp. 18** *Lease*

Amalia Vite-Ortega, **Sp. 18** (rent cks)

## AFFIDAVIT

Maria C. Villagomez Valle, **Sp. 19** *Lease*

Melchor Pedraza, **Sp. 19** *Lease*

## SEE BRENDAN SETTLEMENT

Eduardo Vazquez (Vite), **Sp. 21** *Lease*

## AFFIDAVIT - DECEASED

Samuel Sanchez, **Sp. 23** *Lease*

Esperanza Rodriquez, **Sp. 23** *Lease*

Jose Manuel Sanchez Rodriguez, **Sp. 24**

Isela Delgado, **Sp. 24** (?)

## AFFIDVAIT

Sonia R. Velasquez, **Sp. 25** *Lease*

Abelino Flores Rodriguez, **Sp. 25** *Lease*

_[signature: Oscar Sanchez Sanchez]_
Oscar Sanchez, **Sp. 27** *Lease*

_[signature: Leticia Videles G.]_
Leticia Vidales (Vidal Gomez), **Sp. 27** *Lease*

_[signature: Ma Anita Brito M.]_
Maria Anita (Munguia) Brito, **Sp. 28** *Lease*

_[signature: Ricardo Valdovinos]_ *Lease*
(Richard) Ricardo Valdovinos Cortez, **Sp. 29**

**AFFIDAVIT**
Rita Maria Valdovinos, **Sp. 29** *Lease*

**AFFIDAVIT**
Cesar P. Maldonado, **Sp. 30** *Lease*

_[signature: Francisco]_
Francisco Rodriguez, **Sp. 30** (rent cks)

_[signature: Lorena Arias]_
Lorena Rodriguez, **Sp. 30** (rent cks)

_[signature: Alejandro Cachu]_
Alejandro G. Cachu(a), **Sp. 32** *Lease*

_[signature: Mora Nancy]_
Nancy G. Mora Valdes, **Sp. 32** *Lease*

_[signature: Onofre Bravo Lopez]_
Onofre Bravo (Lopez), **Sp. 34** *Lease*

_[signature: Jose F Muñoz]_
Jose F. Munoz, **Sp. 35** *Lease*

_[signature: Rosa Muñoz]_
Rosa Munoz, **Sp. 35** *Lease*

**AFFIDAVIT**
Mario Cayetano (Regino), **Sp. 36** *Lease*

_[signature: Maria Guillermo]_
Maria (E.) Guillermo, **Sp. 36** (rent cks)

**AFFIDAVIT**
Jorge Luis Perez Carrillo, **Sp. 37** *Lease*

**AFFIDAVIT**
Leila Marie Bacalzo, **Sp. 37** *Lease*

_[signature: Carrillo]_
Celfa Carrillo, **Sp. 37** (rent cks)

_[signature: Victor H.P.]_
Victor H. Perez, **Sp. 37** (rent cks)

_Nancy E. Segura_ (Cortes), **Sp. 38** *Lease*

Hugo Zamora, **Sp. 39** *Lease*

**CORRECT LEASE PROVIDED
YOUR ERROR**

Vincent Zamora, **Sp. 40** *Lease*

Emilia Zamora, **Sp. 39** *Lease*

Francisco Martinez-Chavez, **Sp. 40** (rent cks)

Henry Sanchez, **Sp. 42** *Lease*

Maria Rodriguez, **Sp. 42** *Lease*

Sarai Reyes Hernandez, **Sp. 43** *Lease*

Misael Salinas, **Sp. 43** *Lease*

**DECEASED DOCS PROVIDED**

Patricia Ware (deceased), **Sp. 44** *Lease*

Alvaro Cervantes, **Sp. 45** (rent cks)

**CORRECT LEASE PROVIDED
YOUR ERROR**

Morasel Cayetano, **Sp. 46** *Lease*

**AFFIDAVIT FOR LETICIA MARTINEZ**

Demitrio Morales, **Sp. 46** (rent cks)

Jorge Alfaro-Pena, **Sp. 47** *Lease*

Yolanda Cachu Guerrero, **Sp. 47** *Lease*

Antonio Melgoza, **Sp. 48** *Lease*

Maria Mendoza, **Sp. 48** *Lease*

**AFFIDAVIT**

Alejandre S. Cortes, **Sp. 50** *Lease*

Mariana (A.) Cortes (Alejandre), **Sp. 50**

Uriel Zamora-Martinez, **Sp. 56** *Lease*

Oscar Malpica Ruiz, **Sp. 53** (rent cks)

**SEE BRENDAN SETTLEMENT**

Catarino Zamora Nieves, **Sp. 56** *Lease*

**SEE SPACE 18**

Amalia Ortega Vite, **Sp. 58** *Lease*

Jessica Vazquez (Vite), **Sp. 58** *Lease*

**AFFIDAVIT**

Juan Gonzalez, **Sp. 61** *Lease*

Isidra Mejia, **Sp. 61** *Lease*

**AFFIDAVIT**

Encarnacion Romero, **Sp. 61** *Lease*

Elvia Cervantes (Esquihua), **Sp. 62** *Lease*

Crisanto Medina, **Sp. 62** *Lease*

Daniel Gonzalez, **Sp. 63** (rent cks)

**BURNED**

Uriel Blanco, **Sp. 64** *Lease*

**BURNED**

Elisa Blanco, **Sp. 64** *Lease*

Maria Blanco, **Sp. 64** (rent cks)

**BURNED**

Trejo Blanco, **Sp. 64** (rent cks)

Jesus Bravo Alejandre, **Sp. 66** *Lease*

Guadalupe Rodriguez, **Sp. 66** *Lease*

**AFFIDAVIT**

Felipe Cayetano, **Sp. 67** *Lease*

Jovita Chavez (Ceja), **Sp. 67** *Lease*

## AFFIDAVIT

_____
Emmanuel Ocampo, **Sp. 69** *Lease*

## AFFIDAVIT

_____
Rufino Ocampo, **Sp. 69** *Lease*

*Eulogia Morales*
Eulogia Morales, **Sp. 69** (rent cks)

*Genaro Bravo*
Genaro Bravo, **Sp. 72** *Lease*

*Martha Bravo*
Martha Bravo, **Sp. 72** *Lease*

## CR-2A SETTLEMENT AGREEMENT

### *Firs HOA v. Fife Motel, Inc.*

King County Superior Court, Cause No. 17-2-07094-7

This CR-2A Agreement ("Agreement") is entered into by and between the Firs Home Owners Association and Crisanto Medina ("Association"), representing and on behalf of all of its members, and Fife Motel, Inc. ("Defendant"), dated as of March 21, 2019.

The Parties mediated this matter before the Honorable Paris Kallas (ret.) on March 21, 2019. The mediation resulted in a settlement that was memorialized in this CR 2A Agreement. The parties will cooperate to draft a final settlement agreement and release within seven days of the execution hereof and obtain signatures of all members within 30 days.

**Mutual Release of Claims and Dismissal of LUPA Action.**

Each Party will release each other Party, and their agents, employees, directors, officers, affiliated companies, insurers, attorneys, successors, and assigns, from any and all claims, counterclaims, demands, sums of money, actions, or causes of actions, which any Party had, or claims to have had, which were asserted, or could have been asserted, through the date of the CR2A Agreement. The Association agrees to dismiss the LUPA action now pending in King County Superior Court, Cause No. 17-2-07094-7 with prejudice, and not to contest further land use or zoning permitting efforts related to development of the mobile home park.

Fife Motel agrees to provide a neutral rental reference.

**Waiver of Rights Under MHLTA**

The Association will waive all past and future rights and obligations arising under the Mobile Home Landlord Tenant Act ("MHLTA") RCW 50.20 *et seq*.

**Payment**

Fife Motel agrees to pay to the Association, collectively, the sum of $420,000, for 42 units within thirty (30) days of receipt of the final signed settlement agreement and release and Form W-9 from Plaintiffs' counsel, to be held in trust pending delivery of the mobile home title and relocation assistance documents referenced below. Payment shall be made to Barraza Law, PLLC in trust for Plaintiffs.

**Move-Out**

The tenants who are members of the Association agree to vacate the mobile home park on or before June 30, 2020. The tenants will execute and deliver a Stipulation for the *ex parte* entry of a Stipulated Judgment for each tenants' eviction without any notice to such tenants. The tenants agree to either relocate their mobile home or if immovable provide the title to their respective

units signed over to Fife Motel, Inc. to Barraza Law, PLLC, to be held in trust and delivered to Fife Motel., Inc. upon move out but in any case no later than June 30, 2020. In addition, tenants agree to fully complete all necessary forms required by the Department of Commerce for Fife Motel, Inc. to obtain the relocation assistance benefit in such a manner that Fife shall pay all tax consequences of receipt of such relocation assistance. The parties agree to cooperate in working to resolve a material term involving issuance of a Form W-9 as part of these relocation documents. The Parties acknowledge that it is a material term to Plaintiffs to avoid issuance of a 1099 and it is a material term to Fife that all necessary relocation documents be completed. Upon delivery of these documents, the Association's counsel may release settlement funds to the Association.

**Lease Provisions**

Each tenants' lease remains in effect, with the exception of the rent term and termination date. The Parties agree that the termination date shall be June 30, 2020 unless the tenant sooner vacates their unit, and that no rent or other charges shall be due. Each tenant shall not park more than three cars on the tenants' lot.

**Ongoing Obligations.**

The Parties agree that given the lack of rental income no further capital improvements, upgrades, or services in addition to what is currently being offered will be provided by Fife Motel, Inc. and Fife Motel, Inc. intent is to limit its obligations to basic maintenance, such as provision of water, sewer at current levels, and maintenance of common area electrical lines not owned by Puget Sound Energy. The Parties understand that as of July 1, 2020, the Park will be closed and no further utilities or services will be provided. The Parties agree that Fife will provide a relocation specialist only from January 1, 2020 to June 30, 2020.

**Admission of Liability.**

Nothing contained herein is intended to constitute an admission of liability by any Party.

**Governing Law.**

This Release shall be construed and interpreted according to the laws of the State of Washington.

**Construction of Agreement.**

The language of this CR 2A Agreement shall be construed as a whole and without implying a presumption that the terms of this CR 2A Agreement shall be more strictly construed against any Party, it being acknowledged and agreed that representatives of all Parties have participated in the preparation of the Agreement.

**Authority.**

The undersigned certify and warrant that they are fully authorized to enter into this Release and to bind said Party if executing in a representative capacity.

**Entire Understanding.**

This CR 2A Agreement sets forth the entire agreement of the Parties and may be modified only by written instrument duly signed and executed by each Party.

This Release executed as of this 22 day of March, 2019.

_WWA Clsez #24462_
Thomas W. Stone, WSBA #37559
Attorney for Fife Motel, Inc.

_[signature]_
Vicente Omar Barraza, WSBA#43589
Attorney for Association

Dated:

_[signature]_
Misael Salinas, President, Firs HOA

_Leticia Vidales G._
Leticia Vidales, Member of the HOA Board

_[signature]_
Erasmo Martinez, Member of the HOA Board

_[signature]_
Nancy Segura, Member of the HOA Board

_[signature]_
Luis A. Moreno, Member of the HOA Board

_[signature] WSBA #31273_
Christina L. Henry, Counsel for Crisanto Medina

_Crisanto Medina_