# EXHIBIT 6

# City of SeaTac

# City Council

# Administrative

# Procedures

Resolution No. 00-006 04/11/00; as amended by Resolution No. 02-004 02/26/02; Resolution No. 02-007 05/14/02; Resolution No. 03-010 06/10/03; Resolution No. 03-013 07/08/03; Resolution No. 03-015 07/08/03; Resolution No. 04-002 03/23/04; Resolution No. 04-003 05/11/04; Resolution No. 04-006 06/08/04; Resolution No. 04-012 08/10/04; Resolution No. 05-016 10/11/05; Resolution No. 06-012 04/25/06; Resolution No. 08-017 07/22/08; Resolution No. 09-006 03/24/09; Resolution No. 10-003 01/26/10; Resolution No. 10-017 11/09/10; Resolution No. 12-001 01/10/12; Resolution No. 12-003 02/14/12; Resolution No. 13-003 04/09/13; Resolution No. 14-008 04/08/14; Resolution No. 15-002 01/13/15; Resolution No. 15-014 08/11/15.

fairness. Abstentions from any votes for any other reasons shall be construed as silence during voting, and shall be recorded as a vote with the prevailing side.

For the purposes hereof, "conflict of interest" and "appearance of fairness" shall be defined as those terms used and set forth in Chapters 42.20, 42.23 and 42.36 of the Revised Code of Washington, and as they may be amended by legislative action or construed by judicial review.

(B)    A roll call vote may be requested by the Mayor or any member of the Council.

(C)    All matters before the Council shall require the affirmative vote of a majority of the Councilmembers present, unless otherwise provided by State Law (RCW Chapter 35A et. seq.).

(D)    For meetings where voting will take place: Any Councilmember who is unable to be physically present for any meeting of the Council may participate in discussions and may vote on any matter before the Council, including proposed Ordinances, Resolutions, and Motions, by telephone or other means of telecommunication, providing that:

   (1)    A quorum of the Council is physically present at the meeting site; and

   (2)    Electronic facilities exist and are operational so that the absent Councilmember will participate in Council discussions in a manner that comments, discussions, and voice votes of the absent Councilmember are audible to the assembled Council and audience, and that the absent Councilmember can hear all comments, discussions, and votes that are audible to all Councilmembers who are physically present.

## Section 10. Council Relations with Staff

(A)    There will be mutual respect from both Councilmembers and staff of their respective roles and responsibilities when, and if expressing criticism in a public meeting. City staff acknowledges the Council as policy makers and the Councilmembers acknowledge staff as administering the Council's policies.

(B)    Neither the Mayor nor any Councilmember shall direct the City Manager to initiate any action or prepare any report that is major in nature, or initiate any major project or study without the approval of a majority of the Council.

(C)    All requests for significant information, statistics, interpretations, or answers to questions from a Councilmember shall be directed to the City Manager by means of hardcopy or electronic version (e-mail) of the Council Information Request. The City Manager shall reply by acknowledging receipt and by providing an estimated time or date for substantive response. The City Manager shall forward the request to the appropriate Department Director for written or electronic response.

(D)    All written material accumulated and/or prepared in response to an individual

Councilmember shall be provided by the City Manager, to all Councilmembers.

(E) All requests for minor information, statistics, interpretations, or answers to questions may be directed to the City Manager or directly to involved staff. It is understood that staff receiving such requests are required to advise their supervisor and/or Department Director of any request for the purpose of assuring integrity of the chain of command and chain of communication to the City Manager.

(F) Councilmembers shall not attempt to coerce or influence staff in the selection of personnel, the awarding of contracts, the selection of consultants, the processing of development applications or the granting of City licenses or permits.

(G) The Council shall not attempt to change or interfere with the operating rules and practices of any City department.

(H) The following definitions shall apply to this Section:

(1) "Major" information, statistics, interpretations, or answers to questions means any effort which is reasonably estimated to entail more than two hours of staff time.

(2) "Significant" information, statistics, interpretations, or answers to questions means any effort which is reasonably estimated to entail one hour or more, but less than two hours, of staff time.

(3) "Minor" information, statistics, interpretations, or answers to questions means any effort which is reasonably estimated to entail only an immediate response or less than one hour of staff time.

## Section 11. Confidentiality

A. Councilmembers should keep all written materials and verbal information provided to them, on matters that are confidential under law, in complete confidence to insure that the City's position is not compromised. No mention of information read should be made to anyone other than other Councilmembers, the City Manager or the City Attorney or by City staff designated by the City Manager.

B. If the Council, in Executive Session, has provided direction or consensus to staff on proposed terms and conditions for any type of issue, all contact with the other party should be done by the designated staff representative handling the issue. A Councilmember should not have any contact or discussion with the other party, or their representative involved with the issue, and should not communicate any discussion conducted in Executive Session.

## Section 12. Executive Sessions

(A) It is acknowledged that the Open Public Meetings Act (OPMA) of Chapter 42.30 RCW is a mandate that the "people, in delegating authority, do not give their public servants the