The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Firs Home Owners Association,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of SeaTac, a Municipal Corporation,<br><br>　　　　　Defendant. | NO. 2:19-cv-01130-RSL<br><br>DECLARATION OF STEVE PILCHER |

Pursuant to 28 U.S.C. § 1746, I, Steve Pilcher, state and declare under penalty of perjury as follows:

1.  I was Director of the City of SeaTac's Department of Community and Economic Development ("CED") from July 2018 until July 2, 2020. Prior to July 2018, I served as the City of SeaTac's Planning Manager within the CED department. I was employed by the City of SeaTac for seven-plus years. This declaration is based on my own personal knowledge.

2.  The relocation and closure of mobile home parks in Washington is regulated by state law. *See* RCW § 59.20.080(e); Ch. 59.21 RCW. The City of SeaTac is one of a

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 1

small number of cities (possibly only two) that have adopted a municipal ordinance that created additional regulations pertaining to the relocation and closure of mobile home parks. This ordinance is codified at SeaTac Municipal Code ("SMC") § 15.465.600(H), a copy of which is attached as Exhibit 1.

3.      The objective of the municipal ordinance codified at SMC § 15.465.600(H) is to provide protections to mobile home park residents in addition to those provided under state law. The ordinance establishes a process that a property owner must follow, and requirements a property owner must satisfy, in order to close a mobile home park within the jurisdictional boundaries of the City.

4.      The City of SeaTac is a Code City in the State of Washington that has a Council-Manager form of government, pursuant to Chapter 35A.13 RCW. Under this form of government, the City Council selects one member to serve as the chair of the council who has the title of mayor. The mayor maintains all rights and privileges of a councilmember, presides at meetings of the council, is recognized as the head of the city for ceremonial purposes, but has no regular administrative duties.

5.      On May 26, 2016, Fife Motel, Inc. (herein "Fife Motel") submitted to the City an application seeking approval of a Mobile Home Park Relocation Plan (herein "Relocation Plan") for its property, commonly referred to as the Firs Mobile Home Park. CED was responsible for processing this application. Much of CED's subsequent communication with Fife Motel about the relocation plan was through Kerry Lynch, a "Relocation Specialist" hired by Fife Motel.

6.      The City Council does not have any role in the mobile home park relocation

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 2

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

plan review process described at SMC § 15.465.600(H).  Appeals from decisions approving or denying mobile home park relocation plans are heard by the City of SeaTac hearing examiner.  The mayor and city council have no role in the appeal process.

7. I am unaware of any other mobile home parks in the City that have been closed during the past 20 years.  The application from Fife Motel was the only application to close or relocate a mobile home park processed by the City while I was employed there.  Prior to receiving the Relocation Plan from Fife Motel, I had not been to the Firs Mobile Home Park.

8. The closure of a mobile home park is subject to environmental review under Washington's State Environmental Policy Act ("SEPA"), Ch. 43.21C RCW.  Therefore, Fife Motel also submitted a SEPA checklist for review by the City with their Relocation Plan.

9. As the City's Planning Manager, I was responsible for SEPA environmental review and evaluating whether the Relocation Plan met the requirements of SMC § 15.465.600(H).  I was responsible for issuing a final determination regarding SEPA, and CED Director Jeff Robinson was responsible for issuing a final determination whether to approve the Relocation Plan.

10. On June 9, 2016, I informed Fife Motel that the SEPA checklist was inadequate and that the City required additional information in order to issue a threshold determination about the potential environmental impacts of the proposed mobile home park closure.  A true and correct copy of my email to Ms. Lynch is contained in the email correspondence attached hereto as Exhibit 2.

11. On June 20, 2016, Fife Motel submitted a revised SEPA checklist to the City,

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 3

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

a true and correct copy of which is attached as Exhibit 3. I subsequently informed Fife Motel that the City anticipated making a SEPA determination during the week of July 11, 2016.

12. On this same date, I also informed Fife Motel that the City was required by SMC § 15.465.600(H)(2)(b) to meet with tenants of the Firs Mobile Home Park before issuing a decision on the Relocation Plan. A true and correct copy of email correspondence documenting the foregoing is attached as Exhibit 4. Fife Motel proposed that a City representative attend a July 11, 2016, open house/community meeting it was organizing at a hotel adjacent to the mobile home park.

13. SMC § 15.465.600(H) requires a mobile home park owner to "notify, in writing, all affected park tenants and the department that the owner is beginning the process of preparing a mobile home park relocation plan." SMC § 15.465.600(H)(2)(b). It also states that "*[i]n such notification*, the [CED] department shall schedule a meeting with tenants to inform them of the owner's proposal . . ." *Id.* (emphasis added). Since the meeting notice had been provided by Fife Motel, I did not understand the ordinance to require a separate meeting organized by the City, so long as the residents received notice that a City representative would attend the meeting. The notice from Fife Motel to its tenants advised them that I would attend the July 11, 2016, community meeting for the purpose of answering questions about the relocation process. A copy of this notice is attached as Exhibit 5.

14. Acting CED Director Jeff Robinson and I attended the open house/community meeting on July 11, 2016. At this meeting, we discussed the relocation

DECLARATION OF STEVE PILCHER – NO. 2:19-cv-01130-RSL - 4

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

plan, the requirements of the City's mobile home relocation standards, and the closure timeline proposed by Fife Motel.

15. During the open house/community meeting on July 11, 2016, I became aware for the first time that a majority of residents of the Firs Mobile Home Park appeared to be of Latino or Hispanic origin, and that some did not speak English. An interpreter was hired by Fife Motel for the meeting, who translated both Ms. Lynch's and our comments into Spanish.

16. By early July, 2016, review of the SEPA checklist was complete. An analysis of the SEPA checklist is documented in a staff report, a true and correct copy of which is attached as Exhibit 6.

17. On July 22, 2016, the City issued a SEPA threshold determination of nonsignificance, a true and correct copy of which is attached as Exhibit 7. Notice of the SEPA threshold determination was published in the manner required by state law on July 27, 2016. A true and correct copy of an email I sent to persons and agencies entitled to public notice, including a copy of the SEPA threshold determination, is attached as Exhibit 8. The City also required Fife Motel to post notice at the Firs Mobile Home Park. Email correspondence between myself and Kerry Lynch about the posting of the SEPA notice at the Firs Mobile Home Park is attached as Exhibit 9.

18. Once the SEPA threshold determination has been issued, a 14-day comment period begins. At the end of the comment period, the threshold determination may be modified by the City. In this case, the City did not receive any public comment on the SEPA threshold determination and therefore no modifications were made. After the

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 5

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

comment period that ended on August 5, 2016, the determination may be appealed within 10 days. The threshold determination was not appealed and became final on August 15, 2016.

19. I am aware that the plaintiff in this lawsuit has criticized the City for not translating the SEPA threshold determination into Spanish. I have been a land use planner in the State of Washington for more than 40 years and am not aware of any requirement that SEPA threshold determinations be translated into other languages. I cannot recall ever translating a SEPA threshold determination into another language. To the best of my knowledge, no other jurisdictions routinely translate SEPA threshold determinations into other languages.

20. In early August 2016, I began my review of the Relocation Plan submitted by Fife Motel. During this process, I consulted with Acting CED Director Jeff Robinson. It was apparent that the Relocation Plan did not contain all of the elements required by the City's ordinance. On August 16, 2016, I sent Fife Motel substantive comments on the Relocation Plan pursuant to SMC § 15.465.600(H)(2)(e). A true and correct copy of my email to Kerry Lynch containing these comments is attached as Exhibit 10.

21. The City also thought it was important that pertinent parts of the Relocation Plan be translated into Spanish for the benefit of the Firs residents. In my email to Kerry Lynch on August 16, 2016, I directed Fife Motel to translate pages 2 through 10 of the Relocation Plan into Spanish. This was not required by the City's ordinance.

22. On August 30, 2016, Jeff Robinson and I attended a meeting with residents of the Firs Mobile Home Park at the nearby Madrona Elementary School. Former City of SeaTac Human Services Manager Colleen Brandt-Schluter also attended this meeting.

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 6

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

During the meeting, Jeff Robinson and I discussed the mobile home park closure process outlined in the City's municipal code.

23. On September 1, 2016, I receive a telephone call from Helena Benedict, who identified herself as an advocate for residents of the Firs Mobile Home Park. During this brief telephone call, I provided Ms. Benedict with an overview of the relocation plan review process mandated by SMC § 15.465.600(H). Additionally, I explained to Ms. Benedict that the City is required to approve a relocation plan that meets the criteria established by SMC § 15.465.600(H).

24. In late August 2016, the City received a Spanish translation of the Relocation Plan, as requested by the City.

25. In an effort to ensure that residents of the Firs Mobile Home Park received accurate information, the City hired a third-party consultant to review the translated copy of the Relocation Plan prepared by Fife Motel. A true and correct copy of my email to consultant Virginia Herrera-Paramo dated September 19, 2016, is attached as Exhibit 11.

26. The consultant had some concerns about the translation provided by Fife Motel and opted to re-translate the original document. A true and correct copy of a letter from the consultant dated October 3, 2016, along with the re-translated document and an invoice, are attached as Exhibit 12.

27. On October 6, 2016, I sent the re-translated document to Ms. Lynch and asked her to "substitute this version into the draft document and provide [the City] with a final draft so there will be a clear record of what we are being asked to approve." A true and correct copy of my email to Ms. Lynch (without attachments) and Ms. Lynch's response is

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 7

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

attached as Exhibit 13. The City charged Fife Motel for the cost of having the Relocation Plan re-translated into Spanish.

28. On October 7, 2016, Fife Motel submitted a revised Relocation Plan with the substituted Spanish translation to the City. A true and correct copy of the revised relocation report plan is attached as Exhibit 14.

29. I reviewed the revised Relocation Plan to determine whether it met the requirements of SMC § 15.465.600(H)(1). One requirement of a Relocation Plan is an inventory of park tenants and their mobile homes. *See* SMC § 15.465.600(H)(1)(a). The City's ordinance specifies that the inventory should include information about park tenants, to include their age, income and the number of years the residents have lived in the mobile home park. *See* SMC § 15.465.600(H)(1)(a)(i). The inventory forms provided with the relocation plan included this information with the exception of income information. While I was not involved in drafting the ordinance in the 1990s, it was my opinion that it was improper to ask residents to disclose their personal income information to the City. I did not believe this was information that the City could require from the general public, especially when privacy concerns have substantially increased over the past twenty-plus years. I did not consider the inventory sheets inadequate simply because they did not contain personal income information of park residents.

30. The City's ordinance also required the inventory forms to state that they were voluntary and being requested for the purpose of evaluating the impacts of closing a mobile home park. *See* SMC § 15.465.600(H)(1). I understand from the LUPA action that the inventory forms used by Fife Motel did not include these statements. More than four years

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 8

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

have passed and I cannot recall with any specificity my thoughts about these omissions or whether I was even aware that the inventory forms did not include all language required by the City's ordinance. At the time, I believed the Firs MHP residents were aware that Fife Motel wanted to close the park and that the inventory forms were being collected as part of its efforts to obtain approval to do so. CED always tried to apply the City's code neutrally, as written. To the extent we failed to require the inventory to include these statements, this error was inadvertent. It was certainly not my intention to shortcut the process required by the City's ordinance.

31. In addition to the inventory of park tenants and their mobile homes, Fife Motel had previously provided a SEPA checklist, which satisfied the requirement at SMC § 15.465.600(H)(1)(b) that a property owner evaluate environmental conditions at the mobile home park. The relocation plan contained a list of relocation options as required by SMC § 15.465.600(H)(1)(c). The relocation plan contained a statement of housing preferences for each mobile home tenant at Attachment A, as required by SMC § 15.465.600(H)(1)(d). The relocation plan also identified efforts Fife Motel would undertake in order to minimize the impacts of park closure on the tenant as required by SMC § 15.465.600(H)(1)(e). My analysis was later summarized in a staff report I prepared for the City of SeaTac hearing examiner, a true and correct copy of which is attached (without attachments thereto) as Exhibit 15.

32. After a careful review, both Acting CED Director Jeff Robinson and I concluded that the proposed Relocation Plan complied with the requirements of SMC § 15.465.600(H)(1). For this reason, the City issued a certificate of approval on October 17,

DECLARATION OF STEVE PILCHER – NO. 2:19-cv-01130-RSL - 9

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

2016. A true and correct copy of the certificate of approval is attached as Exhibit 16. The City also arranged for copies of the certificate to be delivered to residents of the Firs Mobile Home Park.

33. I am aware that residents of the Firs Mobile Home Park have criticized the City for not issuing the certificate of approval in Spanish. SeaTac is a diverse city and many of its residents are not native speakers of English. In my time as a land use planner with the City of SeaTac, the City has approved hundreds if not thousands of land use applications, including building permits, development agreements, variances, and certificates of approval. The City has never had a practice or policy to translate land use documents into the various languages that may be used by applicants and interested members of the general public. In this regard, the manner in which the City processed the Relocation Plan submitted by Fife Motel and issued a certificate of approval is consistent with the manner it has processed all other land use applications.

34. On September 20, 2016, I sent an email to then-Mayor Mike Siefkes to inform him generally of the proposal by Fife Motel to close the Firs Mobile Home Park. A true and correct copy of this email is attached as Exhibit 17. Aside from this email, I do not recall any discussions with then-Mayor Siefkes about the Relocation Plan or the Firs Mobile Home Park.

35. In early October I was asked to prepare a briefing paper about the status of the Relocation Plan review process for the City Council. The briefing paper was prepared because the City Council was convening a town hall meeting on October 6, 2016, at which they could be asked questions about the City's review of the Relocation Plan. A true and

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 10

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

correct copy of the briefing paper is attached hereto as Exhibit 18.

36. Aside from the above-described correspondence, I did not discuss the proposed Relocation Plan with any member of the SeaTac City Council. I am aware that residents of the Firs Mobile Home Park attended numerous meetings of the SeaTac City Council. I also understand that the City Council was aware of the impending closure of the Firs Mobile Home Park and that the City Council had no role in the process. No City Council member contacted me to discuss the Firs Mobile Home Park or review of the Relocation Plan submitted by Fife Motel.

37. I periodically met with then-City Manager Joseph Scorcio, and he was aware of ongoing developments within CED, including my review of the Relocation Plan. During our conversations, Mr. Scorcio emphasized that CED should process the Relocation Plan in a manner consistent with the SeaTac Municipal Code.

38. I understand that the plaintiff alleges in this lawsuit that the decision to approve the Relocation Plan was motivated by racial animus. This allegation is both erroneous and highly offensive. The City performed an objective evaluation of the Relocation Plan and issued a certificate of approval because it determined that the Relocation Plan satisfied the requirements of SMC § 15.465.600(H). The City's approval of the Relocation Plan is not the equivalent of ratifying or approving an owner's decision to close a mobile home park.

39. On October 31, 2016, Crisanto Medina, in his capacity as president of the Firs Mobile Homeowners Association, filed an appeal of the City's issuance of a certificate of approval. The appeal process is set forth at SMC § 15.465.600(H)(2)(g) and SMC §

DECLARATION OF STEVE PILCHER – NO. 2:19-cv-01130-RSL - 11

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

15.115.070. Pursuant to these provisions of the SeaTac Municipal Code, the appeal is adjudicated by the City's hearing examiner. The City Council plays no role in this appeal process.

40. A copy of Mr. Medina's appeal and a supplemental document submitted by Mr. Medina in support of his appeal are attached at Exhibit 19. A copy of the City's staff report to the hearing examiner is attached at Exhibit 15.

41. The appeal stayed the relocation plan process pursuant to SMC § 15.465.600(H)(A)(2)(g). As a result, CED took no further action to implement the Relocation Plan. I understand from reading the complaint filed in this lawsuit that Fife Motel or its representatives may have engaged in activities that residents of the Firs Mobile Home Park objected to, including filing unlawful detainer action against some residents. I also understand that this conduct resulted in litigation between Fife Motel and residents of the Firs Mobile Home Park. I was personally unaware of the details of the private disputes between Fife Motel and some residents of the Firs Mobile Home Park until reading a copy of the complaint filed by the plaintiff in this lawsuit. Regardless, the City will demand compliance with its ordinance and would not, and will not, allow Fife Motel to close the Firs Mobile Home Park prematurely.

42. The City of SeaTac hearing examiner convened a public hearing on the appeal on January 10, 2017. A certified hearing transcript is attached as Exhibit 20. A court certified Spanish interpreter provided interpretation services at the hearing.

43. The City of SeaTac hearing examiner denied the appeal in a decision dated February 22, 2017. A true and correct copy of the hearing examiner's decision is attached as

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 12

Exhibit 21. The City of SeaTac hearing examiner also denied a motion for reconsideration filed by the Firs Mobile Home Park Homeowners Association and Crisanto Medina on March 6, 2017, a true and correct copy of which is attached as Exhibit 22.

44. In March 2017, the Firs Home Owners Association and Crisanto Medina filed an action in King County Superior Court pursuant to Washington's Land Use Petition Act ("LUPA"), Ch. 36.70C RCW. The lawsuit is styled *Crisanto Medina and Firs Home Owners Association v. City of SeaTac and Fife Motel Inc.*, King County Superior Court Case No. 17-207094 KNT. The case is still pending. True and correct copies of the following orders and pleadings filed in that case are as follows:

Exhibit 23:  Land Use Petition filed March 24, 2017.

Exhibit 24:  Petitioners' Report to Court filed November 6, 2017.

Exhibit 25:  First Amended Land Use Petition filed December 22, 2017.

Exhibit 26:  Declaration of Crisanto Medina filed December 27, 2017. This declaration was filed as an exhibit to Firs Homeowners' Emergency Motion for Preliminary Injunction and for other Relief on Shortened Time.

Exhibit 27:  Respondent City of SeaTac's Response to Fife Motel's Motion to Require Security to Maintain Stay (Amended).

Exhibit 28:  Findings of Fact, Conclusions of Law, and Order to Remand for Modification filed September 18, 2018.

Exhibit 29:  Motion for Entry of an Order Finding Compliance with the Court's September 19, 2018 Order to Remand for Modification filed February 14, 2020.

45. As indicated by these pleadings, the Relocation Plan was remanded to the

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 13

City in September, 2018. Subsequent to that order, a revised SEPA checklist was sent to the City and residents of the Firs Mobile Home Park, a true and correct copy of which is attached hereto as Exhibit 30. Fife Motel also prepared an appendix to the Relocation Plan, a true and correct copy of which is attached as Exhibit 31.

46. The City subsequently received comments about the Relocation Plan and the appendix to the relocation plan. In my capacity as CED director, I reviewed the Relocation Plan, the revised appendix and the comments received about the Relocation Plan and appendix. I determined that the Relocation Plan and appendix satisfied the requirements of SMC § 15.465.600(H). The City issued a new certificate of approval on January 24, 2020, a true and correct copy of which is attached as Exhibit 32.

47. On January 28, 2020, the City transmitted the Relocation Plan appendix to the hearing examiner for review. As reflected in the letter, the City, the HOA and Fife Motel <u>all</u> requested that the hearing examiner approve the Relocation Plan and appendix. A true and correct copy of the transmittal letter is attached as Exhibit 33.

48. The January 24, 2020, certificate of approval was upheld by the City of SeaTac hearing examiner in a written decision issued January 29, 2020, a true and correct copy of which is attached as Exhibit 34.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing declaration is true and correct.

DATED THIS 22 day of FEBRUARY, 2021, at Tacoma, Washington.

STEVE PILCHER

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 14

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

# CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| V. Omar Barraza | omar@barrazalaw.com |
| Christina L. Henry | chenry@hdm-legal.com |
| Mary E. Mirante Bartolo | mmbartolo@seatacwa.gov |
| Mark S. Johnsen | mjohnsen@seatacwa.gov |
| Brendan W. Donckers | bdonckers@bjtlegal.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/ QUINN N. PLANT
WSBA #31339
Menke Jackson Beyer, LLP
*Attorneys for Defendant*
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: qplant@mjbe.com

DECLARATION OF STEVE PILCHER –
NO. 2:19-cv-01130-RSL - 15

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351