# EXHIBIT 22

## OFFICE OF THE HEARING EXAMINER

## CITY OF SEATAC

## DECISION ON RECONSIDERATION

**CASE NO.:**    APL 16-0001
Appeal of an Administrative Decision
The Firs Mobile Home Park Relocation Plan

On January 19, 2017, the Examiner conducted a public hearing to consider the appeal submitted by Crisanto Medina and The Firs Mobile Home Park Homeowners Association of a decision of the City of SeaTac acting Community and Economic Development Director to approve the Mobile Home Park Relocation Plan for The Firs Mobile Home Park. At the conclusion of the hearing the Examiner left the record open to allow submittals of written testimony and briefs. The record closed on February 2, 2017, and the Examiner issued his decision denying the appeals on February 22, 2017. The SeaTac Municipal Code (SMC) requires the Examiner to render a written decision supported by findings of fact and conclusions of law within "ten (10) days of the conclusion of a hearing". The Examiner has interpreted said time limit consistent with RCW 35.63.130 that requires an examiner to render a final decision "within ten working days following conclusion of all testimony and hearings" and with SMC 16A.17.090 that requires the filing of a reconsideration request within five (5) working days of the final decision. Thus, the two week period expired on Thursday, February 16, 2017, and the decision was three working days late considering the Presidents Day holiday. Because of the late decision appellants request the Examiner to vacate his decision and remand the matter to the City to reconvene a new public hearing to consider the same appeals and for the Examiner to issue a timely, final decision. In the alternative appellants request the Examiner to reissue the decision to reflect The Firs Homeowners Association as one of the appellants and to correct the spelling of the names of appellant Medina and counsel.

The City by and through Mary Mirante Bartolo submitted a response to the Motion for Reconsideration on March 2, 2017. Ms. Bartolo asserts that appellants have provided no authority for their request to vacate or invalidate the Examiner's decision, nor have they alleged any prejudice caused by the delay. Ms. Bartolo has no objection to modifying the decision to include the names of both appealing parties.

Based upon the Motion for Reconsideration and response thereto the following findings are hereby made as follows:

1R.    The City of SeaTac Hearing Examiner Code set forth in Chapter 1.20 SMC provides no remedy for a late hearing examiner decision. In the present case, appellants' request for a second public hearing would result in litigating the same matter twice, thereby violating the judicial interest in avoiding repetitious litigation

and the potential of inconsistent results.

2R. Vacating the previous decision and scheduling this matter for a second public hearing would violate the doctrine of res judicata as the second hearing would have an identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. Our Washington Supreme Court has extended the res judicata doctrine to quasi judicial decisions. See Hilltop Terrace Association v. Island County, 126 Wn. 2d 22, 891, P 2d 29 (1995).

3R. Attached hereto are a corrected front page and a corrected transmittal page of the Report and Decision that reflect correct name spellings and list The Firs Mobile Home Park Homeowners Association as an appellant. Furthermore, pages 3x and 7x of the minutes are modified to correct the spelling of Mr. Barraza's name as "Omar Barraza". The spelling of Mr. Medina's name in the minutes, the findings, and the conclusions is correct.

4R. Mr. Walt Olsen submitted an email dated March 3, 2017, commenting upon the Motion filed by Mr. Barraza on behalf of the appellants. Mr. Olsen asserts that Mr. Barraza's Motion for Reconsideration is untimely based upon SMC 16A.17.090 entitled "Motion for Reconsideration". Title 16A SMC sets forth the Development Review Code and SMC 16A.17.090 requires the filing of a written request for reconsideration "with the decision maker within five (5) working days of the final decision". Thus, unlike the SMC Hearing Examiner Code, the reconsideration period refers to "working" days. The Examiner issued his decision on February 22, 2017, and five days therefrom is March 1, 2017. Thus, Mr. Barazza timely filed his reconsideration request.

5R. Section 16A.17.090 SMC provides that reconsideration should be granted only when "an obvious legal error has occurred or a material factual issue has been overlooked that would change the previous decision". Appellants' reconsideration request alleges neither an obvious legal error nor material factual issue that would change the decision.

## DECISION:

The Request for Reconsideration is hereby denied, but the erroneous spellings of appellant's and counsel's names are corrected and The Firs Mobile Home Park Homeowners Association is included as an appellant.

**ORDERED** this 6th day of March, 2017.

STEPHEN K. CAUSSEAUX, JR.
Hearing Examiner

**TRANSMITTED** this day of March, 2017, to the following:

**APPLICANT:**   Fife Motel, Inc.
706 Marine Hills Way
Federal Way, WA 98003

**ATTORNEY:**   Olsen Law Firm PLLC
Attn: Walter H. Olsen, Jr.
205 South Meridian
Puyallup, WA 98371

**APPELLANTS:**   Crisanto Medina
20440 International Boulevard, Space 62
SeaTac, WA 98198

The Firs Mobile Home Park Homeowners Association
20440 International Boulevard
SeaTac, WA 98198

**ATTORNEY:**   Barraza Law, PLLC
Attn: Vicente Omar Barraza
14245-F Ambaum Boulevard S.W.
Burien, WA 98166

**CITY ATTORNEY:**   City of SeaTac
Attn: Mary Mirante Bartolo, City Attorney
4800 South 188th Street
SeaTac, WA 98188-4236

**OTHERS:**

Jan Sylvester
12605-115th Avenue Court East
Puyallup, WA 98374

Earl Gipson
17050-51st Avenue South
SeaTac, WA 98188

CITY OF SEATAC