# EXHIBIT 28

F I L E D  The Honorable LeRoy McCullough
Courtroom 4A, Dept. 32

18 SEP 20 AM 11: 15

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CRISANTO MEDINA, a married man; and FIRS HOME OWNERS ASSOCIATION, a domestic nonprofit corporation,<br><br>Petitioners,<br><br>v.<br><br>CITY OF SEATAC, a Washington municipal corporation; and FIFE MOTEL INC., a domestic corporation, *et al.*,<br><br>Respondents. | Cause No. 17-2-07094-7 KNT<br><br>[PROPOSED]<br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO REMAND FOR MODIFICATION** |

THIS MATTER came on for hearing before the Court on May 16, 2018, and the Court made an oral ruling at a hearing on June 7, 2018. The Court having reviewed the SeaTac Municipal Code ("SMC") 14.465.600, the City of SeaTac ("City") Hearing Examiner Stephen K. Causseaux, Jr.'s ("Hearing Examiner") Certification of Record dated December 19, 2017, and the documents attached thereto (the "Record")[1], and the parties' hearing briefs, the Court now makes the following:

---

[1] Although the Court received several letters supporting the Firs Home Owners Association and the Petitioner's appeal, those letter were not part of the record below and, therefore, not considered here.

[PROPOSED]
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO REMAND FOR MODIFICATION** - 1
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

ORIGINAL

# FINDINGS OF FACT

1. The Court adopts the findings of fact contained in the Hearing Examiner's Report and Decision dated February 22, 2017 (the "Decision"), but the Court modifies the Decision to add the below additional findings of fact.

2. On January 10, 2017, witness Stephanie Ruiz testified before the Hearing Examiner that she received a notice of the May meeting taped to her door; that she attended the meeting where they were told there would be a one-on-one meeting with each family; that she did not have a one-on-one meeting for her family; that she does not recall giving information at the meeting regarding age, income, cost of living at the park. (*See* FIRSMBL0063- FIRSMBL0064, Certification of Record, Dkt. No. 30.)

3. The letter from Jong Park dated July 7, 2016, which the Hearing Examiner admitted as Exhibit 5, was not translated into Spanish.

4. The Determination of Nonsignificance dated July 22, 2016, which the Hearing Examiner admitted as Exhibit 7, was not translated into Spanish.

5. The City of SeaTac's letter dated October 17, 2016, which is part of the Record at page FIRSMBL0151, was not translated into Spanish.

6. There were multiple complaints by witnesses that the information provided by the owner was unclear, either because the documents were not in Spanish or because the public meeting interpreter did not speak Spanish well.

From the foregoing Findings of Fact, the court makes the following:

# CONCLUSIONS OF LAW

1. This is an appeal under Washington's Land Use Petition Act, Chapter 36.70C RCW. The Court has jurisdiction over the parties and of the subject matter.

|PROPOSED|
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 2
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

2. The Petitioners have the burden of proof in accordance with RCW 36.70C.130(1).

3. RCW 36.70C.140 provides that the Court may: (1) affirm or reverse the land use decision under review or remand it for modification or further proceedings; and (2) If the decision is remanded for modification or further proceedings, the court may make such an order as it finds necessary to preserve the interests of the parties and the public, pending further proceedings or action by the local jurisdiction.

4. For many of the mobile home park residents, Spanish is their first and only language. However, the Court was presented with no persuasive case or statutory requirement—either city, state or federal—that the letters or notices needed to be or were required to be issued in Spanish.

5. The Petitioners failed to establish error regarding the review period for the July 22, 2016 Determination of Nonsignificance. The Petitioners' appeal from that Determination of Nonsignificance was, in fact, untimely, and the Hearing Examiner lacked jurisdiction to hear that appeal.

6. SeaTac Municipal Code 15.465.600(H)(1)(a) (the "Code") provides that an Inventory of the mobile home park tenants and their mobile homes shall be prepared in a "format established by the department to provide data for the State Environmental Policy Act Checklist ("SEPA Checklist")." The SEPA Checklist is to analyze the impacts of the closure; and, secondly, to "establish a basis for identifying relocation/mitigation options."

7. The Inventory is foundational.

8. The Inventory must request demographic data concerning the park residents, such as age, income, and number of years in the park, the age and condition of the mobile homes in the park, and the costs of pad rental, taxes, and fees.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO REMAND FOR MODIFICATION - 3
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

Presumably to facilitate true and full disclosure, the Code requires that the Inventory form "clearly state to tenants that disclosure of age, income and housing cost information is voluntary, and that the purpose of requesting the information is to assess the impact of the proposed closure and the applicability of low-income housing assistance programs. If provided, this information shall be treated in a confidential manner and shall be made public only in statistical summary format."

10.   The Inventory data is crucial to the ensuing environmental review or to the environmental review that is to follow and to consideration of relocation and mitigation options. Improperly secured information and/or information that is incomplete or inadequate frustrates the very nature and intent of the Code as it relates to the Inventory.

11.   The Hearing Examiner's Finding No. 12 addresses compliance with the Inventory requirements, as follows:

> [I]n the present case appellants argue that owner should have advised park tenants in Spanish of the purpose of the information, and because it did not do so, the inventory was meaningless. However, the Relocation Plan reflects that inventory sheets were completed with residents at an open house and in subsequent individual meetings. The plan reflects the number of residents, households residing in single-wide homes, the number of homes having tipouts or additional living spaces, the number of double-wide homes, and the fact that four households are not eligible for State assistance. Thus, the inventory meets the requirements of this subsection.

12.   Nothing is noted regarding income in the Hearing Examiner's Finding No. 12, which criterion the Court concludes often drives one's options and access to options. But from that Finding, the Hearing Examiner concluded: "Thus, the inventory meets the requirements of this subsection." And there the Hearing Examiner was referring to the SeaTac Municipal Code Section

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 4
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

15.465.600(H)(1), subsection (a). The Hearing Examiner's Finding No. 12, and his legal conclusions contained therein, are not supported by the law or facts.

13. Even if the Relocation Plan contained the information cited, it is the Inventory that remains defective. The Inventory contained no statement of voluntariness or purpose. The Inventory did not contain all of the required demographic metrics. And while it was not shown that the law requires Spanish translation, the absence of that translation compounds the error as it relates to eliciting critical information.

14. This Court concludes that if the base information is lacking, which information is to be considered in the SEPA Checklist, and if the SEPA Checklist is to be folded into the ultimate environmental determination, a defective inventory becomes problematic at several different levels.

15. The Hearing Examiner's Finding No. 14(E) states: "While the inventory form does not include a specific statement of intent to close the park, the form does include a section to rate the mobility of a home for purpose of relocation. Such provides a clear indication of the intent to close the park." This Court concludes that the Hearing Examiner's Finding No. 14(E) is not supported by the record.

16. The Hearing Examiner's Findings Nos. 12 and 14(E), as well-written as they are, failed to properly consider the Inventory defects and the impact thereof on the succeeding analyses.

17. The Relocation Plan needs to be crafted after consideration of a proper Inventory and consideration of proper environmental impacts.

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 5
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

18. This Court believes that the record below considered by the Hearing Examiner is replete with reports of adverse consequences to residents' education, transportation, employment, special access, and more. The failure to honor process cannot be considered harmless error.

19. SeaTac Municipal Code Section 15.465.600(H)(2)(b) provides as follows:

> The owner of the park shall notify, in writing, all affected park tenants and the department that the owner is beginning the process of preparing a mobile home relocation plan. In such notification, the department shall schedule a meeting with tenants to inform them of the owner's proposal for the property, the requirements of the mobile home relocation standards, as contained herein, and the proposed timeline for the process.

The Department, not the owner, is required to schedule the meeting and specify the agenda to inform the tenants of the proposal, timeline and the requirements of the Mobile Home Relocation Act.

20. Here, it was the owner who scheduled the meeting with the tenants, although it is acknowledged that the Department attended the meeting.

21. The Department's failure to schedule the meeting is not harmless error. Because the owner scheduled the meeting, and not the department, the Hearing Examiner erred when it did not conclude that the Department violated SMC 15.465.600(H)(2)(b).

22. SeaTac Municipal Code 15.465.600(H)(2)(d) provides as follows:

> The mobile home park owner shall complete a SEPA checklist for the relocation plan. A copy of the SEPA checklist shall be sent to each tenant of the mobile home park. If the owner is proposing to redevelop the site, the owner may choose to have the site plan for the new development evaluated for environmental impacts concurrently with the relocation plan. If this option is chosen, the owner shall submit a site plan along with the SEPA checklist and relocation plan.

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 6
Crisanto Medina, et al., v. City of SeaTac, et al.
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

1. The record fails to support a finding that the SEPA Checklist was sent to each tenant, either by the Department or by the owner. This error was not harmless.

23. The Petitioners met their burden of proving by the preponderance of the evidence the Hearing Examiner's Decision "failed to follow a prescribed process." This error was not harmless.

24. The Petitioners met their burden of proving by the preponderance of the evidence the Hearing Examiner's Decision "was an erroneous interpretation of the law." This error was not harmless.

25. The Petitioners have met their burden of proving by the preponderance of the evidence the Hearing Examiner's Decision was not supported by substantial evidence, even after considering all of the evidence and reasonable inferences in the light most favorable to the non-moving party, the owner. This error was not harmless.

## ORDER

Based on the above Findings of Fact and Conclusions of Law, this Court ORDERS as follows:

1. The Hearing Examiner's Decision is reversed, in part, and remanded for modification consistent with this Court's Order.

2. The City of SeaTac is not required to issue a new SEPA determination as the Petitioners' appeal from that was untimely and the Hearing Examiner lacked jurisdiction to hear that appeal.

3. Thirty (30) days from the entry of this Order, the owner shall mail an Inventory to all residents in the proper format established by the Department, including where the completed

|PROPOSED|
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 7
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

inventory forms should be returned by way of an address or some repository. Attached hereto is a copy of the Inventory form established by the Department in both English and Spanish as **Exhibit A.**

4. Forty-five (45) days from the entry of this Order, the tenants shall complete and return the inventory request forms to Olsen Law Firm PLLC, Attn.: Walter Olsen, 205 S. Meridian, Puyallup, Washington 98371.

5. Sixty (60) days from the entry of this Order, the owner shall mail a revised SEPA Checklist to all residents.

6. Seventy-five (75) days from the entry of this Order, the tenants shall mail any comments regarding the revised SEPA Checklist to Olsen Law Firm PLLC, Attn.: Walter Olsen, 205 S. Meridian, Puyallup, Washington 98371.

7. Ninety (90) days from the entry of this Order, the owner shall issue revisions to the Mobile Home Park Relocation Plan in the form of an Appendix. The Appendix shall be submitted to the City for its immediate review.

8. Within a week of submittal of the Mobile Home Park Relocation Plan Appendix, the Petitioners shall have an opportunity to provide written comments to the Director for consideration. The Director shall either issue a Certificate of Approval of the Relocation Plan and its Appendix, deny the Relocation Plan Appendix, or require modification of the Relocation Plan Appendix.

9. Once the Director issues the Certificate of Approval, the Hearing Examiner shall review the Relocation Plan and its Appendix, consider written comments by Petitioners submitted within ten (10) days of Approval, and uphold, deny, or remand with modification the Director's determination of Approval. If the Hearing Examiner upholds the Director's determination, the

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 8
Crisanto Medina, et al., v. City of SeaTac, et al.
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

1. City shall file a copy of the Relocation Plan and its Appendix with the Court within ten (10) days
2. for review and determination of whether the Parties complied with this Order.
3.     10.   The Parties reserve the issues related to collection of rents and park closure date in
4. this action.
5.     11.   This Court retains jurisdiction of this action pending the Parties compliance with
6. this Order.

DATED and ENTERED this 19th day of September, 2018. *

_____
HONORABLE LEROY MCCULLOUGH
Superior Court Judge

Agreed and approved as to form:

_____
Mary Mirante Bartolo, WSBA #20546
City of SeaTac, City Attorney
Attorneys for Respondent, City of SeaTac

* Court was in recess until Sept. 12, 2018

_____
Walter H. Olsen, WSBA #24462
Olsen Law Firm, PLLC
Attorneys for Respondent, Fife Motel, Inc.

_____
Henry E. Lippek, WSBA #02193
The Public Advocate, N.C.
Attorneys for Petitioners

_____
Vicente Omar Barraza, WSBA #43589
BARRAZA LAW, PLLC
Attorneys for Petitioners

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 9
Crisanto Medina, et al., v. City of SeaTac, et al.
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

# Exhibit A

**EXHIBIT A**
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

# MOBILE HOME RELOCATION INFORMATION SHEET
# HOME CONDITION AND HOUSEHOLD COMPOSITION

Disclosure of age, income and housing cost information is voluntary. The purpose of requesting this information is to assess the impact of the proposed mobile home park closure and the applicability of low income housing assistance programs. If you choose to provide this information, it shall be treated in a confidential manner, and shall be made public only in statistical summary format. No personal information will be made public.

A. Name of Mobile Home Park Tenant: **«Name», and/or Any Other Tenant/Occupant**
   Unit No.: **«Unit_No»**            No. of Occupants: _____
   ☐ **I DO NOT WISH TO PROVIDE ANY OF THE INFORMATION REQUESTED BELOW.**

B. Mobile Home Characteristics:
   1. Size: _____ sq. feet
   2. Circle one:
      **SINGLE-WIDE   SINGLE WITH TIP-OUT   DOUBLE-WIDE**
   3. Age of mobile home: _____ years
   4. Rate the condition of mobile home (circle one):
      **NEW   EXCELLENT   GOOD   FAIR   POOR**

C. Household Costs
   $_____ Pad Rental
   $_____ Park Utility Fees and Other Charges
   $_____ Personal Utilities
   $_____ Insurance
   $_____ Personal Property Taxes
   $_____ Mobile Home Security Interests, if applicable
   $_____ **GRAND TOTAL**

D. Household Composition of Occupants (enter number of occupants in each category):
   _____ under 5 years        _____ 6 to 18 years old     _____ 19 to 29 years old
   _____ 30 to 39 years old   _____ 40 to 49 years old    _____ 50 to 59 years old
   _____ 60 to 69 years old   _____ 70 to 79 years old    _____ 80 and older

E. Total Household Income:
   _____ < $25,000              _____ $25,001 to $40,000
   _____ $40,001 to $55,000     _____ $55,001 to $70,000
   _____ $70,001 to $85,000     _____ $85,001 and higher

F. How long have you been a resident in the mobile home park? _____ years

All forms must be returned to the Olsen Law Firm, PLLC no later than **Sunday, July 22, 2018**. Completed forms may be dropped off or mailed to 205 S. Meridian, Puyallup, WA 98371, or sent via facsimile to (253) 200-2289. **For the security of personal information, please do not send the completed forms via email.**

## INFORMACIÓN SOBRE LA REUBICACIÓN DE UNA CASA MÓVIL
## CONDICIÓN DE LA CASA Y DATOS SOBRE SUS HABITANTES

Es voluntaria la divulgación de edades, ingresos y gastos de la vivienda. Se pide esta información para evaluar el impacto que tendría el cierre propuesto del parque de casas móviles (también conocidas como "trailas"), y si aplican los programas de ayuda para viviendas de bajos ingresos. Si usted decide proporcionar esta información, ésta se tratará de manera confidencial y sólo se hará pública en formato estadístico resumido. No se divulgará ninguna información personal.

A.  Nombre del arrendatario en el parque de casas móviles: **«Name», y/o nombre de cualquier otro ocupante o arrendatario**

   Unidad No.: **«Unit_No»**                    No. de habitantes: _____

   ☐ **NO DESEO DAR NINGUNA DE LA INFORMACIÓN QUE SE PIDE A CONTINUACIÓN.**

B.  Características de la casa móvil o "traila":
   1. Tamaño: _____ pies cuadrados
   2. Coloque un círculo alrededor de una de las siguientes opciones:
      **UN SOLO ANCHO     UN SOLO ANCHO CON EXTENSIÓN     DOBLE ANCHO**
   3. Edad de la casa móvil: _____ años
   4. Indique la condición de la casa móvil (coloque un círculo en una opción):
      **NUEVA     EXCELENTE     BUENA     REGULAR     MALA**

C.  Gastos del hogar:
   $_____ Arriendo del terreno
   $_____ Servicios públicos del parque y otros cargos
   $_____ Servicios públicos personales
   $_____ Seguro
   $_____ Impuestos personales sobre la propiedad
   $_____ Intereses sobre la garantía dada para la casa móvil (si corresponde)
   $_____ **TOTAL**

D.  Habitantes en el hogar (indique número de personas en cada categoría):
   _____ menores de 5 años     _____ 6 a 18 años     _____ 19 a 29 años
   _____ 30 a 39 años          _____ 40 a 49 años    _____ 50 a 59 años
   _____ 60 a 69 años          _____ 70 a 79 años    _____ 80 años y mayor

E.  Ingreso total para el hogar:
   _____ Menos de $25,000         _____ $25,001 a $40,000
   _____ $40,001 a $55,000        _____ $55,001 a $70,000
   _____ $70,001 a $85,000        _____ $85,001 o más

F.  ¿Por cuánto tiempo ha vivido en el parque de casas móviles? _____ años

Todos los formularios deben entregarse al bufete legal Olsen Law Firm, PLLC a más tardar el **domingo 22 de julio de 2018**. Los formularios completados se pueden llevar o enviar por correo a 205 S. Meridian, Puyallup, WA 98371, o se pueden mandar por fax al (253) 200-2289. **Para la seguridad de su información personal, por favor no mande los formularios completados por correo electrónico.**