# EXHIBIT 33



**4800 South 188th Street**
SeaTac, WA 98188-8605

City Hall: 206.973.4800

January 28, 2020

**VIA U.S. MAIL AND EMAIL**
Stephen K. Causseaux, Jr.
c/o McCarthy & Causseaux
902 S. 10th Street
Tacoma, WA 98405

RE:   City of SeaTac File No. APL 16-0001,
      Appeal of Administrative Decision (Firs Mobile Home Park
      Relocation Plan)

Dear Mr. Causseaux,

I am writing this letter on behalf of the City of SeaTac, Fife Motel, Inc., Crisanto
Medina, and the Firs Home Owners Association, all parties to the Land Use Petition
action referenced below.

Crisanto Medina and the Firs Home Owners Association filed a Land Use Petition
with the King County Superior Court (Cause No. 17-2-07094-7 KNT), appealing your
February 22, 2017 decision that upheld the City's approval of a Mobile Home
Relocation Plan for the Firs Mobile Home Park.  On September 19, 2018, King
County Superior Court Judge Leroy McCullough reversed in part, and remanded for
modification, your decision, as outlined in the Court's Findings of Fact, Conclusions
of Law, and an Order to Remand for Modification[1].  *See* **Exhibit A**.  The Court's
Order listed affirmative steps that the Parties needed to take prior to referring this
matter back to you.  (*See* **Exhibit A**, pp. 7-8, nos. 3-8).  Those steps have been taken.

We have now reached the ninth point of the Court's Order, which provides that after
approval by the Director, the Hearing Examiner shall review the Relocation Plan and
its Appendix, consider written comments by Petitioners submitted within ten (10) days
of approval, and uphold, deny, or remand with modifications to the Director's
determination of approval.  If the Hearing Examiner upholds the Director's
determination, the City shall file a copy of the Relocation Plan and its Appendix with
the Court for review and a determination of whether the Parties complied with the
Court's Order.

---

[1]  The Court also issued an "Order Granting Petitioner's Request for Clarification" dated
September 21, 2018 (Docket #119) and an "Order on Fife Motel's Motion for Reconsideration" dated
October 26, 2018 (Docket #134).  Although these two Orders pertain to the Court's September 19, 2018
Findings, Conclusions, and Order to Remand, they are not germane to the issue at hand and have not been
included.

Mayor
*Erin Sitterley*

Deputy Mayor
*Peter Kwon*

Councilmembers
*Senayet Negusse*
*Joel Wachtel*
*Clyde Hill*
*Takele Gobena*
*Pam Fernald*

City Manager
*Carl Cole*

City Attorney
*Mary Mirante Bartolo*

City Clerk
*Kristina Gregg*

The Hospitality City

Stephen K. Causseaux, Jr.
January 28, 2020
Page 2 of 2

A copy of the Director's approval of the Relocation Plan and its Amended Appendix is attached. *See* **Exhibit B**. It is important to point out that the Parties have agreed to the content of the Amended Appendix, and *all Parties request that you review and approve the Relocation Plan and Appendix* so that this matter may be referred back to Judge McCullough for final resolution. A copy of a joint proposed Order is enclosed.

Finally, after communication with the Parties, the Petitioners have indicated that they will not be providing any written comments as allowed per the Court's Order. Therefore, the Parties do not believe that it is necessary to wait the additional ten (10) days to receive comments and request that you render your decision as soon as possible.

Thank you for your attention to this matter.

Sincerely,

Mark S. Johnsen
Senior Assistant City Attorney

MSJ:cmw
Enclosures
cc:     Christina Henry, Attorneys for Crisanto Medina
        Vicente Omar Barraza, Attorneys for Firs Mobile Home Association
        Walter H. Olsen, Jr., Attorneys for Fife Motel Inc.

# Exhibit A

SEA-022531

The Honorable LeRoy McCullough
Courtroom 4A, Dept. 32

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CRISANTO MEDINA, a married man; and FIRS HOME OWNERS ASSOCIATION, a domestic nonprofit corporation, | |
| Petitioners, | Cause No. 17-2-07094-7 KNT |
| v. | [PROPOSED] **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO REMAND FOR MODIFICATION** |
| CITY OF SEATAC, a Washington municipal corporation; and FIFE MOTEL INC., a domestic corporation, *et al.*, | |
| Respondents. | |

THIS MATTER came on for hearing before the Court on May 16, 2018, and the Court made an oral ruling at a hearing on June 7, 2018. The Court having reviewed the SeaTac Municipal Code ("SMC") 14.465.600, the City of SeaTac ("City") Hearing Examiner Stephen K. Causseaux, Jr.'s ("Hearing Examiner") Certification of Record dated December 19, 2017, and the documents attached thereto (the "Record")[1], and the parties' hearing briefs, the Court now makes the following:

---

[1] Although the Court received several letters supporting the Firs Home Owners Association and the Petitioner's appeal, those letter were not part of the record below and, therefore, not considered here.

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 1
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone:  (206) 973-4640
Facsimile:  (206) 838-7223

ORIGINAL

SEA-022532

**FINDINGS OF FACT**

1.      The Court adopts the findings of fact contained in the Hearing Examiner's Report and Decision dated February 22, 2017 (the "Decision"), but the Court modifies the Decision to add the below additional findings of fact.

2.      On January 10, 2017, witness Stephanie Ruiz testified before the Hearing Examiner that she received a notice of the May meeting taped to her door; that she attended the meeting where they were told there would be a one-on-one meeting with each family; that she did not have a one-on-one meeting for her family; that she does not recall giving information at the meeting regarding age, income, cost of living at the park.  (*See* FIRSMBL0063- FIRSMBL0064, Certification of Record, Dkt. No. 30.)

3.      The letter from Jong Park dated July 7, 2016, which the Hearing Examiner admitted as Exhibit 5, was not translated into Spanish.

4.      The Determination of Nonsignificance dated July 22, 2016, which the Hearing Examiner admitted as Exhibit 7, was not translated into Spanish.

5.      The City of SeaTac's letter dated October 17, 2016, which is part of the Record at page FIRSMBL0151, was not translated into Spanish.

6.      There were multiple complaints by witnesses that the information provided by the owner was unclear, either because the documents were not in Spanish or because the public meeting interpreter did not speak Spanish well.

From the foregoing Findings of Fact, the court makes the following:

**CONCLUSIONS OF LAW**

1.      This is an appeal under Washington's Land Use Petition Act, Chapter 36.70C RCW.  The Court has jurisdiction over the parties and of the subject matter.

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 2
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

SEA-022533

2.      The Petitioners have the burden of proof in accordance with RCW 36.70C.130(1).

3.      RCW 36.70C.140 provides that the Court may: (1) affirm or reverse the land use decision under review or remand it for modification or further proceedings; and (2) If the decision is remanded for modification or further proceedings, the court may make such an order as it finds necessary to preserve the interests of the parties and the public, pending further proceedings or action by the local jurisdiction.

4.      For many of the mobile home park residents, Spanish is their first and only language.  However, the Court was presented with no persuasive case or statutory requirement— either city, state or federal—that the letters or notices needed to be or were required to be issued in Spanish.

5.      The Petitioners failed to establish error regarding the review period for the July 22, 2016 Determination of Nonsignificance.  The Petitioners' appeal from that Determination of Nonsignificance was, in fact, untimely, and the Hearing Examiner lacked jurisdiction to hear that appeal.

6.      SeaTac Municipal Code 15.465.600(H)(1)(a) (the "Code") provides that an Inventory of the mobile home park tenants and their mobile homes shall be prepared in a "format established by the department to provide data for the State Environmental Policy Act Checklist ("SEPA Checklist")."  The SEPA Checklist is to analyze the impacts of the closure; and, secondly, to "establish a basis for identifying relocation/mitigation options."

7.      The Inventory is foundational.

8.      The Inventory must request demographic data concerning the park residents, such as age, income, and number of years in the park, the age and condition of the mobile homes in the park, and the costs of pad rental, taxes, and fees.

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 3
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

SEA-022534

1      9.     Presumably to facilitate true and full disclosure, the Code requires that the

2  Inventory form "clearly state to tenants that disclosure of age, income and housing cost

3  information is voluntary, and that the purpose of requesting the information is to assess the impact

4  of the proposed closure and the applicability of low-income housing assistance programs.  If

5  provided, this information shall be treated in a confidential manner and shall be made public only

6  in statistical summary format."

7      10.    The Inventory data is crucial to the ensuing environmental review or to the

8  environmental review that is to follow and to consideration of relocation and mitigation options.

9  Improperly secured information and/or information that is incomplete or inadequate frustrates the

10  very nature and intent of the Code as it relates to the Inventory.

11      11.    The Hearing Examiner's Finding No. 12 addresses compliance with the Inventory

12  requirements, as follows:

13
> [I]n the present case appellants argue that owner should have
> advised park tenants in Spanish of the purpose of the information,

14
> and because it did not do so, the inventory was meaningless.
> However, the Relocation Plan reflects that inventory sheets were

15
> completed with residents at an open house and in subsequent
> individual meetings.  The plan reflects the number of residents,

16
> households residing in single-wide homes, the number of homes
> having tipouts or additional living spaces, the number of double-

17
> wide homes, and the fact that four households are not eligible for
> State assistance.  Thus, the inventory meets the requirements of this

18
> subsection.

19      12.    Nothing is noted regarding income in the Hearing Examiner's Finding No. 12,

20  which criterion the Court concludes often drives one's options and access to options.  But from

21  that Finding, the Hearing Examiner concluded: "Thus, the inventory meets the requirements of this

22  subsection."  And there the Hearing Examiner was referring to the SeaTac Municipal Code Section

23

24  [PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 4
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

SEA-022535

1   15.465.600(H)(1), subsection (a).  The Hearing Examiner's Finding No. 12, and his legal

2   conclusions contained therein, are not supported by the law or facts.

3       13.   Even if the Relocation Plan contained the information cited, it is the Inventory that

4   remains defective.  The Inventory contained no statement of voluntariness or purpose.  The

5   Inventory did not contain all of the required demographic metrics.  And while it was not shown

6   that the law requires Spanish translation, the absence of that translation compounds the error as it

7   relates to eliciting critical information.

8       14.   This Court concludes that if the base information is lacking, which information is to

9   be considered in the SEPA Checklist, and if the SEPA Checklist is to be folded into the ultimate

10  environmental determination, a defective inventory becomes problematic at several different

11  levels.

12      15.   The Hearing Examiner's Finding No. 14(E) states: "While the inventory form does

13  not include a specific statement of intent to close the park, the form does include a section to rate

14  the mobility of a home for purpose of relocation. Such provides a clear indication of the intent to

15  close the park." This Court concludes that the Hearing Examiner's Finding No. 14(E) is not

16  supported by the record.

17      16.   The Hearing Examiner's Findings Nos. 12 and 14(E), as well-written as they are,

18  failed to properly consider the Inventory defects and the impact thereof on the succeeding

19  analyses.

20      17.   The Relocation Plan needs to be crafted after consideration of a proper Inventory

21  and consideration of proper environmental impacts.

22

23

24  [PROPOSED]
    FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
    ORDER TO REMAND FOR MODIFICATION - 5
    *Crisanto Medina, et al., v. City of SeaTac, et al.*
    Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

SEA-022536

1    18.    This Court believes that the record below considered by the Hearing Examiner is

2    replete with reports of adverse consequences to residents' education, transportation, employment,

3    special access, and more.  The failure to honor process cannot be considered harmless error.

4    19.    SeaTac Municipal Code Section 15.465.600(H)(2)(b) provides as follows:

5          The owner of the park shall notify, in writing, all affected park
           tenants and the department that the owner is beginning the process
6          of preparing a mobile home relocation plan. In such notification, the
           department shall schedule a meeting with tenants to inform them of
7          the owner's proposal for the property, the requirements of the
           mobile home relocation standards, as contained herein, and the
8          proposed timeline for the process.

9    The Department, not the owner, is required to schedule the meeting and specify the agenda to

10   inform the tenants of the proposal, timeline and the requirements of the Mobile Home Relocation

11   Act.

12   20.    Here, it was the owner who scheduled the meeting with the tenants, although it is

13   acknowledged that the Department attended the meeting.

14   21.    The Department's failure to schedule the meeting is not harmless error.  Because

15   the owner scheduled the meeting, and not the department, the Hearing Examiner erred when it did

16   not conclude that the Department violated SMC 15.465.600(H)(2)(b).

17   22.    SeaTac Municipal Code 15.465.600(H)(2)(d) provides as follows:

18         The mobile home park owner shall complete a SEPA checklist for
           the relocation plan. A copy of the SEPA checklist shall be sent to
19         each tenant of the mobile home park. If the owner is proposing to
           redevelop the site, the owner may choose to have the site plan for
20         the new development evaluated for environmental impacts
           concurrently with the relocation plan. If this option is chosen, the
21         owner shall submit a site plan along with the SEPA checklist and
           relocation plan.

22

23

24   [PROPOSED]                                          CITY OF SEATAC, LEGAL DEPARTMENT
     FINDINGS OF FACT, CONCLUSIONS OF LAW, AND          4800 South 188th Street | SeaTac, WA 98188
     ORDER TO REMAND FOR MODIFICATION - 6                      Telephone: (206) 973-4640
     *Crisanto Medina, et al., v. City of SeaTac, et al.*        Facsimile: (206) 838-7223
     Cause No. 17-2-07094-7 KNT

SEA-022537

1  The record fails to support a finding that the SEPA Checklist was sent to each tenant, either by the

2  Department or by the owner.  This error was not harmless.

3          23.     The Petitioners met their burden of proving by the preponderance of the evidence

4  the Hearing Examiner's Decision "failed to follow a prescribed process."  This error was not

5  harmless.

6          24.     The Petitioners met their burden of proving by the preponderance of the evidence

7  the Hearing Examiner's Decision "was an erroneous interpretation of the law."  This error was not

8  harmless.

9          25.     The Petitioners have met their burden of proving by the preponderance of the

10  evidence the Hearing Examiner's Decision was not supported by substantial evidence, even after

11  considering all of the evidence and reasonable inferences in the light most favorable to the non-

12  moving party, the owner.  This error was not harmless.

13                                          **ORDER**

14          Based on the above Findings of Fact and Conclusions of Law, this Court ORDERS as

15  follows:

16          1.      The Hearing Examiner's Decision is reversed, in part, and remanded for

17  modification consistent with this Court's Order.

18          2.      The City of SeaTac is not required to issue a new SEPA determination as the

19  Petitioners' appeal from that was untimely and the Hearing Examiner lacked jurisdiction to hear

20  that appeal.

21          3.      Thirty (30) days from the entry of this Order, the owner shall mail an Inventory to

22  all residents in the proper format established by the Department, including where the completed

23

24  |PROPOSED|                                          CITY OF SEATAC, LEGAL DEPARTMENT
    FINDINGS OF FACT, CONCLUSIONS OF LAW, AND       4800 South 188th Street | SeaTac, WA 98188
    ORDER TO REMAND FOR MODIFICATION - 7                     Telephone:  (206) 973-4640
    *Crisanto Medina, et al., v. City of SeaTac, et al.*      Facsimile:  (206) 838-7223
    Cause No. 17-2-07094-7 KNT

SEA-022538

1   inventory forms should be returned by way of an address or some repository.  Attached hereto is a

2   copy of the Inventory form established by the Department in both English and Spanish as

3   **Exhibit A.**

4       4.    Forty-five (45) days from the entry of this Order, the tenants shall complete and

5   return the inventory request forms to Olsen Law Firm PLLC, Attn.: Walter Olsen, 205 S.

6   Meridian, Puyallup, Washington 98371.

7       5.    Sixty (60) days from the entry of this Order, the owner shall mail a revised SEPA

8   Checklist to all residents.

9       6.    Seventy-five (75) days from the entry of this Order, the tenants shall mail any

10   comments regarding the revised SEPA Checklist to Olsen Law Firm PLLC, Attn.: Walter Olsen,

11   205 S. Meridian, Puyallup, Washington 98371.

12       7.    Ninety (90) days from the entry of this Order, the owner shall issue revisions to the

13   Mobile Home Park Relocation Plan in the form of an Appendix.  The Appendix shall be submitted

14   to the City for its immediate review.

15       8.    Within a week of submittal of the Mobile Home Park Relocation Plan Appendix,

16   the Petitioners shall have an opportunity to provide written comments to the Director for

17   consideration.  The Director shall either issue a Certificate of Approval of the Relocation Plan and

18   its Appendix, deny the Relocation Plan Appendix, or require modification of the Relocation Plan

19   Appendix.

20       9.    Once the Director issues the Certificate of Approval, the Hearing Examiner shall

21   review the Relocation Plan and its Appendix, consider written comments by Petitioners submitted

22   within ten (10) days of Approval, and uphold, deny, or remand with modification the Director's

23   determination of Approval.  If the Hearing Examiner upholds the Director's determination, the

24   

[PROPOSED]
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER TO REMAND FOR MODIFICATION - 8
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone: (206) 973-4640
Facsimile: (206) 838-7223

SEA-022539

1    City shall file a copy of the Relocation Plan and its Appendix with the Court within ten (10) days

2    for review and determination of whether the Parties complied with this Order.

3         10.    The Parties reserve the issues related to collection of rents and park closure date in

4    this action.

5         11.    This Court retains jurisdiction of this action pending the Parties compliance with

6    this Order.

7        DATED and ENTERED this _19th_ day of ~~July,~~ September, 2018. *

8

9                        HONORABLE LEROY MCCULLOUGH
                         Superior Court Judge

10

11   Agreed and approved as to form:

12

     Mary Mirante Bartolo, WSBA #20546      * Court was in
13   City of SeaTac, City Attorney                recess until
     Attorneys for Respondent, City of SeaTac   Sept. 12, 2018
14

15
     Walter H. Olsen, WSBA #24462
16   Olsen Law Firm, PLLC
     Attorneys for Respondent, Fife Motel, Inc.
17

18
     Henry E. Lippek, WSBA #02193
19   The Public Advocate, N.C.
     Attorneys for Petitioners
20

21
     Vicente Omar Barraza, WSBA #43589
22   BARRAZA LAW, PLLC
     Attorneys for Petitioners
23

24   [PROPOSED]                         CITY OF SEATAC, LEGAL DEPARTMENT
     FINDINGS OF FACT, CONCLUSIONS OF LAW, AND   4800 South 188th Street | SeaTac, WA 98188
     ORDER TO REMAND FOR MODIFICATION - 9      Telephone:  (206) 973-4640
     *Crisanto Medina, et al., v. City of SeaTac, et al.*      Facsimile:  (206) 838-7223
     Cause No. 17-2-07094-7 KNT

SEA-022540

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# Exhibit A

**EXHIBIT A**
*Crisanto Medina, et al., v. City of SeaTac, et al.*
Cause No. 17-2-07094-7 KNT

CITY OF SEATAC, LEGAL DEPARTMENT
4800 South 188th Street | SeaTac, WA 98188
Telephone:  (206) 973-4640
Facsimile:  (206) 838-7223

SEA-022541

## MOBILE HOME RELOCATION INFORMATION SHEET
## HOME CONDITION AND HOUSEHOLD COMPOSITION

Disclosure of age, income and housing cost information is voluntary.  The purpose of requesting this information is to assess the impact of the proposed mobile home park closure and the applicability of low income housing assistance programs.  If you choose to provide this information, it shall be treated in a confidential manner, and shall be made public only in statistical summary format.  No personal information will be made public.

A.    Name of Mobile Home Park Tenant:  **«Name», and/or Any Other Tenant/Occupant**

Unit No.:  **«Unit No»**                      No. of Occupants: _____

☐ **I DO NOT WISH TO PROVIDE ANY OF THE INFORMATION REQUESTED BELOW.**

B.    Mobile Home Characteristics:

1.    Size: _____ sq. feet

2.    Circle one:

**SINGLE-WIDE     SINGLE WITH TIP-OUT     DOUBLE-WIDE**

3.    Age of mobile home: _____ years

4.    Rate the condition of mobile home (circle one):

**NEW     EXCELLENT     GOOD     FAIR     POOR**

C.    Household Costs

$_____   Pad Rental

$_____   Park Utility Fees and Other Charges

$_____   Personal Utilities

$_____   Insurance

$_____   Personal Property Taxes

$_____   Mobile Home Security Interests, if applicable

$_____   **GRAND TOTAL**

D.    Household Composition of Occupants (enter number of occupants in each category):

_____ under 5 years          _____ 6 to 18 years old          _____ 19 to 29 years old

_____ 30 to 39 years old     _____ 40 to 49 years old         _____ 50 to 59 years old

_____ 60 to 69 years old     _____ 70 to 79 years old         _____ 80 and older

E.    Total Household Income:

_____ < $25,000              _____ $25,001 to $40,000

_____ $40,001 to $55,000     _____ $55,001 to $70,000

_____ $70,001 to $85,000     _____ $85,001 and higher

F.    How long have you been a resident in the mobile home park? _____ years

All forms must be returned to the Olsen Law Firm, PLLC no later than **Sunday, July 22, 2018.**  Completed forms may be dropped off or mailed to 205 S. Meridian, Puyallup, WA 98371, or sent via facsimile to (253) 200-2289.  **For the security of personal information, please do not send the completed forms via email.**

### INFORMACIÓN SOBRE LA REUBICACIÓN DE UNA CASA MÓVIL
### CONDICIÓN DE LA CASA Y DATOS SOBRE SUS HABITANTES

Es voluntaria la divulgación de edades, ingresos y gastos de la vivienda. Se pide esta información para evaluar el impacto que tendría el cierre propuesto del parque de casas móviles (también conocidas como "trailas"), y si aplican los programas de ayuda para viviendas de bajos ingresos. Si usted decide proporcionar esta información, ésta se tratará de manera confidencial y sólo se hará pública en formato estadístico resumido. No se divulgará ninguna información personal.

A. Nombre del arrendatario en el parque de casas móviles:  **«Name», y/o nombre de**
   **cualquier otro ocupante o arrendatario**

   Unidad No.: **«Unit No»**          No. de habitantes: _____

   ☐ **NO DESEO DAR NINGUNA DE LA INFORMACIÓN QUE SE PIDE A CONTINUACIÓN.**

B. Características de la casa móvil o "traila":

   1. Tamaño: _____ pies cuadrados

   2. Coloque un círculo alrededor de una de las siguientes opciones:
      **UN SOLO ANCHO    UN SOLO ANCHO CON EXTENSIÓN    DOBLE ANCHO**

   3. Edad de la casa móvil: _____ años

   4. Indique la condición de la casa móvil (coloque un círculo en una opción):
      **NUEVA   EXCELENTE   BUENA   REGULAR   MALA**

C. Gastos del hogar:

   $_____ Arriendo del terreno

   $_____ Servicios públicos del parque y otros cargos

   $_____ Servicios públicos personales

   $_____ Seguro

   $_____ Impuestos personales sobre la propiedad

   $_____ Intereses sobre la garantía dada para la casa móvil (si corresponde)

   $_____ **TOTAL**

D. Habitantes en el hogar (indique número de personas en cada categoría):

   _____ menores de 5 años      _____ 6 a 18 años      _____ 19 a 29 años

   _____ 30 a 39 años      _____ 40 a 49 años      _____ 50 a 59 años

   _____ 60 a 69 años      _____ 70 a 79 años      _____ 80 años y mayor

E. Ingreso total para el hogar:

   _____ Menos de $25,000      _____ $25,001 a $40,000

   _____ $40,001 a $55,000      _____ $55,001 a $70,000

   _____ $70,001 a $85,000      _____ $85,001 o más

F. ¿Por cuánto tiempo ha vivido en el parque de casas móviles? _____ años

Todos los formularios deben entregarse al bufete legal Olsen Law Firm, PLLC a más tardar el **domingo 22 de julio de 2018**. Los formularios completados se pueden llevar o enviar por correo a 205 S. Meridian, Puyallup, WA 98371, o se pueden mandar por fax al (253) 200-2289. **Para la seguridad de su información personal, por favor no mande los formularios completados por correo electrónico.**

SEA-022543

# Exhibit B

SEA-022544



# City of SeaTac

## Certificate of Approval

**Action:** Mobile Home Park Relocation Plan and Appendix

**Mobile Home Park:** The Firs

**Location:** 20440 International Blvd.
SeaTac, WA 98198

**Property Owner:** Fife Motel, Inc.

**Address:** 706 S. Marine Hills Way
Federal Way, WA 98003

The Relocation Report and Plan for The Firs Mobile Home Park, dated October 7, 2016, in conjunction with the Amended Appendix/Attachment 1 dated May 29, 2019, is found to comply with the requirements of SeaTac Municipal Code 15.465.600.H.3. This approval is valid for a period of two (2) years from the date below.

Date of Issue:   January 24, 2020          by:          _Jace P. Orm_

Community and Economic Development Director

SEA-022545

**AMENDED APPENDIX/ATTACHMENT I
TO RELOCATION REPORT AND PLAN
FOR THE FIRS MOBILE HOME PARK
Dated:  May 29, 2019**

The City of SeaTac (the "City") approved Fife Motel's Relocation Report and Plan on October 17, 2016 (the "RRP").  On February 5, 2019, Fife Motel (the "Park") originally submitted  an Appendix I to the RRP as required by the King County Superior Court's Order dated September 19, 2018, in Cause Number 17-2-07094-7 KNT (the "Lawsuit").  The Park and its Tenants have now resolved their disputes by agreeing that the Tenants are required to vacate the Park by June 30, 2020, and that a Relocation Specialist will be made available by the Park from January 1, 2020 until June 30, 2020. The City has agreed that the Park may amend this Appendix I to the RRP to so reflect the agreement between the Park and its Tenants.

**In summary, the Park will take the below actions from January 1, 2020 until June 30, 2020 to reduce displacement impacts and assist the remaining tenants in the park to relocate based on the information that the tenants provided in their Mobile Home Relocation Information Sheets on November 30, 2018:**

- Designation of an experienced Relocation Specialist.

- Individual meetings with each tenant household to identify preferred areas to relocate, school, bus and shopping access.

- Availability of a 24-hour hotline, 206-550-8167 for tenants.

- Identification of tenants with special needs (seniors, disabled, health issues, limited English-speaking).

- Tenants will be provided with assistance including senior housing information, housing locations with nearby health facilities and transportation access.

- A Court-certified translator will be available on-site.

- Identification of mobile home and RV parks and available spaces within 15 miles of the park will be provided twice a month and weekly closer to the park closure date.

- Tenants will have access to an on-site computer to view available housing in the Manager's Office.  Days/Hours of availability will be posted on the office door and near the mailboxes.

APPENDIX/ATTACHMENT I, Page **1** of 3

SEA-022546

- A phone log will be kept of contacts with mobile home park owners/managers looking for park openings. Assistance with contacting the managers and securing applications and lease information will be provided, as needed.

- Identification of apartments, senior housing, low-income and affordable housing and other housing opportunities within 15 miles of the park will be provided to the tenants on a biweekly basis.

- Assistance with paperwork to secure housing and transportation will be provided, as needed.

- Provision of special tenant assistance which will include up-fronting the cost of demolition of each home.

- Tenants residing in recreational vehicles will be provided their last month's space rent at no cost.

- Publication and distribution to each tenant of monthly tenant information bulletins and newsletters.

**Relocation Assistance Schedule:**

- The President of Alliance Pacific, Inc., Kerry Lynch, is serving as Relocation Specialist.

    o She has over 20 years of successful experience working with relocating tenants from mobile home parks and apartment complexes.

- The Relocation Specialist expects to spend approximately 10-14 hours a week working with tenants on relocations.

    o A number of tenants in the park work during the day, so hours will also include evenings and weekends.

    o The Relocation Specialist team will be on-site to provide relocation services on Fridays between 2:00-6:00 p.m., and on Saturdays from 10:00 a.m. – 5:00 p.m. If the days and times change, the Park will so notify the tenants. On Fridays, the Relocation Specialist will schedule appointments for a Saturday to meet with residents who request translation services. On Saturdays, a Court-certified translator shall be available to provide translation services to residents.

APPENDIX/ATTACHMENT I, Page 2 of 3

SEA-022547

The parties agree that:  (1) this Amended Appendix/Attachment I To Relocation Report And Plan For The Firs Mobile Home Park Dated May 29, 2019 shall replace the previous Appendix/Attachment I To Relocation Report And Plan For The Firs Mobile Home Park; and (2) the Revised Relocation Report And Plan For The Firs Mobile Home Park, as amended by the above Amended Appendix/Attachment I To Relocation Report And Plan For The Firs Mobile Home Park Dated May 29, 2019, shall be the approved Relocation Report and Plan pursuant to SeaTac Municipal Code Section 15.465.600 (H)(3).

Fife Motel, Inc.

By: Walter H. Olsen, Jr., its Attorney
Dated: 1/21/2020

City of SeaTac

By: Mark Johnson, its Attorney
Dated: 01/18/2020

Firs Homeowners Association

By: Vicente Omar Barraza, its Attorney
Dated: 1/17/2020

Crisanto Medina

By: Christina Henry, his Attorney
Dated: 1/21/2020

APPENDIX/ATTACHMENT I, Page 3 of 3

SEA-022548

1
2
3
4
5
6

BEFORE THE CITY OF SEATAC HEARING EXAMINER

7   IN RE: APPEAL OF ADMINISTRATIVE          SeaTac File No. APL16-0001
8   DECISION (FIRS MOBILE HOME PARK
    RELOCATION PLAN).                         **[PROPOSED]**
9                                             **DECISION UPHOLDING THE**
                                              **DIRECTOR'S APPROVAL OF**
10                                            **RELOCATION PLAN AND APPENDIX**
11

12         After review of Judge Leroy McCullough's "Findings of Fact, Conclusions of Law, and
    an Order to Remand for Modification Order" dated September 19, 2018 (King County Superior
13  Court Cause No. 17-2-07094-7 KNT), the revised Appendix (dated May 29, 2019 and signed by
14  the Parties in January, 2020), the Certificate of Approval dated January 24, 2020, the letter from
    the SeaTac's City Attorney's Office dated January 28, 2020, and the record in this case, the
15  following decision is entered:

16         **DECISION:**   The City of SeaTac Community and Economic Development Director's
17  approval of the Firs Mobile Home Park Relocation Plan and Appendix dated January 24, 2020 is
    UPHELD.
18

19         DATED this _____ day of January, 2020.

20
21
22                                             _____
                                               Stephen K. Causseaux
23                                             City of SeaTac Hearing Examiner

24  Presented by:

25   s/ Mark S. Johnsen
    _____
    Mark S. Johnsen, WSBA #28194
26  City of SeaTac, Senior Assistant City Attorney

27

28  DECISION UPHOLDING THE DIRECTOR'S                    CITY OF SEATAC, LEGAL DEPARTMENT
    APPROVAL OF RELOCATION PLAN AND APPENDIX             4800 South 188th Street | SeaTac, WA 98188-8605
                                                               Telephone: (206) 973-4640
                                                               Facsimile: (206) 838-7223