Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Firs Home Owners Association,<br><br>Plaintiff,<br><br>v.<br><br>City of SeaTac, a Municipal Corporation,<br><br>Defendant. | NO. 2:19-cv-01130-RSL<br><br>DEFENDANT'S REPLY MEMORANDUM ON MOTION TO EXCLUDE EXPERT OPINION TESTIMONY OF CHERYL L. MARKHAM<br><br>NOTE ON MOTION CALENDAR: MARCH 19, 2021 |

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## I.  INTRODUCTION

The HOA responds to the City's motion to exclude expert testimony of Ms. Markham by re-characterizing her testimony. The HOA's response memorandum suggests that Ms. Markham will testify about "standards of care," "pledges" and "commitments." (*See* Dkt. #107 at 1, 8). This argument is contradicted by Ms. Markham's report.

Ms. Markham reaches four conclusions. (*See* Dkt. #86-1 at 18). Three are legal opinions about contractual obligations of the City. (*Id.*, at ¶¶ 67, 69, 70). The fourth is an observation about which Ms. Markham has no personal knowledge. (*Id.*, at ¶ 68). The balance of Ms. Markham's report merely describes the contents of self-authenticating public documents and her experience working at King County, neither of which are appropriate subjects for expert testimony. The City's motion should be granted.

## II.  ARGUMENT

According to the HOA, Ms. Markham's testimony is relevant to "rebut[] the City's defense that it was 'powerless' to do anything to help preserve the Firs Mobile Home Park." (Dkt. #107 at 2). This is not the City's theory of defense in this lawsuit. (*See* Dkt. #92). But even if it were, Ms. Markham has no opinions on this subject.

**A.  Ms. Markham's opinions are unreliable and improper conclusions of law.**

Ms. Markham's conclusion are set forth in paragraphs 67-70 of her report. (*See* Dkt. #86-1 at 18). Instead of addressing these conclusion in its response memorandum, the HOA argues that Ms. Markham will testify to other opinions not discussed in her report.

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM - 1
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

**1. The conclusion expressed in paragraph 67 is improper legal opinion.**

The HOA writes that Ms. Markham will testify about "the standards expected of [SeaTac] as a partner with the county and a recipient of federal funding" and also the City's "fair housing responsibilities." (Dkt. #107 at 1, 4). However, Ms. Markham's report at paragraph 67 contains unambiguous legal conclusions about the City's contractual obligations to King County:

> I conclude that the City of SeaTac did not affirmatively further fair housing in their jurisdiction during the Firs Mobile Home Park closure process ***as required by their contractual agreement to do so*** in the [ILA] when they failed to take any affirmative actions to mitigate the harm to a vulnerable protected class of families and households that were residents of the city and were losing the homes they owned. (Dkt. #68-1 at 18) (emphasis added).

This paragraph actually contains two legal conclusions. In the first, Ms. Markham opines that the ILA imposes a contractual obligation on the City to affirmatively further fair housing. In the second, Ms. Markham opines that the City breached the contractual obligation. Both conclusions are improper. *See United States ex rel Savage v. CH2M Hill Plateau Remediation Co.*, 2021 WL 802086 at *2 (E.D. Wash. Jan. 6, 2021) (excluding expert witness testimony about contract obligations).

In response to the City's motion, the HOA tries to re-characterize this conclusion as addressing a "standard of care to which SeaTac is subject[.]" (Dkt. #107 at 9 (citing *Kelleher v. Fred Meyer Stores, Inc.*, 2015 WL 403226 (E.D. Wash. Jan. 29, 2015)). Under certain circumstances, expert testimony may be appropriate on the subject of "industry standards" or "industry norms." *E.g.*, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-17

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

(9th Cir. 2004). But Ms. Markham has expressed no opinion on municipal standards or norms relating to the processing of land use applications, including the provision of language access services. In fact, Ms. Markham does not even know how the City of SeaTac—let alone any other municipality—processes land use applications or provides language access services. Ms. Markham would not be qualified to give an opinion about municipal practice even if such an opinion were included in her report because she has never worked for a city and has never been involved in land use planning at a local level. In any event, the HOA cannot now amend the substance of Ms. Markham's testimony. *See Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377 (Fed. Cir. 2013) ("An expert witness may not testify to subject matter beyond the scope of the witness's expert report unless the failure to include that information in the report was 'substantially justified or harmless.'").

**2.    Ms. Markham has no personal knowledge to give the opinion at paragraph 68.**

The HOA also argues that Ms. Markham "will show that the City could have done more than what it did, which is tantamount to nothing." (Dkt. #107 at 8). This argument also mischaracterizes Ms. Markham's expert report. At paragraph 68, Ms. Markham makes the following conclusion:

> The City of SeaTac had many policies, resources and partnerships available to them to ensure compliance with their responsibilities and duties as a partner in federal funding programs for housing and community development, as thoroughly described in this report. ***The City Council appears*** to have not availed themselves of any of these resources and policies to mitigate serious harms to their own residents . . . ***They appear*** to

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM - 3
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

have not even availed themselves of the expertise of some of their own staff . . . (Dkt. #86-1 at 18) (emphasis added).

In other words, Ms. Markham *does not actually know* what the City did or did not do with respect to the contractual obligations discussed elsewhere in her report.  (*See* Dkt. #86 at 2-3).  The jury does not require expert testimony to tell it how the evidence "appears."  The jury can make this determination on its own.  The opinion expressed in paragraph 68 is neither reliable nor helpful to the trier of fact.

### 3. The conclusion expressed paragraph 69 is unreliable and improper legal opinion.

The HOA argues that Ms. Markham's conclusion about the City's "commitment and pledge" to provide language services was not, in fact, a legal conclusion.  (Dkt. #107 at 9).  This argument, again, is contradicted by Ms. Markham's report.

According to Ms. Markham, "jurisdictions that participate in the [ILA] for projects in their jurisdiction are responsible, at a minimum, to provide an assessment of the need for language services within their jurisdiction using HUD's Four Factor Analysis." (Dkt. #86-1 at 17).  Ms. Markham then concludes at paragraph 69 of her report as follows:

> I also conclude that the City of SeaTac *abrogated their responsibilities* to assess and provide adequate LEP language services during the Firs Mobile Home Park closure process, as warranted, *due to their membership in the [ILA] and as a direct recipient of federal CDBG funds* every year . . . (Dkt. 86-1 at 18) (emphasis added).

In addition to being an improper legal conclusion, this opinion is unreliable because, as noted above, Ms. Markham does not know what actions the City took to provide language access

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM - 4
NO. 2:19-cv-01130-RSL

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

services to residents with limited English proficiency. (*See* Dkt. #86 at 2-3). Her conclusion that the City "abrogated" its obligations under the ILA is *ipse dixit*.

### 4. The conclusion expressed in paragraph 70 is unreliable and improper legal opinion.

Finally, Ms. Markham renders a legal opinion about the HUD Four Factor Analysis:

> At a minimum, SeaTac had a duty to assess the need for language services to the Firs residents during all aspects of the park closure process. ***Given the facts of the case under the HUD Four Factor Analysis, it is my opinion that language access assistance was required during the park closure process.*** (Dkt. #86-1 at 18) (emphasis added).

In rendering this opinion, Ms. Markham does not identify the "facts of the case" upon which she relied, which apparently do not include the fact that the City provided language access services to residents of the Firs Mobile Home Park during the mobile home park relocation plan review process. (*See* Dkt. #86 at 3). For purposes of Fed. R. Evid. 702, this conclusion is unreliable. *See Felicino v. City of Miami Beach*, 844 F. Supp. 2d 1258, 1264-65 (S.D. Fla. 2012) (excluding expert opinion that police department was "remiss in imposing sufficient discipline to deter constitutional violations" because expert "had no idea what discipline was imposed"). It is also an improper legal conclusion. *United States ex rel Savage,* 2021 WL 802086 at *2

### B. The balance of Ms. Markham's report is not a proper subject for expert testimony.

If improper legal opinions are excluded, there is nothing left for Ms. Markham to testify about. Much of the report merely recites the contents of various land use planning documents. (*See* Dkt. #86-1 at ¶¶ 19, 28-29, 41, 47-48, 54-55). These documents can be admitted as self-authenticating under Fed. R. Evid. 902 and speak for themselves.

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM - 5
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

The balance of Ms. Markham's report contains her personal observation while employed by King County. Ms. Markham writes, for example, that "City representatives were invited to attend all planning processes, meetings, workshops and trainings . . ." (Dkt. #86-1 at ¶ 16). She writes that "[d]uring the time I worked for King County, the City of SeaTac consistently applied for and received direct CDBB funds . . ." (*Id.*, at ¶ 21). The report also describes a presentation Ms. Markham made to the SeaTac City Council in 2016. (*Id.*, at ¶¶ 30-33). With respect to this content, and similar content throughout the report, Ms. Markham is a fact witness. The Court should not allow the HOA to introduce factual evidence under the guise of expert testimony.

C.    **The HOA acknowledges that Ms. Markham's opinions are not relevant.**

Finally, in an effort to explain away the plain language of Ms. Markham's reports, the HOA acknowledges that Ms. Markham "is not offering an opinion about an element of a claim that Firs will bring to a jury." (Dkt. #107 at 9). The City agrees. For reasons set forth in the City's motion, Ms. Markham's report will not assist the trier of fact and should be excluded pursuant to Fed . R. Evid. 702.

### III.    CONCLUSION

For the reasons set forth above, the Court should exclude the expert report and opinion testimony of Cheryl L. Markham.

DATED THIS 18th day of March, 2021.

        s/ QUINN N. PLANT
        WSBA # 31339
        Menke Jackson Beyer, LLP
        *Attorneys for Defendant*

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM - 6
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: qplant@mjbe.com

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM - 7
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| V. Omar Barraza | omar@barrazalaw.com |
| Christina L. Henry | chenry@hdm-legal.com |
| Mary E. Mirante Bartolo | mmbartolo@seatacwa.gov |
| Mark S. Johnsen | mjohnsen@seatacwa.gov |
| Brendan W. Donckers | bdonckers@bjtlegal.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/ QUINN N. PLANT
WSBA #31339
Menke Jackson Beyer, LLP
*Attorneys for Defendant*
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: qplant@mjbe.com

---

DEFENDANT'S REPLY MEMORANDUM
ON MOTION TO EXCLUDE
EXPERT OPINION TESTIMONY OF
CHERYL L. MARKHAM - 8
NO. 2:19-cv-01130-RSL