Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Firs Home Owners Association, <br><br> Plaintiff, <br><br> v. <br><br> City of SeaTac, a Municipal Corporation, <br><br> Defendant. | NO. 2:19-cv-01130-RSL <br><br> DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE <br><br> NOTE ON MOTION CALENDAR: MARCH 26, 2021 |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

## I.  INTRODUCTION

Nine months after the deadline to amend pleadings, and a month after the discovery cutoff, the plaintiff ("HOA") moves to amend their complaint.  The proposed amendments expand the scope of the complaint, adding 80 new factual allegations, many of which simply rehash existing claims or incorporate evidence produced during discovery in 2020.  (Compare Dkt. #25 at ¶¶ 3.1-3.83 and Dkt. #106-5 at ¶¶ 7-170).

The HOA also proposes to re-allege disparate impact claims that were dismissed by this Court in March 2020 pursuant to Rule 12(b)(6).  (Dkt. #106-4 at ¶¶ 173, 188; Dkt. #57).  The HOA has not explained why it was unable to re-allege these claims prior to the June 2020 deadline to amend pleadings.  (Dkt. #20).  In any event, responding to disparate impact claims will require additional time, additional discovery, and additional expert testimony.

In addition to re-alleging claims that have been dismissed, the HOA also proposes to assert new claims against the City for "continuing violation[s]" of the FHA and WLAD.  (Dkt. #106-4 at ¶¶ 178, 193).  In order to ascertain the basis for these claims, the City will need to conduct additional discovery and, if necessary, retain additional expert witnesses.

At some point, the HOA must move the case it has brought forward.  This is the HOA's second motion for relief from the scheduling orders, and the second time the HOA has moved to amend its complaint.  The HOA would not be in this position had it been diligent in prosecuting this case and not waited until January 2021 to conduct a Rule 30(b)(6) deposition.  The HOA has not shown good cause for relief from the scheduling order.

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 1
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

Even if the HOA is entitled to relief under Rule 16, the Court should deny leave to amend the complaint pursuant to Rule 15. The amendments are futile, the delay undue, and the prejudice to the City substantial. In the event the Court allows the HOA to amend its complaint to re-incorporate disparate impact claims and add new "continuing violation" claims, the City should be allowed recover reasonable costs associated with discovery that will be required to defend against these claims. *See DeFrenza v. Progressive Express Ins. Co.*, 345 F. Supp. 3d 1243, 1256 (E.D. Cal. 2017); *Toungate v. Konica Minolta Bus. Solutions, USA, Inc.*, 2009 WL 596597 at *6 (W.D. Wash. March 9, 2009).

## II.  BACKGROUND

**A.  The deadline to amend pleadings was June 10, 2020.**

The HOA commenced this action in King County Superior Court in July 2019. (Dkt. #1-2). The scheduling order established a June 10, 2020, deadline to amend pleadings and an August 9, 2020, deadline to complete discovery. (Dkt. #20 at 1).

Following removal to this Court, the HOA moved to amend its complaint on October 14, 2019. (Dkt. #21). The City consented, and the HOA filed its first amended complaint on October 21, 2019. (Dkt. #25). The City filed a Rule 12(b)(6) motion to dismiss that was granted in part on March 23, 2020. (Dkt. #36; Dkt. #57). The Court dismissed the HOA's disparate impact claims with leave to amend. (Dkt. #57). Despite having nearly three months until the June, 10, 2020, deadline to amend its complaint, the HOA did not do so.

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 2
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

Prior to the deadline to complete discovery, the City conducted a Rule 30(b)(6) deposition of the plaintiff on July 21, 2020. (Dkt. #93 at 1).

**B.    The HOA did not request relief from the deadline to amend pleadings.**

On August 8, 2020, the HOA moved to continue the discovery deadline and trial date for six months. (Dkt. #63). The plaintiff did not move to amend the deadline to amend pleadings, which had passed two months earlier. (*Id.*). The Court granted this motion and issued a new scheduling order on August 18, 2020. (Dkt. #68). The new scheduling order established a deadline to complete discovery on or before February 9, 2021. (*Id.*, at 1).

**C.    While discovery commenced in 2019, the HOA did not note the City's Rule 30(b)(6) deposition until shortly before the discovery cutoff.**

Although discovery had been ongoing since late 2019, the HOA did not serve a Rule 30(b)(6) notice on the City until January 8, 2021. (Plant dec., Ex A). At the City's request, the deposition occurred on February 5, 2021. (Plant dec., ¶ 7).

**D.    The City produced more than 85,000 pages of discovery to the HOA in 2020 .**

The HOA propounded a first set of discovery on the City in December 2019. (*Id.*, ¶ 2). With its response to this discovery, the City produced more than 22,000 pages of documents to the HOA in January 2020. (*Id.*).

After the discovery deadline was extended, the HOA propounded a second set of discovery in September 2020. (*Id.*, ¶ 6). The discovery asked for all communications to or from two former councilmembers during a period of time encompassing four years, and to or from one

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF FROM CASE
SCHEDULE DEADLINES AND FOR LEAVE TO
AMEND COMPLAINT, DISPOSITIVE MOTION
DEADLINE AND THE TRIAL DATE - 3
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

current councilmember for a period of time encompassing two-years. (*Id.*). In response to this discovery, the City produced more than 55,000 pages of records to the HOA between October and December 2020. (*Id.*).

**E.   The amendments to the complaint proposed by the HOA.**

The HOA proposes to add 80 paragraphs of factual allegations to the Complaint. The HOA argues that these amendments result from the HOA "synthesiz[ing]" the Rule 30(b)(6) deposition testimony of the City with "the City's 10,000+ pages of production[.]" (Dkt. #105 at 1). This argument is belied by the proposed amendments, which can be grouped into five categories:

- Many of the proposed amendments merely re-phrase existing allegations. (*See* Dkt. #106-5 at proposed paragraphs 34, 37-40, 44, 46-49, 52, 54, 57-60, 62-63, 66-67, 70-72, 74, 76-77, 79-82, 84, 88, 98-101, 104, 119-120, 133, 162-170).

- Many of the proposed amendments reference material produced by City through written discovery in 2020. (*See id.*, at proposed paragraphs 33, 35, 36, 42, 53, 56, 64, 68, 85, 91-92, 95-97, 105, 124, 128, 130-132, 135-139, 147-148, 150).

- Some of the proposed amendments simply copy the HOA's *own* discovery answers. For example, proposed paragraph number 142 is copied verbatim from a discovery answer provided by the HOA in January 2020. (*See* Dkt. #93-13 at 5-6).

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF FROM CASE
SCHEDULE DEADLINES AND FOR LEAVE TO
AMEND COMPLAINT, DISPOSITIVE MOTION
DEADLINE AND THE TRIAL DATE - 4
NO. 2:19-cv-01130-RSL

- Approximately 10 paragraphs regurgitate information from an expert report prepared on behalf of the HOA by Cheryl Markham, previously filed at Dkt. #86-1.  (*See* Dkt. #106-5 at proposed paragraphs 15-21, 23, 26 and 73).
- Finally, several paragraphs describe events during public meetings, including during 2019-2021.  (*See id.*, at proposed paragraphs 12, 50, 89, 123, 151, 157, 158-161).

In addition, the HOA proposes to re-allege the previously dismissed disparate impact claims and assert new claims for "continuing violations" of the FHA and WLAD.  (Dkt. #106-4 at ¶¶ 163, 178, 188, 193)

### III.  STANDARD OF REVIEW

Rule 15(a) does not control after a court has entered a pretrial scheduling order and the deadline to amend pleadings has passed.  *Precor Inc. v. Fitness Quest, Inc.*, No. C05-0993L, 2007 WL 136749 at *1 (Jan. 12, 2007).  When a party seeks to amend a pleading after the date set forth in the scheduling order, that party must first show good cause for the amendment under Rule 16, then, if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.  *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16 requires "good cause" and "the judge's consent" in order to modify a scheduling order and allow amended pleadings after the deadline.  The "good cause" standard focuses on the diligence of the party requesting the amendment.  *Johnson*, 975 F.2d at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the pretrial schedule.  *Id.*  However, "if that party was not diligent, the inquiry

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 5
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

should end" and the motion to modify should not be granted. *Id.* While prejudice to the party opposing modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

## IV.   LEGAL ARGUMENT

The HOA is not entitled to relief from the scheduling orders because it has not shown that it was diligent. The HOA's argument that the amendments are necessary due to newly discovered evidence does not withstand scrutiny. The HOA fails to explain why it could not re-allege its disparate impact claims until after the deadline to amend pleadings and after the discover cutoff. Finally, the amendments will prolong this lawsuit, increase the costs to the City of defending it, and otherwise prejudice the City.

Even if the HOA could establish good cause under Rule 16, the Court should deny the HOA's motion under Rule 15 because the amendment will prejudice the City, cause an undue delay in this litigation, and be futile.

**A.    The HOA is not entitled to relief under Fed. R. Civ. P. 16.**

   **1.    The HOA has not been diligent.**

The "good cause" inquiry under Rule 16 focuses on the diligence of the HOA's legal counsel. *Johnson*, 975 F.2d at 609. The closest the HOA comes to addressing this issue in its memorandum is the following sentence: "[A]fter a comprehensive review of the 10,000+ pages of document production from the City of SeaTac, in light of the February 5, 2021 testimony from

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF FROM CASE
SCHEDULE DEADLINES AND FOR LEAVE TO
AMEND COMPLAINT, DISPOSITIVE MOTION
DEADLINE AND THE TRIAL DATE - 6
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

the City of SeaTac's four Rule 30(b)(6) deponents, the Plaintiff'[s] attorneys realized the need for an amended complaint." (Dkt. #104 at 3). This assertion is not substantiated by the amendments actually proposed by the HOA.

The HOA argues that during the Rule 30(b)(6) deposition on February 5, 2021, it was able to confirm, *inter alia*, "the City's position regarding its commitments" under an interlocal agreement with King County, its comprehensive land use plan, and a partnership with the Puget Sound Regional Council. (Dkt. #105 at 2). This was hardly news. In fact, the HOA had produced an expert report discussing these very "commitments" in December 2020. (*See* Dkt. #86-1).

It is apparent from simply reading the amendments proposed by the HOA that many rest on information known to the HOA well in advance of the June 2020 deadline to amend pleadings, and that most if not all rest on information known to the HOA in advance of the discovery cutoff. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) ("A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.") (internal quotations and citations omitted). While the Courts "need not find good cause on the whole, but rather may appropriately consider whether the movant has shown good cause for each proposed amendment or group of related amendments," *Cervantes v. Zimmerman*, 2019 WL 112954 at *5 (S.D. Cal. March 12, 2019), such an analysis is rendered all but impossible due to vagueness of the HOA's justification for the need to amend it complaint.

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 7
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

But even if the information was new, the HOA was dilatory in waiting until September 2020 to serve a second set of written discovery and until January 2021 to note its Rule 30(b)(6) deposition.  The HOA's motion does not explain why it was unable to conduct discovery in a manner that would have allowed it to comply with existing scheduling orders.  This failure of proof should be dispositive as to this motion.  *See Bopari v. Shinseki*, 2010 WL 4738125 at *2 (E.D. Cal. Nov. 16, 2010) (plaintiff failed to show "good cause" for relief from scheduling order where the plaintiff's inability to complete discovery was caused in large part by her own delay in propounding discovery).

Moreover, the Court dismissed the HOA's disparate impact claims on March 23, 2020, approximately three months before the June 2020 deadline to amend pleadings.  (Dkt. #20; Dkt. #57).  The HOA was aware of this deadline, yet did not move for relief from the deadline for nearly a year, until March 2021.  The Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 at 609.  Waiting nearly a year to re-allege disparate impact claims against the City is not consistent with diligence.  *See Marathon Financial Ins. Co., RRG v. Ford Motor Co.*, 591 F.3d 458, 470-71 (5th Cir. 2009) (affirming denial of motion under similar circumstances).

Finally, the HOA has provided neither argument nor justification for its failure to file a dispositive motion pursuant to the existing scheduling order, and filed its motion for relief from the dispositive motion deadline *on* the deadline.  By the HOA's own admission, it became aware of its need for relief in mid-February. (*See* Dkt. #105 at 1; Dkt. #106 at 1-2).  While one of the

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF FROM CASE
SCHEDULE DEADLINES AND FOR LEAVE TO
AMEND COMPLAINT, DISPOSITIVE MOTION
DEADLINE AND THE TRIAL DATE - 8
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

HOA's three attorneys became ill in late February, the HOA is represented in this lawsuit by two other attorneys as well, neither of whom have explained the HOA's inability to seek relief prior to the dispositive motion deadline.  *See Hardy v. County of El Dorado*, 2008 WL 3876329 at *1 (E.D. Cal. Aug. 20, 2008) ("requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence.").

### 2. The City will be prejudiced.

While prejudice to the party opposing modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  *Coleman*, 232 F.3d at 1295.

In *Coleman*, the Ninth Circuit considered whether a plaintiff who alleged only a disparate treatment theory of discrimination could amend her complaint at the summary judgment stage to advance a disparate impact theory of liability.  *Id.*, at 1291-92.  Affirming the trial court's decision that she could not, the Ninth Circuit observed that "[a] disparate impact theory, lacking the requirement that a plaintiff prove intent and focusing on statistical analysis, requires that the defendant develop entirely different defenses[.]"  *Id.*, at 1292.  In a similar manner, the City will be required to develop entirely new defenses to disparate impact claims asserted by the HOA.  Additional discovery will also be required with respect to the new claims alleging "continuing violations" of the FHA and the WLAD.

The Ninth Circuit has held that reopening discovery with resulting delay in the proceedings supports a finding of prejudice.  *Coleman*, 232 F.3d at 1294-95 (citing

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 9
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

*Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.")).  The prejudice that will result from the additional time, expenses, and resources required to defend new claims at this late stage of this lawsuit provide an additional reason to deny the HOA's motion.

B.  **The Court should deny the HOA leave to amend the complaint under Rule 15(a).**

Even if the HOA can establish "good cause" for relief from the scheduling order for purposes of Rule 16, amendment of the complaint is improper under Rule 15.  While leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), it "is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  "A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit."  *Id.*  Prejudice to the opposing party is the most important factor.  *Id.*

The plaintiffs in *Jackson*, like the HOA here, proposed amending the complaint to advanced new legal theories.  Affirming the trial court's denial of leave to amend, the Ninth Circuit noted that "[a]lthough the appellants have offered to reimburse the appellees for any additional discovery expenses the Bank incurs, their offer does not take into account the opportunity costs to the Bank when its officers spend time in the discovery process rather than engaging in their normal duties."  *Id.*, at 1388.  This observation is no less true here, although the

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF FROM CASE
SCHEDULE DEADLINES AND FOR LEAVE TO
AMEND COMPLAINT, DISPOSITIVE MOTION
DEADLINE AND THE TRIAL DATE - 10
NO. 2:19-cv-01130-RSL

HOA has not offered to reimburse the City for additional discovery that will be required to defend these claims.

In addition, the City has expended considerable time and effort to prepare and file a dispositive motion on the existing claims in accordance with the scheduling order. The HOA's efforts to evade resolution of this lawsuit by amending its claims after the completion of discovery and after the City has filed a dispositive motion impedes a resolution of this lawsuit and prejudices the City.

In *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002), the trial court denied a motion to amend a complaint because the motion was filed "only several days before the discovery cut-off and less than three months before trial was to commence." *Id.*, at 1087. The Ninth Circuit affirmed, noting that "[t]he requirement of additional discovery would have prejudiced Edison and delayed the proceedings." *Id.* The case for denying the HOA's motion under Rule 15 is stronger here than it was in *Edison*, because the HOA moved to amend its complaint *after* the discovery cutoff and *on* the dispositive motion deadline. *See also Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the district court's denial of motion to amend pleadings filed on the eve of the discovery deadline).

Finally, the Court should deny the HOA's motion to amend the complaint because the proposed amendments are futile for reasons set forth in the Court's prior ruling on the City's motion to dismiss and the City's own motion for summary judgment. (*See* Dkt. #57; Dkt. #92).

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 11
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

**C.     The Court should not grant the HOA additional time to answer the City's dispositive motion.**

Subsequent to the HOA filing its motion, the City stipulated to a request by the HOA for additional time to respond to the City's dispositive motion. (Dkt. #110).  The Court has granted the stipulated order.  (Dkt. #111).  The HOA's request for additional time to answer the City's dispositive motion should be denied as moot.

**D.     If the Court grants the HOA's motion for leave to file an amended complaint, the Court should order the HOA to bear the cost of additional discovery required by new claims alleged against the City.**

Should the Court grant the HOA's motions for relief from the scheduling order and for leave to amend its complaint, the Court should require the HOA to bear the cost of additional discovery necessitated by the amendments.  *See DeFrenza*, 345 F. Supp. 3d at 1256 (allowing amendment to complaint at summary judgment stage of lawsuit and shifting "the cost of any discovery (conducted by either party)" related to the new claims to the amending party); *Toungate v. Konica Minolta Business Solutions, USA, Inc.*, 2009 WL 596597 at *6 (W.D. Wash. March 9, 2009) (granting leave under Rule 15 to amend complaint; authorizing the defendant leave to take additional depositions; stating that "[d]efendant may also choose to file a request for reasonable costs associated with those depositions.").

## VI.     CONCLUSION

For the reasons set forth above, the HOA's motion should be denied.

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 12
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

DATED THIS 22nd day of March, 2021.

                    s/ QUINN N. PLANT
                    WSBA # 31339
                    Menke Jackson Beyer, LLP
                    *Attorneys for Defendant*
                    807 North 39th Avenue
                    Yakima, Washington 98902
                    Telephone: (509) 575-0313
                    Fax: (509) 575-0351
                    Email: qplant@mjbe.com

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 13
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| V. Omar Barraza | omar@barrazalaw.com |
| Christina L. Henry | chenry@hdm-legal.com |
| Mary E. Mirante Bartolo | mmbartolo@seatacwa.gov |
| Mark S. Johnsen | mjohnsen@seatacwa.gov |
| Seann Mumford | smumford@mjbe.com |
| Brendan W. Donckers | bdonckers@bjtlegal.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/ QUINN N. PLANT
WSBA #31339
Menke Jackson Beyer, LLP
*Attorneys for Defendant*
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: qplant@mjbe.com

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINES AND FOR LEAVE TO AMEND COMPLAINT, DISPOSITIVE MOTION DEADLINE AND THE TRIAL DATE - 14
NO. 2:19-cv-01130-RSL

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351