UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIRS HOME OWNERS ASSOCIATION.,

    Plaintiff,

v.

CITY OF SEATAC,

    Defendant.

NO. C19-1130RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM CASE MANAGEMENT DEADLINES

    This matter comes before the Court on plaintiff's "Motion for Relief from Case Schedule Deadlines and for Leave to Amend Complaint, Dispositive Motion Deadline, and the Trial Date." Dkt. # 104. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

    The deadline for amending pleadings was June 10, 2020. Dkt. # 20. The deadline for filing dispositive motions was March 9, 2021. Dkt. # 68. On the day the dispositive motions were due, plaintiff filed a motion to amend its complaint to set forth "new factual allegations, clarify legal claims, and delete other claims" purportedly in an effort to narrow and strengthen the claims that would be brought to trial. Dkt. # 104 at 7.

    Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court

ORDER GRANTING IN PART MOTION
FOR RELIEF FROM DEADLINES - 1

"may be modified only for good cause and with the judge's consent."[1] The deadline for amending the pleadings is set fairly early in the case so that the parties have a full and fair opportunity to focus their discovery on all relevant matters. Plaintiff has not shown good cause for the belated amendment. Not every supporting fact need be alleged in the complaint. To the extent plaintiff's complaint survived the motion to dismiss, it adequately put defendant on notice of the claims asserted, the basis for those claims, and the relief requested. No further change in the operative pleading is necessary for it to serve its basic purpose. To the extent plaintiff is seeking to allege a new claim or to reallege a claim that was previously dismissed, it offers no justification for waiting until the very end of discovery to seek leave to revive or add new claims. Plaintiff asserts only that facts were "confirmed" at the Rule 30(b)(6) deposition taken in early February 2021, but the facts appear to have been disclosed earlier in discovery. Good cause for an extension of the deadline has therefore not been shown, and the addition or renewal of these claims at this late date would undoubtedly require additional discovery. Nor is a desire to withdraw a claim good cause for an amendment: if plaintiff does not intend to pursue a

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

ORDER GRANTING IN PART MOTION
FOR RELIEF FROM DEADLINES - 2

particular claim, it can either agree to its dismissal on summary judgment or file a notice that the claim will not be pursued at trial.

Plaintiff also seeks an extension of the summary judgment deadline in light of its lead counsel's contraction of COVID-19 and his inability to assist in the litigation in the weeks immediately prior to the March 9, 2021, deadline. Plaintiff did not know until the end of the day on March 3rd that defendant would refuse a request for a stipulated extension of the dispositive motion deadline to accommodate Mr. Barraza's illness (Dkt. # 106-3 at 2), and it filed this motion four business days later. Good cause exists to extend plaintiff's deadline for filing a dispositive motion.

Although plaintiff has not attempted to justify an extension of the period in which to respond to defendant's timely-filed motion for summary judgment (Mr. Barraza reports that he and his office were back to work by March 10, 2021 (Dkt. # 105 at ¶ 10)), the noting periods for the various motions made it impossible to resolve plaintiff's motion to amend until the day the summary judgment response was due. Plaintiff shall, therefore, be given a brief extension of the response deadline.

//

//

//

ORDER GRANTING IN PART MOTION
FOR RELIEF FROM DEADLINES - 3

For all of the foregoing reasons, plaintiff's motion for relief from various deadlines (Dkt. # 104) is GRANTED in part and DENIED in part. Plaintiff's motion for leave to amend its complaint is denied. Plaintiff shall have until April 8, 2021, to file its motion for summary judgment and until April 12, 2021, to respond to defendant's pending motion for summary judgment. The Clerk of Court is directed to renote defendant's motion (Dkt. # 92) on the Court's calendar for Friday, April 16, 2021.

Dated this 29th day of March, 2021.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR RELIEF FROM DEADLINES - 4