UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRS HOME OWNERS ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SEATAC,<br><br>    Defendant. | Cause No. C19-1130RSL<br><br>ORDER DIRECTING ENTRY OF JUDGMENT |

On June 21, 2022, the Court dismissed all of plaintiff's remaining claims except a claim brought under RCW 49.60.215 ("WLAD Claim 6"). RCW 49.60.215 makes it an unfair practice for any person "to commit an act which directly or indirectly results in any distinction, restriction, or discrimination . . . , or the refusing or withholding from any person [] admission . . . in any place of public . . . assemblage . . . ." Plaintiff's WLAD Claim 6 was based on an October 25, 2016, statement by Deputy Mayor Pam Fernald at a public meeting:

> Okay. Well, so, what I'd like to say is that I don't think there's a person up here that doesn't understand what's happening and does not have – what word do I want to use – well, compassion. It's even more than compassion – is not broken-hearted that people will be displaced. But, what I want to make clear, and I've said this to guys when it came to the town meeting as well, you know, I think – I think you're getting some bad information, some bad advice. And so I – I respectfully request that you wouldn't come here and say it is up to us when we know, we all know, it's not up to us. We don't have any legal recourse. If we did, we'd be doing it. So, if somebody is telling you that, I mean we can't break the law. We can't

ORDER DIRECTING ENTRY OF JUDGMENT - 1

> break our law. We can't just change something on a whim at the last minute to fit what's going on. And, so, maybe I'm not expressing it correctly, but all I'm saying to you is, you know, with your signs and things, we get it but there's nothing we can do.

Dkt. # 126-8 at 16. Although the City did not move for summary judgment regarding WLAD Claim 6, the Court noted that there did not appear to be any evidence from which a reasonable jury could conclude that the City violated RCW 49.60.215. Deputy Mayor Fernald did not, as plaintiff alleges in the Amended Complaint, "admonish[] the residents not to come with 'your signs and things.'" Dkt. # 25 at ¶ 4.16. Rather, she acknowledged that, despite the residents' "signs and things," the City Council could not provide the relief requested of it: both the Acting City Manager and the Senior Assistant City Attorney had confirmed at the same meeting that the City Council had no role to play in the plan review process and did not have the authority to extend the appeal deadline set forth in the municipal code.

Plaintiff was given fourteen days to show cause why WLAD Claim 6 should not be dismissed. No response was filed by the deadline of July 5, 2022. For all of the foregoing reasons, WLAD Claim 6 is hereby DISMISSED. The pending motions to exclude expert testimony (Dkt. # 85, Dkt. # 88, and Dkt. # 102) are denied as moot and the Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 8th day of July, 2022.

Robert S. Lasnik
United States District Judge

ORDER DIRECTING ENTRY OF JUDGMENT - 2